UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated, 214 Woodlawn Road, Butler, Pennsylvania | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: C-1-02-0001 |
| AK Steel Corporation (Formerly ARMCO Inc.) Retirement Accumulation Pension Plan, a part of the AK Steel Corporation (Formerly ARMCO Inc.) Noncontributory Pension Plan, 703 Curtis Street, Middletown, Ohio 45043 | ) ) ) ) ) | District Judge Sandra S. Beckwith |
| and | ) ) | |
| AK Steel Corporation Benefit Plans Administrative Committee, 703 Curtis Street, Middletown, Ohio 45043 | ) ) ) ) | Magistrate Judge Jack Sherman, Jr. |
| Defendants. | ) ) | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUGGESTION OF ADDITIONAL AUTHORITY IN SUPPORT
OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff's "Suggestion of Additional Authority" filed on August 22, 2003 asserts that

"[v]irtually all of the arguments raised by the defendants in the instant case were rejected" by

the Seventh Circuit's recent decision in *Berger v. Xerox Corp Ret. Income Guar. Plan* Contrary to

plaintiff's assertion, defendants' principal arguments were not even considered, much less

rejected, in *Berger*.

Defendants' argument that ERISA section 204(c)(3) requires forward projection of an

account balance at *statutory* rates, not *plan* rates, is not addressed by the decision in *Berger*

because it was never raised by the *Berger* defendants.  Nor did the defendants in *Berger* point out that plaintiffs' interpretation of ERISA would create internal conflicts within ERISA, would mandate flagrant age discrimination, and would lead to a variety of absurd results.

Furthermore, the decision in *Berger* turned on the court's erroneous assumption that judicial deference is due to IRS Notice 96-8.  *See Berger*, 2003 U.S. App. Lexis 15427, *16 ("The Internal Revenue Service's Notice 96-8, cited earlier, is an authoritative interpretation of the applicable statutes and regulations. . . .")  That assumption is at odds with a recent decision of the U.S. Supreme Court as well as the law of the Sixth Circuit and the Southern District of Ohio (*see Defs. Opening Summary Judgment Memorandum* at pp. 33-37), and is further undercut by the Treasury Department's recent statements that it is "fundamentally reconsidering all aspects of IRS Notice 96-8" and will issue proposed regulations modifying its position with respect to lump sum payments by cash balance plans by December 2003.  *See Defendants' Notice of Recent Developments* (filed July 14, 2003).

The *Berger* decision is therefore distinguishable for the reasons set forth on pages 33-36 and 37-38 of defendants' opening summary judgment memorandum, filed in this Court on April 4, 2003.

Plaintiff also errs in asserting that *Berger* rejected the conclusion reached in *Lyons v. Georgia Pacific Corp. Salaried Employees Retirement Plan*, 196 F. Supp. 2d 1260, 1273 (N.D. Ga. 2002), that the Retirement Protection Act of 1994 ("RPA") eliminated a crucial underpinning of plaintiff's whipsaw claim.  There was no occasion for the *Berger* court to consider that question because the claims of the *Berger* class were not governed by the RPA.

The RPA was enacted in 1994, but the date on which it applies to a given pension plan varies depending upon the plan. In most cases, plan sponsors were entitled to elect to become subject to the RPA at any point between the date the Act was enacted and January 1, 2000. *See* ERISA § 205(g)(3)(B), 29 U.S.C. § 1055(g)(3)(B) (lump sums distributed before the beginning of the first plan year after December 31, 1999, may be determined under the terms of the plan in effect before the RPA was enacted); 26 U.S.C. § 417(e)(3)(B) (same). The Xerox plan elected to become subject to the RPA as of January 1, 2000,[1] but the members of the *Berger* class terminated their employment with Xerox *prior* to 2000. *See* 2003 U.S. App. Lexis 15427, *5 (plaintiff class only includes employees who left Xerox between 1990 and 2000). This is why the *Berger* decision cites the **1993** edition of the United States Code for the proposition that, "for pension plans of the vintage of the Xerox plan at issue in this case, the discount rate is the 'rate which would be used . . . by the Pension Benefit Guaranty Corporation for purposes of determining the present value of a lump sum distribution on plan termination.'" 2003 U.S. App. Lexis 15427, *7-8 (citing the 1993 edition of 26 U.S.C. § 417(e)(3)(B)). Once the RPA of 1994 becomes applicable to a plan, the relevant discount rate changes from P.B.G.C. rates to thirty-year Treasury rates, *see* ERISA § 205(g)(3)(A), 29 U.S.C. § 1055(g)(3); 26 U.S.C. § 417(e)(3)(A), and the underpinning of plaintiff's whipsaw claim disappears, *see Lyons*, 196 F. Supp. 2d. at 1271-73. Accordingly, plaintiff is flat wrong in suggesting that *Berger* addressed the effect of the RPA on whipsaw claims.

---

[1]  *See Berger v. Nazametz*, 157 F. Supp. 2d 998, 1010 n.13 (S.D. Ill. 2001) (noting that the Xerox plan adopted the so-called "GATT" rates specified in the RPA for distributions made on or after January 1, 2000).

Respectfully submitted,

_____

Michael A. Roberts (0047129)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45201-6464
(513) 621-6464

*Trial Attorney for Defendants*

Robert D. Wick
Stuart J. Evans
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC 20004-2401
(202) 662-6000

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendants' Response to Plaintiff's Suggestion of Additional Authority In Support of His Motion for Partial Summary Judgment has been served by U.S. Mail, postage prepaid on Allen C. Engerman, Law Offices of Allen C. Engerman. P.C., 666 Dundee Road, No. 1200, Northbrook, IL 60062, and Thomas R. Theado, Gary, Naegele, & Theado, 446 Broadway Avenue, Lorain, OH 44052-1797, counsel for the plaintiff, on this 8th day of September, 2003.

_____