```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION


JOHN D. WEST, on Behalf of        :
Himself and All Other Persons     :
Similarly Situated                :
                                  :
               Plaintiff,         :
                                  :
          vs.                     :   Case C-1-02-0001
                                  :
AK STEEL CORPORATION              :
RETIREMENT ACCUMULATION PENSION   :
PLAN, et al.                      :
                                  :
               Defendant.         :
```

ORDER

This matter is before the Court on Defendant's Motion for Entry of Judgment that Plaintiff's Claim is Time-Barred. (Doc. No. 20). Plaintiff filed a memorandum in opposition (Doc. No. 26) to which Defendants filed a reply (Doc. No. 30).

**Background**

This class action was brought by Plaintiff John D. West, on behalf of himself and other former participants of the AK Steel Corporation Retirement Accumulation Pension Plan ("the AK Steel Plan") against the AK Steel Plan and the AK Steel Corporation Benefit Plans Administrative Committee ("the AK Steel Committee"). Plaintiff alleges that the pension benefit he received under the AK Steel Plan was calculated in a manner that violated both the Employee Retirement Income Act of 1974 ("ERISA") and the Internal

1

Revenue Code.  (Doc. No. 1, ¶ 31).

The AK Steel Plan is a cash balance plan, a hybrid of a traditional defined benefits plan and a traditional defined contribution plan.  Under the terms of the AK Steel Plan, Plaintiff, while employed, had a hypothetical account which periodically increased by a specified percentage of his salary ("a compensation credit") plus an interest credit.  If Plaintiff had retired at age sixty-five, his pension benefit would have been the balance of the hypothetical account converted into a life annuity and/or a lump-sum disbursement.

Plaintiff, however, retired prior to age sixty-five.  Under the terms of the AK Steel Plan, Plaintiff could immediately receive his pension benefit in the form of a lump-sum disbursement or a life annuity.  Plaintiff chose to take an immediate lump-sum disbursement, which he received on August 1, 1997 in the amount $290,086.73.

On September 26, 2000, Plaintiff submitted a claim to the AK Steel Committee challenging the amount of his lump-sum disbursement.  (Doc. 31, Exh. 8).  Plaintiff argued that the Internal Revenue Code required that a benefit received before normal retirement age (usually age sixty-five) must be the actuarial equivalent of the benefit the participant would have received at normal retirement age.  According to Plaintiff, the lump-sum disbursement he received was not the actuarial equivalent

of the benefit he would have received at age sixty-five because it did not account for the interest credits that would have continued to accumulate under the terms of the AK Steel Plan if he had waited until age sixty-five to retire.

The AK Steel Committee rejected Plaintiff's challenge on the grounds that (1) Plaintiff's claim was submitted beyond the ninety-day time limit provided for in the AK Steel Plan and (2) Plaintiff was paid the full amount due him under the terms of the AK Steel Plan. (Doc. 31, Exh. 12). Plaintiff appealed the decision and it was denied by the AK Steel Committee on the same grounds. (Doc. 31, Exhs. 13 & 14).

On January 2, 2002, Plaintiff filed an action alleging a violation of ERISA and the Internal Revenue Code. (Doc. No. 1). On July 22, 2002, AK Steel filed the current motion asking for judgment as a matter of law because Plaintiff's action is time-barred. (Doc. No. 20).

## Discussion

Defendants argue that they are entitled to judgment in this action because it is time-barred. While Defendants' present their argument as a time-bar issue, they are not arguing that the action is time-barred in the traditional sense, *i.e.*, that it was filed outside the statute of limitations. Rather, Defendants argue that the action is time-barred because Plaintiff did not submit an administrative claim questioning the amount of his benefit within

the time limit specified in the AK Steel Plan, and therefore, under the express terms of the AK Steel Plan, Plaintiff has "waived and abandoned" his claim and may not assert it in a legal action.

AK Steel has not cited to nor has the Court found any case law describing the language required in order for an ERISA plan provision to constitute an express waiver of a claimant's right to bring a legal action. The Court assumes that this lack of case law is due to the fact that a claimant's failure to comply with administrative plan procedures and time limits is generally analyzed under an exhaustion of remedies analysis rather than a waiver analysis. Defendants, however, treat waiver and exhaustion of administrative remedies as two separate and distinct issues. Therefore, the Court will discuss these issues separately.

I.  **Wavier**

    a.  **Standard of Review**

An initial issue raised by Defendants' motion is the appropriate standard of review for the Court to employ when deciding their motion. Defendants argue the Court should use the "arbitrary and capricious" standard of review because the AK Steel Plan expressly grants the plan administer, the AK Steel Committee, the discretion to construe and administrator the AK Steel Plan. *See Hunter v. Caliber System, Inc.,* 220 F.3d 702, 710 (6th Cir. 2000)("[W]here the plan clearly confers discretion upon the administrator to determine eligibility or construe the plan's

provisions, the determination is reviewed under the 'arbitrary and capricious' standard."); *see also, Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998). Defendants' argument would be entirely correct if the issue before the Court involved a decision or action by the AK Steel Committee, such as the AK Steel Committee's determinations that Plaintiff's administrative claim was untimely or that the amount of Plaintiff's benefit was calculated correctly under the terms of the plan.

However, the issue raised by Defendants' motion is whether the AK Steel Plan contains an express waiver of the Plaintiff's right to bring a legal action, which was triggered by Plaintiff's failure to comply with the AK Steel Plan time limits. The AK Steel Committee did not make any decisions or take any actions with respect to the question of whether Plaintiff's untimely claim resulted in a waiver of his right to bring a legal action[1] Thus, there is no decision or action by the AK Steel Committee for this Court to review. Consequently, the *de novo* standard, rather than the arbitrary and capricious standard, is the appropriate standard of review when deciding whether the AK Steel Plan contains an express waiver of claimant's right to bring legal action. *See Hunter*, 220 F.3d at 712 (suggesting that a deferential standard of

---

[1] Arguably, the AK Steel Committee would never be in a position to make any decisions or take any actions with respect to this issue because the question of whether a claimant could bring a legal action would not arise in the administration of the AK Steel Plan.

review for a plan interpretation is only appropriate when a plan administrator actually interprets a plan (*citing Moench v. Robertson*, 62 F.3d 553, 567 (3rd Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996)).

    b.  **AK Steel Plan Provision**

Section 2.15(f) of the AK Steel Corporation Noncontributory Pension Plan[2] is the provision that Defendants argue acts as an express waiver. It provides as follows:

> Any claim questioning the amount of a benefit filed ***more than 90 days*** following the date of the first payment which would be adjusted if such claim were granted may be rejected as untimely except upon a showing satisfactory to the Committee of extenuating circumstances accounting for the delay in filing the claim; provided, however, that the Plan expressly reserves to the Committees the right and the power to review any claim made at any time, whether within the time for filing such claim or not, or to provide an interpretive opinion relating to any provision of the Plan or Trust or with reference to any factual situation. ***A claimant who does not submit a written claim or request for review within the time limitations specified above shall be deemed to have waived and abandoned any such claim or right of review except*** without the express approval of and in the discretion of the Committee.

(Doc. No. 31, Exh. 3, § 2.15(f))(emphasis added). Defendants contend that §2.15(f) establishes the time limit to bring a claim questioning the amount of a benefit and also establishes that if the claim is not brought within the requisite time limit, it is

---

[2]Section 2.15(f) of the AK Steel Corporation Noncontributory Pension Plan is incorporated by reference into the AK Steel Plan. (Doc. No. 31, Exh. 2, § 10.6).

"waived and abandoned" and may not be asserted in a subsequent legal action. Plaintiffs disagree, arguing that while §2.15(f) controls the administrative claims process, it does not apply to a claimant's right to bring a subsequent legal action.

Because the AK Steel Plan is governed by ERISA, this Court will interpret the plan language using the rules of contract construction established by the federal common law. *Perez*, 150 F.3d at 556. These rules are derived, in part, from state law and general contract law principles. *Id.* One of the overriding rules of ERISA plan construction is that plan language should be interpreted according to its "plain meaning, in an ordinary and popular sense." *Id.* Furthermore, "[i]n applying this plain meaning analysis, [the Court] 'must give effect to the unambiguous terms of [the] ERISA plan.'" *Id. (quoting Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1379 (6th Cir. 1996)).

Upon review of § 2.15(f), the Court tends to agree with Plaintiff that it only applies to administrative claims rather than the right to bring an outside legal action. The entire provision appears to be directed at establishing the time limit for submitting an administrative claim and establishing the conditions under which the AK Steel Committee would review an untimely administrative claim.

Defendants, in support of their argument that § 2.15(f) acts as a waiver of the right to bring legal action, point to the fact that

the opening sentence of the provision sets the time limit and establishes that an untimely claim may be rejected by the AK Steel Committee. Defendants argue that because the opening sentence includes the time limitation **_and_** the authorization to reject an untimely administrative claim, the second sentence must apply to something more than an administrative claim, otherwise the second sentence of §2.15(f) would be "mere surplusage". According to Defendants, that "something more" is the right to bring a legal claim[3] in court. The Court disagrees.

While the opening sentence of the § 2.15(f) clearly applies to administrative claims, the second sentence of the provision also appears to apply to administrative claims. The beginning of the second sentence refers to "[a] claimant who does not submit a written claim or request for review". This phrase is clearly referring to an administrative claim rather than a legal claim because a legal claim is not "submitted" to a court, it is "filed" with a court. *See* Fed. R. Civ. P. 3. Furthermore, a legal action filed with a court is generally not referred to as a "request for review". Finally, the express requirement in § 2.15(f) that a claim must be written (rather than verbal) indicates that the phrase is referring to an administrative claim rather than a legal

---

[3]The term "claim" in the context of Defendants' motion has two potential meanings — (1) an administrative claim submitted to the AK Steel Committee questioning the amount of a benefit and (2) a legal claim (*i.e.*, cause of action) asserted in a legal action.

claim because a legal claim, by its very nature, is written and thus, there is no need to expressly require that it be written.

This brings the Court to the end of the second sentence of § 2.15(f), which includes the alleged waiver language. It states that a claimant who does not comply with the time requirements "shall be deemed to have waived and abandoned ***any such claim or right of review***. . ." By the use of the term "any such", the highlighted phrase is referring to the "claim or right of review" referenced in the beginning of the second sentence, which, as already explained above, is referring to an administrative claim rather than a legal claim. Thus, the type of claim that is "waived and abandoned" by failing to comply with the requisite time limit is an administrative claim.

Additionally, the Court does not agree that the second sentence of § 2.15(f) would be "mere surplusage" if it was interpreted as only referring to an administrative claim. The second sentence of the provision adds additional requirements to the administrative claims process not included in the first sentence such as (1) the claim or request for review must be written, (2) the Committee's decision to review must be express, and (3) the decision of the Committee to review is discretionary.

Thus, the Court concludes that the provisions of § 2.15(f) apply to administrative claims only and do not affect a claimant's right to bring a subsequent legal action. However, even if the

Court found that § 2.15(f) was ambiguous and could be interpreted as applying to legal claims, it would still adopt Plaintiff's interpretation under the doctrine of *contra proferentum,* which requires that contract language that is subject to more than one interpretation will be interpreted against the drafter.  *See Marquette General Hospital v. Goodman Forest Industries*, 315 F.3d 629, 632 (6th Cir. 2003).

Finally, although not determinative to the Court's conclusion on this issue, it is worth noting that Defendants cite to a number of cases that stand for the proposition that an ERISA plan can contain a contractual limitation that shortens that statute of limitations for bringing a legal action.  In all of these cases, the contractual limitations were clearly referring to the institution of a legal action.  *Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F.3d 1301, 1302-03 (11th Cir. 1998)(Plan stated "no legal action may be commenced or maintained against the Plan . . . more than ninety (90) days after the Plan Trustees' decision on review."); *Santino v. Provident Life and Accident Ins. Co.,* 276 F.3d 772, 774 (6th Cir. 2001)(Court quoted plan language as "[n]o [legal] action may be brought after three years from the time written proof of loss is required to be given."); *Clark v. NBD Bank,* 3 Fed.Appx. 500, 502 (6th Cir. 2001)(Court quoted plan language as "[n]o such action [at law or in equity] shall be brought after the expiration of three

years after the time written proof of loss is required to be furnished."). In this case, where Defendants' interpretation of the plan language acts as a complete bar on the right of Plaintiff to bring a legal action, the Court would expect the plan language to be equally unambiguous.

For these reasons, the Court concludes that § 2.15(f) does not constitute a wavier of Plaintiff's right to bring a legal action.

## II. Exhaustion of Remedies

The Court will now address Defendants' motion under an exhaustion of administrative remedies analysis.[4] It is well-settled law that although "ERISA does not explicitly require exhaustion of administrative remedies, '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994)(quoting *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). However, it is equally well-settled that exhaustion of administrative remedies is not required "'when resort to the administrative route is futile or the remedy inadequate.'" *Id.* (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). The determination of whether resort to the administrative process would be futile is within the sound discretion of the district

---

[4] Plaintiff, rather than Defendants, raised the exhaustion of remedies issue in his memorandum in opposition. Defendants addressed the issue in their reply memorandum.

court and will only be reviewed for an abuse of discretion. *See id.* at 974. Plaintiff argues that his case falls into the futility exception.[5]

The *Costantino* case is the leading Sixth Circuit case on the futility exception. 13 F.3d at 969. It involved a challenge by a class of retirees to the calculation of benefits under an ERISA retirement plan. *Costantino*, 13 F.3d at 972-73. The challenge arose as a result of the retirees' former employer amending the plan to comply with the 1986 Tax Reform Act, which ultimately altered the manner in which the retirees' benefits were calculated. *Id.* The district court concluded that the issue in the case involved the legality of the amendments to the plan rather than the

---

[5]Plaintiff's argument is somewhat confusing because it is based on two separate theories — 1) that exhaustion was futile because the AK Steel Committee rejected Plaintiff's untimely administrative claim on the merits and (2)that exhaustion was not required because Plaintiff's claim was based on statutory rights.

While the Sixth Circuit has not directly addressed the issue of whether legal claims based on statutory rights are exempt from the exhaustion requirement, it has suggested that such claims are not exempt from this requirement. In *Costantino*, the defendant made the argument "that simply because Plaintiffs' claims are founded on statutory rights does not preclude exhaustion of administrative remedies." 13 F.3d at 974. In response to this argument, the Court stated that "[t]raditional exhaustion principles . . . include an exception . . . 'when resort to the administrative route is futile or the remedy inadequate'." *Id.* Thus, it appears the Court agreed that exhaustion of administrative remedies was still required when a claim was based on statutory rights but also considered this as a factor in its determination of whether the exhaustion requirement should be excused under the futility exception. Thus, the Court, in this case, will treat Plaintiff's arguments as two factors supporting a finding of futility rather than two separate legal theories.

interpretation of the plan itself. *Id.* at 975. As such, the district court found, and the appellate court agreed, that resort to the administrative process would merely result in the benefits of the individual members being recalculated with the same result. *Id.* Thus, the district court and the appellate court concluded that resort to the administrative process would be futile and thus, not required. *Id.*

In this case, as in *Costantino*, Plaintiff is attacking the method by which the AK Steel Plan calculates certain benefits. Specifically, Plaintiff claims that an early retirement lump-sum disbursement, as calculated under the AK Steel Plan, is not the actuarial equivalent of a normal retirement age benefit. Plaintiff is not disputing that the AK Steel Committee calculated his benefit in accordance with the terms of the AK Steel Plan. Rather, he is arguing that the plan itself violates ERISA. Thus, resort to the administrative process would have been futile because the AK Steel Committee would have simply recalculated the benefits under the method outlined in the AK Steel Plan resulting in the same benefit amount. This outcome is confirmed by the AK Steel Committee's response to Plaintiff's untimely administrative claim in which the AK Steel Committee found that Plaintiff's lump-sum disbursement was calculated in accordance with the terms of the AK Steel Plan.

In response to Plaintiff's futility argument, Defendants assert that "Plaintiff's violation of section 2.15(f) should not be

excused under the futility exception because Plaintiff waited until it was too late to file an administrative claim before asserting his claim at all." Defendants' argument might have some merit if Plaintiff's futility argument was based on the expiration of the time limit for filing his administrative claim. Clearly, if Plaintiff were arguing that resort to the administrative process would be futile because the time for submitting an administrative claim had expired, application of the futility exception would be inappropriate.[6]

Plaintiff's futility argument is not, however, based on the fact that his administrative claim would be, and in fact was, rejected as being untimely. Rather, Plaintiff's futility argument is based on his position that the provisions of the AK Steel Plan violate ERISA and the Internal Revenue Code and that no amount of administrative review would alter the calculation of benefits under

---

[6]In *Sanfilippo v. Provident Life and Casualty Ins.*, 178 F.Supp.2d 450, 459 (S.D.N.Y. 2002), a case relied upon by Defendants, the court found that the futility exception did not apply, stating that "by reason of Plaintiff's own failure to challenge timely the contested decision, no administrative remedies are available. . . that is not futility within the meaning of the doctrine . . ." The court gave no indication that the plaintiff's futility argument was based on any other grounds except the fact that the plaintiff was time-barred from resorting to the administrative process.

the current terms of the plan.[7] [8]

The Court is unaware of any requirement that a claimant need even attempt to resort to administrative remedies before raising and prevailing on a futility argument. Presumably, Plaintiff could have raised his futility argument even if he had never attempted to challenge his benefit calculation through the administrative claims process. Because Plaintiff's futility argument is not based on the fact that his administrative claim was rejected as untimely, the untimeliness of his administrative claims is irrelevant to the Court's determination of futility. *See Allen v. Unionmutual Stock Life Ins. Co.,* 989 F.Supp. 961, 964 (S.D. Ohio 1997)(plaintiff's failure to submit a timely administrative appeal did not preclude the court from analyzing her futility argument based on other

---

[7]Plaintiff's position that further administrative review would not alter the outcome is bolstered by the AK Steel Committee's determination that Plaintiff's pension benefit was properly calculated under the terms of the AK Steel Plan.

[8]Defendants' also cite extensively to the case of *Terry v. Bayer Corp.*, 145 F.3d 28 (1st Cir. 1998), in support their argument. The Court does not find the *Terry* case helpful in this instance because it involved the review of the plan administrator's decision that the plaintiff's administrative appeal was untimely. *Id.* at 40. In finding that the plan administrator's decision was not "arbitrary and capricious", the court expressly stated that the plaintiff had "not attempted to make any showing of futility or inadequacy" with respect to the plan's internal appeal process. *Id.* The portion of the opinion cited by Defendants stands for the proposition that a claimant does not satisfy the exhaustion requirement if he submits an administrative appeal but does so in an untimely manner. *Id.* In this case, Plaintiff has never argued that his untimely administrative claim satisfied the exhaustion requirement.

grounds).

Consequently, the Court finds that Plaintiff has sufficiently demonstrated that exhaustion of his administrative remedies would have been futile, and his ERISA claim is, therefore, excused from the exhaustion of administrative remedies requirement.

### III. Conclusion

For all the foregoing reasons, the Court **DENIES** Defendants' Motion for Entry of Judgment that Plaintiff's Claim is Time-Barred (Doc. No. 20).

**IT IS SO ORDERED**

Date December 3, 2003        /s Sandra S. Beckwith
                             Sandra S. Beckwith
                             United States District Judge