```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION


JOHN D. WEST, on Behalf of        :
Himself and All Other Persons     :
Similarly Situated                :
                                  :
           Plaintiff,             :
                                  :
      vs.                         :   Case C-1-02-0001
                                  :
AK STEEL CORPORATION              :
RETIREMENT ACCUMULATION PENSION   :
PLAN, et al.                      :
                                  :
           Defendant.             :
```

## ORDER

This matter is before the Court on Plaintiff's Motion for Class Certification. (Doc. No. 15). Defendant filed a memorandum in opposition (Doc. No. 22) to which Plaintiff filed a reply (Doc. No. 27).

## Background

This action was brought by Plaintiff John D. West, on behalf of himself and other former participants of the AK Steel Corporation Retirement Accumulation Pension Plan ("the AK Steel Plan") against the AK Steel Plan and the AK Steel Corporation Benefit Plans Administrative Committee ("the AK Steel Committee"). Plaintiff West alleges that the pension benefit he received under the AK Steel Plan was calculated in a manner that violated both the Employee Retirement Income Act of 1974 ("ERISA") and the Internal Revenue Code. (Doc. No. 1, ¶ 31).

The AK Steel Plan is a cash balance plan, a hybrid of a traditional defined benefits plan and a traditional defined

contribution plan. Under the terms of the AK Steel Plan, Plaintiff West, while employed, had a hypothetical account which periodically increased by a specified percentage of his salary ("a compensation credit") plus an interest credit. If Plaintiff West had retired at age sixty-five, his pension benefit would have been the balance of the hypothetical account converted into a life annuity and/or a lump-sum disbursement.

Plaintiff West, however, retired prior to age sixty-five. Under the terms of the AK Steel Plan, Plaintiff West could immediately receive his pension benefit in the form of a lump-sum disbursement or a life annuity. Plaintiff West chose to take an immediate lump-sum disbursement, which he received on August 1, 1997 in the amount $290,086.73.

On September 26, 2000, Plaintiff West submitted a claim to the AK Steel Committee challenging the amount of his lump-sum disbursement. (Doc. 31, Exh. 8). Plaintiff West argued that the Internal Revenue Code required that a benefit received before normal retirement age (usually age sixty-five) must be the actuarial equivalent of the benefit the participant would have received at normal retirement age. According to Plaintiff West, the lump-sum disbursement he received was not the actuarial equivalent of the benefit he would have received at age sixty-five because it did not account for the interest credits that would have continued to accumulate under the terms of the AK Steel Plan if he

had waited until age sixty-five to retire.[1]  Plaintiff West's claim was rejected at the administrative level.  (Doc. 31, Exhs. 12-14).

On January 2, 2002, Plaintiff West, on behalf of himself and all others similarly situated, filed an action alleging violations of ERISA and the Internal Revenue Code.  (Doc. No. 1).  On May 2, 2002, Plaintiff West filed a motion requesting that this action be certified as a class action.  (Doc. No. 15)

### Discussion

Plaintiff West asks the Court to certify the following plaintiff class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

> All vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995 and received their pension benefits under the Plan in the lump sum form of payment.

(Doc. No. 1, ¶ 7).

**A.    Rule 23(a)**

Rule 23(a) sets forth four requirements for the certification of a class.  The proposed class representative must establish that each of the four requirements is satisfied with respect to the proposed class. *See In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *Kutschbach v. Davies*, 885 F. Supp. 1079, 1083 (S.D. Ohio 1995).  Within the

---

[1] A calculation that accounts for these interest credits is commonly referred to as a "whipsaw calculation".

framework of Rule 23, the Court has broad discretion to determine whether an action is maintainable as a class action. *See Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance*, 677 F.2d 1125, 1135 (6th Cir. 1982). The four requirements are as follows:

> (1) the members of the class must be so numerous that joinder of all members is impracticable (the "numerosity requirement");
>
> (2) questions of law or fact must be common to the entire class (the "commonality requirement");
>
> (3) the claims or defenses of the named representative must be typical of the claims or defenses of the class (the "typicality requirement"); and
>
> (4) the named representative must fairly and adequately represent the interests of the class as a whole (the "adequacy of representation" requirement).

In determining whether to certify a class, the Court must not consider the merits of the action. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). For purposes of a class certification motion, the Court must accept as true the allegations of the complaint. *See Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 661 n.15 (2d Cir. 1978); *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). The Court "may consider reasonable inferences drawn from facts before [it] at that stage of the proceedings." *Senter*, 532 F.2d at 523. Plaintiff West argues that each of the requirements of Rule 23(a) are satisfied in the present case.

**1. Numerosity**

To satisfy Rule 23(a)(1), Plaintiff West must establish that "the class is so numerous that joinder of all members is impracticable." The numerosity requirement does not impose an absolute numerical limitation. *See General Telephone Co. v. EEOC*, 446 U.S. 318, 330 (1980); *Kutschbach*, 885 F. Supp. at 1084. Rather, the Court must examine the facts of the case and determine whether Plaintiff West will suffer distinct litigational hardship or inconvenience if joinder is required. *See Kutschbach*, 885 F. Supp. at 1084.

In this case, the putative class numbers in the hundreds.[2] Clearly, a class of this size satisfies the numerosity requirement, and Defendants do not dispute class certification on this basis. *See e.g., Thonen v McNeil-Akron, Inc.*, 661 F.Supp. 1271, 1273 (N.D. Ohio 1986)(a class with 79 members meets the numerosity requirement)  Thus, the Court finds that the requirement of Rule 23(a)(1) is met in this case.

**2. Commonality**

To satisfy Rule 23(a)(2), Plaintiff West must establish that "there are questions of law or fact common to the class." The commonality requirement is satisfied "as long as the members of the class have allegedly been affected by a general policy of the defendant and the general policy is the focus of the litigation."

---

[2]In their discovery responses, Defendants indicated that "approximately 700 individuals who retired or was terminated with a vested benefit since January 1, 1995 received a lump sum equal to the value of their account balances." (Doc. 27, p.3).

*Kutschback*, 885 F.Supp. at 1084 (quoting *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D. Ohio 1992)).

Plaintiff West alleges that the following questions of law are common questions of law affecting the rights of all members of the putative class:

- whether defendants' distributions of lump sum benefits to the named plaintiff and other class members violated the requirement of ERISA § 204(c)(3), 29 U.S.C. § 1054(c)(3);

- whether defendants' distributions of lump sum benefits to the named plaintiff and other class members violated the requirement of I.R.C. § 417(e), 26 U.S.C. § 417(e); and

- whether defendants violated Section 1.2 of the Plan (and applicable provisions of ERISA and the Internal Revenue Code) by issuing distributions that were less than the participants' "accrued benefits" determined in accordance with that section.

These questions are the individual components of the larger question of whether Defendants' failure to engage in a whipsaw calculation with respect to the class members' lump-sum disbursements violated ERISA and the I.R.C. Defendants do not dispute, and the Court agrees, that this is a common question of law that affects the rights of all the members of the putative class. Thus, the Court finds that the commonality requirement of Rule 23(a)(2) is met in this case.

### 3. Typicality

To satisfy the typicality requirement of Rule 23(a)(3), Plaintiff West must establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality requirement ensures "that the claims of the

class members are so interrelated that the interests of the absent class members will be protected." *Kutschback*, 885 F.Supp. at 1085.

Liability in this case will depend entirely on whether or not Defendants were required to engage in a whipsaw calculation when determining the amount of Plaintiff West's and the other class members' lump-sum disbursements. Except for the calculation of damages, facts specific to individual class members will not be relevant to resolving the claims of Plaintiff West and the other class members. Because the claims asserted by Plaintiff West and the class are not fact specific, Plaintiff West's claims and defenses are the same as those of the other class members. Consequently, the Court finds that the typicality requirement of Rule 23(a)(3) is met in this case.

**4. Adequacy of Representation**

To satisfy the requirement of Rule 23(a)(4), Plaintiff West must establish that "the representative parties will fairly and adequately protect the interests of the class." In assessing the adequacy of representation, the Court must consider whether Plaintiff West shares sufficient common interests with class members and whether he will vigorously prosecute the class's interests through qualified counsel. *See Senter*, 532 F.2d at 524-25; *Kutschbach*, 885 F. Supp. at 1085. In assessing the vigor of representation, the Court may consider the resources of the representative and his counsel and their ability to investigate claims and identify other class members. *See Kutschbach*, 885 F.

Supp. at 1085; *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 66 (S.D. Ohio 1991).

In this case, Plaintiff West has named himself as the sole class representative. Defendant argues that Plaintiff West cannot adequately represent the class because his claims are time-barred. Defendants' time-bar argument was addressed in this Court's ruling on Defendants' separately filed motion to dismiss. (Doc. No. 51). The Court concluded that Plaintiff West's claims were not time-barred, and therefore, Defendants' argument that the class cannot be certified on this basis is moot.

Plaintiff West shares sufficiently common interests with the class, as defined, to advance the interests of all of the proposed class members. The Court is also persuaded that Plaintiff West would vigorously prosecute the class' interests through qualified counsel. Thus, the Court concludes that the adequacy of representation requirement of Rule 23(a)(4) is satisfied.

**B.  Rule 23(b)(3) Requirements**

If the proposed class representative establishes that each of the requirements of Rule 23(a) is satisfied, he must also demonstrate that the class is an appropriate one for certification under one of the three subsections of Rule 23(b). *See Kutschbach*, 885 F. Supp. at 1083-84. Plaintiff West urges the Court to certify the proposed class pursuant to Rule 23(b)(3), which requires, in addition to the four requirements of Rule 23(a), a showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members,

and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

As previously discussed, liability in this case will turn entirely on the issue of whether Defendants were required to engage in a whipsaw calculation when determining the lump-sum disbursements of the class members. Thus, it would appear that this issue will predominate over any other issues affecting individual class members. Defendants disagree, arguing that individual class issues of timeliness and damages will overshadow the whipsaw calculation issue. Defendants' argument is not persuasive.

As already explained, Defendants' argument regarding timeliness is moot in light of the Court's ruling on Defendants' dismissal motion. With respect to damages, the Court agrees that individualized proof, presumably of employment terms and length of employment, will be required to calculate damages. The Court does not find, however, that the need for such proof precludes class certification. Numerous ERISA cases which have involved damages based on individual employment terms have proceeded as class actions. *Rybarczyk v. TRW, Inc.*, 235 F.3d 975 (6th Cir. 2001); *Constantino v. TRW, Inc.*, 13 F.3d 969 (6th Cir. 1994); *Berger v. Xerox*, 338 F.3d 755 (7th Cir. 2003). These cases, like the present case, involved a rote calculation of damages based on individual employment terms. In such cases, adequate procedures were developed to oversee the calculation of damages on a class-wide basis. (Doc. No. 27, Attch. 2 and 3). The Court does not see any

reason why such procedures could not be employed in this case in the event Defendants are found liable. Therefore, the need for individualized proof with respect to damages does not preclude this action from proceeding as a class action.

Furthermore, given the size of the putative class and the fact that liability in this case turns on a single question of law, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. To require individual lawsuits would simply result in duplicitous proceedings which would waste precious judicial resources and cause the parties to incur unnecessary costs.

Therefore, because Plaintiff West has established that a common question of law predominates over any questions affecting only individual members and that a class action is a superior method of adjudication, the Court finds that the requirements of Rule 23(b)(3) are satisfied.

## Conclusion

Because Plaintiff West has established that the requirements of Rule 23(a) and 23(b)(3) are satisfied, Plaintiff's Motion for Class Certification (Doc. No. 15) is hereby **GRANTED**.

**IT IS SO ORDERED**

Date_March 9, 2004_            /s Sandra S. Beckwith
                               Sandra S. Beckwith
                               United States District Judge