UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated, 214 Woodlawn Road, Butler, Pennsylvania<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>AK Steel Corporation (Formerly ARMCO Inc.) Retirement Accumulation Pension Plan, a part of the AK Steel Corporation (Formerly ARMCO Inc.) Noncontributory Pension Plan, 703 Curtis Street, Middletown, Ohio 45043<br><br>　　And<br><br>AK Steel Corporation Benefit Plans Administrative Committee, 703 Curtis Street, Middletown, Ohio 45043<br><br>　　　　　　Defendants. | Case No.: C-1-02-0001<br><br>Judge: Hon. Sandra S. Beckwith |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
CLAIMS UNDER *CROSBY v. BOWATER***

Defendants, AK Steel Corporation and AK Steel Corporation Benefits Plan Administrative Committee, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss plaintiffs' claim under *Crosby v. Bowater, Inc. Retirement Plan*, – F.3d –, 2004 WL 2002267 (6th Cir. Sept. 9, 2004)(*attached as Exhibit 1*).  For the reasons set forth in the accompanying Memorandum this Court should grant Defendants' motion in its entirety.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s Michael A. Roberts_____

Michael A. Roberts (0047129)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201-6464
(513) 621-6464
*Trial Attorney for Defendants*

Robert D. Wick
Samuel S. Heywood
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC  20004-2401
(202) 662-6000
*Attorneys for Defendants*

## MEMORANDUM IN SUPPORT

Defendants move to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure pursuant to the Sixth Circuit's recent decision in *Crosby v. Bowater, Inc. Retirement Plan*, – F.3d –, 2004 WL 2002267 (6th Cir. Sept. 9, 2004) (*attached as Exhibit 1*).  In *Crosby*, the court of appeals dismissed a "whipsaw" claim on the ground that ERISA § 502(a)(3) does not authorize suits for money damages to redress statutory violations of ERISA.  Plaintiffs here seek precisely what *Crosby* forbids: an award of money damages under ERISA § 502(a)(3) to redress an alleged statutory violation of ERISA.  Under *Crosby*, plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.

I.   *Legal Analysis.*

   A.   <u>Plaintiffs Cannot Proceed Under ERISA § 502(a)(3)</u>.

The claims in this case cannot be meaningfully distinguished from the claims dismissed by the Sixth Circuit in *Crosby v. Bowater*.  Here, as in *Crosby*, plaintiffs seek money damages rather

2

than equitable relief, but the ERISA provision under which they proceed authorizes only equitable relief.

The plaintiff in *Crosby* began by filing an administrative claim against the Bowater Incorporated cash balance plan, arguing that the Bowater plan should have used a whipsaw calculation to calculate his lump sum payment of benefits. *Crosby*, 2004 WL 2002267 at 3.[1] The Bowater plan agreed to perform a whipsaw calculation, but the plan did not perform the calculation to Crosby's satisfaction. Specifically, the Bowater plan used a "pre-retirement mortality discount" – a discount reflecting the probability that Crosby would die before reaching retirement age – in performing the whipsaw calculation. *Id*. Crosby claimed that the use of a pre-retirement mortality discount violated ERISA § 203 and resulted in an underpayment to Crosby of $5,249. *Id. at 2-4*.

Crosby sued to recover the alleged underpayment under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a plan participant to bring an action:

> (A) to <u>enjoin</u> any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate <u>equitable relief</u> (i) to redress such violation or (ii) to enforce any provision of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (*emphasis added*). The district court agreed that Crosby had been underpaid and ordered the Plan to pay him an additional $5,249. *Crosby, supra, at 5*. The court also certified a class of similarly-situated plan participants and ordered like relief for the class. *Id*.

The Sixth Circuit reversed without reaching the merits of Crosby's claim. The court reasoned that, notwithstanding Crosby's efforts to characterize his claim as a request for "equitable

---

[1]   Page references for *Crosby* refer to the Westlaw printout attached hereto.

relief," his attempt to recover an alleged underpayment of $5,249 was in substance an attempt to recover money damages – a form of *legal* relief not authorized by ERISA § 502(a)(3). *Crosby, supra, at 5-7.* The Sixth Circuit, therefore, vacated and remanded the case with instructions to dismiss. *Id. at 7-8.*

The Sixth Circuit's decision rested on the Supreme Court's earlier decisions in *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993), and *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). *Mertens* is the seminal Supreme Court decision holding that ERISA § 502(a)(3) authorizes courts to award only those forms of relief that were "<u>typically</u> available in equity . . . ." 508 U.S. at 256-57 (emphasis in original). *Mertens* identified "injunction, mandamus, and restitution, but not compensatory damages," as examples of relief typically available in equity. *Id.*

*Great-West* applied the holding in *Mertens* to an action in which a benefit plan sought to recoup the costs of certain medical care previously provided to a plan participant. The participant, Janette Knudson, received $411,000 in medical care from the plan as a result of injuries she sustained in an automobile accident. *534 U.S. at 207-09.* When Knudson later obtained a $650,000 settlement from the manufacturer of her automobile, the plan asked for reimbursement for the cost of her care pursuant to a reimbursement provision in the plan document. *Id.* Knudson refused to pay, and the plan's insurer, standing in the shoes of the plan, filed suit against her under ERISA § 502(a)(3). *Id.*

The Supreme Court concluded that the plan's insurer had failed to state a claim for relief under § 502(a)(3). According to the Court, the insurer was "seek[ing], in essence, to impose personal liability on respondents for a contractual obligation to pay money – relief that was not typically available in equity." *Great West*, 534 U.S. at 210. "'Almost invariably,'" the Court

4

continued, "'suits seeking (whether by judgment, injunction or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'" *Id.* (citation omitted). The Court thus held that the relief sought by the insurer failed to qualify as "equitable" relief "under the standard set by *Mertens*." *Id.*

The Sixth Circuit found *Great-West* to be dispositive of the claim in *Crosby*. *See Crosby*, *supra*, at 7 ("While *Harris Trust* is readily distinguishable from the case now before us, *Great-West*, in our judgment, is not.") Although Crosby tried to side-step *Great-West* by characterizing his claim as one for "restitution" or a "constructive trust" – remedies that were typically available in equity – the court of appeals rejected these arguments as an attempt to elevate form over substance. *Id. at 6-7*. At bottom, the court viewed Crosby's claim as asserting "that the defendant owes him money and has refused to pay the debt. . . ." *Id. at 2*. "[I]f we were to say that such an action qualifies as a suit in equity," the court observed, "we should be giving the words used by Congress in § 502(a)(3) a meaning that *Great-West* and *Mertens* teach they will not bear." *Id.*

*Crosby* is on all fours with this case. Here, as in *Crosby*, plaintiffs allege that the defendant cash balance plan failed to calculate lump sum payments in the manner required by ERISA. *See, e.g., Compl.* ¶¶ 14, 31-32, 35. Moreover, here, as in *Crosby*, plaintiffs seek money damages equal to the difference between the lump sums they received from the plan and the lump sums to which they claim to be entitled under ERISA. *See Compl. at p. 15* (asking the court to "award damages to the named plaintiff and other class members in the amount to which they are entitled, together with interest thereon"). *Crosby* makes clear that these are claims for *legal* relief, not the type of "equitable" relief available under § 502(a)(3). Accordingly, under the controlling law of this Circuit,

5

plaintiffs' claims should be dismissed for lack of subject matter jurisdiction. *See* **Crosby**, *supra*, at 8 (dismissing claims of plaintiff class for lack of subject matter jurisdiction); **QualChoice, Inc. v. Rowland**, 367 F.3d 638, 650 (6th Cir. 2004) (dismissing claim that sought "essentially legal relief" under §502(a)(3) for lack of jurisdiction).

    B.    <u>Plaintiffs Cannot Proceed Under ERISA § 502(a)(1)(B).</u>

Plaintiffs are likely to argue that they can recover the money damages they seek in this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), but any such argument would be unavailing. Section 502(a)(1)(B) applies only to suits "to recover benefits due to [a participant] *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Plaintiffs here do not seek relief "under the terms of the plan"; they seek relief under the terms of ERISA. If plaintiffs were seeking relief under the terms of the AK Steel Plan, they would recover nothing, because they have already received all of the benefits to which the terms of the Plan entitle them.

Plaintiffs themselves acknowledge that they seek no relief under the terms of the Plan. Earlier in this case, the named plaintiff argued that he should be excused from ERISA's exhaustion requirement because "<u>the claim in this case does not seek an interpretation of the Plan. Rather, Plaintiffs' claim is that the Plan itself violates ERISA and the Internal Revenue Code</u>. . . ." (*Pltfs.' Mem. in Opposition to Defs.' Motion for Entry of Judgment That Pltfs.' Claim Is Time-Barred, Docket Entry 26, at 14-15 (emphasis added)*). Moreover, this Court accepted and relied on plaintiff's argument in its Order of December 3, 2003. The Order excuses the named plaintiff's failure to timely exhaust his administrative remedies on that ground that "<u>Plaintiff is not disputing that the AK Steel Committee</u>

6

<u>calculated his benefit in accordance with the terms of the AK Steel Plan. Rather, he is arguing that the plan itself violates ERISA</u>." (*Docket Entry 51, at 13 (emphasis added)*)).

Plaintiffs had good reason for disavowing any attempt to recover benefits under the terms of the Plan: they have already received all of the benefits promised in the plan document. The Plan provides that a lump sum payment of benefits will be "equal" to a participant's account balance, *see* Plan § 4.1(a), and plaintiffs concede that they received lump sum payments equal to their account balances. *See Compl. ¶ 35* ("The Plan . . . simply distributed to each participant a lump sum distribution 'equal to his Accounts.'").

Where, as here, a participant has already received the benefits promised under the terms of the plan, the law is clear that the participant has no claim for relief under ERISA § 502(a)(1)(B). *See Fraser v. Lintas: Campbell-Ewald*, 56 F.3d 722, 726 (6th Cir. 1995) ("[I]t is difficult to see how [defendant's] alleged breach of [the Internal Revenue Code] denied [plaintiff] a benefit due *under the terms of the plan*, as is required for recovery under ERISA § 502(a)(1)(B).") (*emphasis in original*); *Hughes v. General Motors Corp.*, 852 F.2d 568, 1988 WL 72742, *4-5 (6th Cir. July 14, 1988) (affirming dismissal of claim for benefits under § 502(a)(1)(B) because "each of the plaintiffs is already receiving all the benefits due him 'under the terms of his plan'") (unpublished, attached as Exhibit 2); *Ramsey v. Formica Corp.*, 2004 WL 1146334, *3 (S.D. Ohio April 6, 2004) (denying claim under § 502(a)(1)(B) because plaintiffs "do not have a right to more benefits under the terms of the plan")(attached as Exhibit 3); *Simpson v. Ernst & Young*, 879 F. Supp. 802, 825 (S.D. Ohio 1994) (denying claim for compensatory or punitive damages because "[t]he language of [§ 502(a)(1)(B)] is

limited to the recovery of benefits under the terms of the plan").[2]  Accordingly, plaintiffs here cannot avoid the result in *Crosby* by seeking relief under § 502(a)(1)(B).

## CONCLUSION

For the foregoing reasons, the claims of the plaintiff class should be dismissed.

Respectfully submitted,

/s Michael A. Roberts
Michael A. Roberts, Esq. (0047129)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201-6464
(513) 621-6464
*Trial Attorney for Defendants*

Robert D. Wick
Samuel S. Heywood
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC  20004-2401
(202) 662-6000
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Court and served by U.S. Mail, postage prepaid on Allen C. Engerman, Law Offices of Allen C. Engerman. P.C., 666 Dundee Road, No. 1200, Northbrook, IL 60062, and Thomas R. Theado, Gary, Naegele, & Theado, 446 Broadway Avenue, Lorain, OH  44052-1797, counsel for the plaintiff, on this 6th day of October, 2004.

/s Michael A. Roberts

---

[2]  *See also* ***Griggs v. E.I. DuPont Nemours & Co.***, 237 F.3d 371, 385 n.7 (4th Cir. 2001) (plaintiff's relief under § 502(a)(1)(B) limited to the benefit promised by the written terms of the plan); ***Blaylock v. Hynes***, 104 F. Supp.2d 1184, 1189 (D. Minn. 2000) ("A cause of action under § 502(a)(1)(B) – which mentions the phrase 'under the terms of the plan' no less than three times – looks only to the terms of the written plan to determine the rights of the parties."); ***Mullins v. Pfizer***, 899 F.Supp. 69, 74 (D. Conn. 1995) (plaintiff could not use § 502(a)(1)(B) to enforce a cause of action for an alleged breach of fiduciary duty under ERISA § 1109(a)).