1 of 1 DOCUMENT

Benjamin Frank Ramsey, et al., Plaintiffs, vs. Formica Corporation, et al., Defendants.

Case No. 1:04-CV-149

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

2004 U.S. Dist. LEXIS 9558; 33 Employee Benefits Cas. (BNA) 1095

April 6, 2004, Decided

**DISPOSITION:** *1 Plaintiffs' motion for temporary restraining order not well-taken and DENIED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff former employees moved for a temporary restraining order against defendant former employer in their action alleging negligent misrepresentation, promissory estoppel, and claims under ERISA, 29 U.S.C.S. § 1001 et seq., for breach of fiduciary duty and equitable relief.

**OVERVIEW:** The employees were participants in the employer's defined benefit plan. The employees sought to compel the employer to restore their monthly payment to the amount the employer represented to them at the time they accepted early retirement buyout. Even assuming that each and every allegation of the complaint were true, the court was not authorized to grant the employees injunctive relief. The state law claims for negligent misrepresentation and promissory estoppel were completely preempted by ERISA because the claims related to an ERISA benefit plan. Further, although the employees couched their claim for relief as payment of benefits they were promised, what they really sought to recover was their reliance interest in representations made by the employer. They were not suing to recover benefits under the terms of the plan and did not have a right to more benefits under the terms of the plan. Thus, they did not have a claim under 29 U.S.C.S. § 1132(a)(1)(B). They also did not have a claim under § 1132(a)(2), as relief thereunder was available only to the plan not participants. The claim for injunctive relief under § 1132(a)(3) was barred, as the claim was really for money damages.

**OUTCOME:** The motion for a temporary restraining order was denied.

**CORE TERMS:** monthly, breach of fiduciary duty, pension, injunctive relief, likelihood of success, beneficiary, injunction, compensatory damages, equitable relief, pensioners, putative, buyout, temporary restraining order, negligent misrepresentation, early retirement, equitable estoppel, money damages, restitution, actuarial, weigh, irreparable harm, promissory estoppel, pension plan, state law, form of relief, fiduciary duty, ambiguous, equitable, preempted, authorize

**LexisNexis(R) Headnotes**

  

Case 1:02-cv-00001-SSB-TSB    Document 58-4    Filed 10/06/2004    Page 2 of 7

PAGE 2
2004 U.S. Dist. LEXIS 9558, *1; 33 Employee Benefits Cas. (BNA) 1095

**Civil Procedure > Injunctions > Temporary Restraining Orders**
**Civil Procedure > Injunctions > Elements**
HN1 In order to obtain a temporary restraining order, the trial court must consider and weigh the following factors: (1) the plaintiff's likelihood of success on the merits; (2) whether plaintiff will be irreparably harmed in the absence of an injunction; (3) the harm to others if an injunction is granted; and (4) the public's interest in granting an injunction. These factors are not prerequisites to issuing an injunction but factors to be balanced. The court should not issue an injunction where there is no likelihood of success on the merits.

**Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Contracts Law > Contract Conditions & Provisions > Equitable Estoppel**
HN2 Equitable estoppel only applies where an ERISA, 29 U.S.C.S. § 1001 et seq., plan term is ambiguous.

**Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
HN3 Relief under 29 U.S.C.S. § 1132(a)(2) is available only to the plan and not to individual participants and fiduciaries.

**Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
HN4 29 U.S.C.S. § 1132(a)(3) allows participants to sue for other appropriate equitable relief.

**Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
HN5 Beneficiaries and participants have a private right of action for breach of fiduciary duty pursuant to 29 U.S.C.S. § 1132(a)(3). Plan participants or plan beneficiaries may assert claims for breach of fiduciary duty where plan fiduciaries make materially misleading misrepresentations, whether negligently or intentionally, regarding the extent or availability of plan benefits.

**Civil Procedure > Injunctions**
**Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies**
**Civil Procedure > Remedies > Damages**
HN6 Under 29 U.S.C.S. § 1132(a)(3), only "appropriate equitable relief" is available, which means only those categories of relief traditionally available in equity. Money damages or compensatory damages, and punitive damages are not available under § 1132(a)(3). Injunctive relief is equitable in nature.

**Contracts Law > Remedies > Restitution**
**Civil Procedure > Remedies > Damages**
HN7 Restitution is a form of money damages which is equitable in nature.

  

Case 1:02-cv-00001-SSB-TSB   Document 58-4   Filed 10/06/2004   Page 3 of 7

PAGE 3
2004 U.S. Dist. LEXIS 9558, *1; 33 Employee Benefits Cas. (BNA) 1095

However, restitution is limited to the return of identifiable funds or property belonging to the plaintiff and in possession of the defendant.

**COUNSEL:** For Benjamin Frank Ramsey, William Boyd, Gerald Eckel, Elzie Halsey, Lucian Johnson, Bruce Maybriar, Eldon Badertsher, Plaintiffs: Christian A Jenkins, Marc David Mezibov, Susan E Brabenec, LEAD ATTORNEYS, Mark Jay Wasserman, Mezibov & Jenkins, LLP, Cincinnati, OH.

For Formica Corporation, Scott A Smith, Edward R Case, Earl M Bennett, Frank A Riddick, III, Defendants: Jack Frederick Fuchs, LEAD ATTORNEY, Erin Cunniff Childs, Stephen L Richey, Thompson Hine LLP, Cincinnati, OH.

**JUDGES:** Sandra S. Beckwith, United States District Judge.

**OPINIONBY:** Sandra S. Beckwith

**OPINION:**

ORDER

This matter is before the Court on Plaintiffs' motion for a temporary restraining order (Doc. No. 2). For the reasons set forth below, Plaintiffs' motion is not well-taken and is **DENIED.**

I. Background

Even at this early stage of the proceedings, the unfortunate facts of this case largely appear to be undisputed.

Plaintiffs, and the putative class they represent, are former employees of Formica Corporation ("Formica") and participants in the Formica Corporation defined benefit pension plan. At various times, ranging as *2 far back as 1986, Formica Corporation offered Plaintiffs and the putative class members an early retirement buyout. Included in the materials Formica distributed to offerees of the buyout to assist their decisionmaking was an estimate of the monthly benefit they would receive from the pension plan. Although there were other incentives included in the buyout, Plaintiffs allege that they relied on Formica's representation regarding their monthly pension benefit in deciding to accept early retirement.

In any event, Plaintiffs retired from Formica and began receiving monthly pension payments corresponding to the estimates provided by Formica. Plaintiffs in fact received the monthly estimated pension payments for years and years, for as long as seventeen years in the case of one Plaintiff. For reasons not disclosed on the record at this time, in 2002, Formica engaged the firm of Mercer Human Resources Consulting ("Mercer") to audit the pension plan. Mercer's audit revealed that, for reasons not important here, Formica had miscalculated the monthly benefit due to a substantial segment of the plan's participants. Due to its error, Formica had been underpaying approximately 170 pensioners. *3 More egregiously, at least in the eyes of the Plaintiffs, Formica had been overpaying nearly 300 pensioners, including the Plaintiffs and the putative class members. In other words, Formica had not been complying with the requirements of the pension plan with regard to the monthly benefits payable to the retirees.

Formica disclosed its actuarial errors to the Internal Revenue Service pursuant to the Voluntary Compliance Plan ("the VCP") in Revenue Procedure

  

Case 1:02-cv-00001-SSB-TSB    Document 58-4    Filed 10/06/2004    Page 4 of 7

PAGE 4
2004 U.S. Dist. LEXIS 9558, *3; 33 Employee Benefits Cas. (BNA) 1095

2002-47. One of the benefits of voluntary reporting is that the employer can possibly avoid the drastic consequences of the IRS finding out on its own that the plan is not in compliance, such as plan disqualification and/or the imposition of substantial fines or penalties. One of the requirements of the VCP, however, is that the plan sponsor must adjust the pensioners' payments to the amount called for by the plan. In the case of Formica's plan, it meant that pensioners who were being underpaid had to have their benefits adjusted upwardly. It also meant that the Plaintiffs and the putative class members would have to have their monthly pension payments adjusted downwardly. And, as if that development were not bad enough, *4 there remains the possibility that Formica may be required to recoup, or at least attempt to recoup, the amounts it has been overpaying Plaintiffs and the putative class members all of these years.

In January, in accordance with its VCP submission to the IRS, Formica notified Plaintiffs and the class members that effective with the January payment, it was reducing their pension payments by the amount indicated on their individual notices. In some cases, the monthly reduction in benefits is substantial. Plaintiffs, understandably upset about the sudden and unexpected loss of income, filed suit against Formica in the Hamilton County Court of Common Pleas. Plaintiffs' complaint against Formica asserted only state law claims for negligent misrepresentation and promissory estoppel. In addition to claims for other forms of compensatory damages, Plaintiffs also sought injunctive relief compelling Formica to restore their monthly payments to the pre-notice levels. Plaintiffs' complaint also includes allegations for a class of pensioners who have had their monthly pension payments reduced as well.

On February 20, 2004, Formica removed Plaintiffs' complaint from state court on the grounds *5 that their claims for negligent misrepresentation and promissory estoppel are completely preempted by ERISA, 29 U.S.C. § 1001, et seq. Plaintiffs then filed an Amended Complaint which added two ERISA claims for breach of fiduciary duty and one ERISA claim for equitable relief. The Amended Complaint also added the individual plan administrators as parties. Despite filing an amended complaint adding federal ERISA claims, Plaintiffs still seek a temporary restraining order compelling Formica to restore their monthly payment to the amount Formica represented to them at the time they accepted the early retirement buyout.

II. Injunctive Relief Standard of Review

HN1 In order to obtain a temporary restraining order, the trial court must consider and weigh the following factors: 1) the plaintiff's likelihood of success on the merits; 2) whether plaintiff will be irreparably harmed in the absence of an injunction; 3) the harm to others if an injunction is granted; and 4) the public's interest in granting an injunction. McPherson v. Michigan High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 459 (6th Cir. 1997). These factors are not prerequisites to *6 issuing an injunction but factors to be balanced. See In re De Lorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). The Court should not issue an injunction where there is no likelihood of success on the merits. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997).

III. Analysis

A. Likelihood of Success on the Merits

The difficulty for Plaintiffs under this part of the analysis is not that they do not have any claims which might merit relief. Rather, the problem is, as

  

will be seen, that the type of relief to which Plaintiffs may be entitled is very limited and, unfortunately for them, does not include recovery of what amounts to compensatory damages. In other words, even assuming that each and every allegation of the complaint is true, the Court is not authorized to grant Plaintiffs the injunctive relief they seek here.

Initially, the Court is compelled to agree with Formica that Plaintiffs' state law claims for negligent misrepresentation and promissory estoppel are completely preempted by ERISA because they claims relate to an ERISA benefit plan. See Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 794-95 (1st Cir. 1995); *7 Griggs v. E.I. Dupont De Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001); Wilcott v. Matlack, Inc., 64 F.3d 1458, 1464 (10th Cir. 1995); Warren v. Blue Cross & Blue Shield of SC, 1997 U.S. App. LEXIS 31793, No. 97-1374, 1997 WL 701413 (4th Cir. Nov. 12, 1997); Farr v. U.S. West Comm., Inc., 151 F.3d 908 (9th Cir. 1998). Thus, the Court cannot grant Plaintiffs relief of any kind pursuant to state law causes of action. Consequently, Plaintiffs only resort is the remedies available to them under ERISA.

Although the amended complaint can be read to include a claim for equitable estoppel under ERISA, the Sixth Circuit has not yet recognized an ERISA equitable estoppel claim in defined benefit pension plans and dicta strongly suggests that because of actuarial concerns, it should not be applied in cases involving pension plans. Armistead v. Vernitron Corp., 944 F.2d 1287, 1299-1300 (6th Cir. 1991); see also Bielkie v. GMC, 1999 U.S. App. LEXIS 20318, No. 98-1873, 1999 WL 644336, at ** 2 (6th Cir. Aug. 19, 1999)("Sprague did recognize the viability of estoppel claims, but its holding is limited to welfare plans."). In any *8 event, HN2 equitable estoppel only applies where the plan term is ambiguous and Plaintiffs do not contend that the terms regarding the benefits they should have received is ambiguous. Similarly, there is no common law ERISA claim for negligent misrepresentation. Local 6-0682, Int'l Union of Paper, Allied-Industrial, Chem. & Energy Workers v. Nat'l Indus. Group Penson Plan (In re Nat'l Indus. Group Pension Plan, 342 F.3d 606, 606 (6th Cir. 2003).

Although Plaintiffs couch their claim for relief as payment of the benefits they were promised, what they really seek to recover is their reliance interest in the representations made to them by Formica. Section 1132(a)(1)(B) of ERISA allows a participant or beneficiary to sue "to recover benefits due him under the terms of the plan." Plaintiffs, however, are not suing to recover benefits under the terms of the plan. Under the terms of the plan, they are due less benefits, not more, and Plaintiffs do not appear to contest the fact that the actual terms of the plan require them to be paid less. Therefore, Plaintiffs do not have a claim under this particular clause of § 1132(a)(1)(B).

Section 1132(a)(1)(B) also permits participants and beneficiaries to sue to enforce their rights under the plan. Plaintiffs, *9 however, do not have a right to more benefits under the terms of the plan. Therefore, Plaintiffs do not have a claim under this clause of § 1132(a)(1)(B). Finally, Plaintiffs are not suing to clarify their rights to future benefits under the terms of the plan. Indeed, they appear to concede, or at least accept, that the downward adjustments in their pensions are called for by the terms of the plan. Therefore, Plaintiffs do not have a claim under this clause of § 1132(a)(1)(B).

Plaintiffs' amended complaint does include ERISA claims for breach of fiduciary duty. Plaintiffs do not, however, claim that Formica has breached its fiduciary duty by adjusting their payments to what they should have been or what they should be under the terms of the plan. Rather, Plaintiffs claim that Formica breached its fiduciary duty by misrepresenting what their monthly

  

Case 1:02-cv-00001-SSB-TSB    Document 58-4    Filed 10/06/2004    Page 6 of 7

PAGE 6
2004 U.S. Dist. LEXIS 9558, *9; 33 Employee Benefits Cas. (BNA) 1095

pensions would be, thereby inducing them to accept the early retirement buyout.

Section 1132(a)(2) of ERISA permits a participant or beneficiary to sue for breach of fiduciary duty. However, HN3 relief under § 1132(a)(2) is available only to the plan and not to individual participants and fiduciaries. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985); *10 Bagsby v. Central States, Southeast & Southwest Areas Pension Fund, 162 F.3d 424, 430 (6th Cir. 1998). Therefore, the Court cannot grant the relief to the Plaintiffs as individual participants and beneficiaries pursuant to § 1132(a)(2).

Therefore, it appears that the only potential avenue of relief remaining to Plaintiffs is a suit for breach of fiduciary duty pursuant to § 1132(a)(3), HN4 which allows participants to sue "for other appropriate equitable relief." Varity Corp. v. Howe, 516 U.S. 489, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996). Because Plaintiffs have no other avenue for relief and are not recasting a denial of benefits claim as a breach of fiduciary duty claim, Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615-16 (6th Cir. 1998), does not bar a claim for relief pursuant to Varity. HN5 Beneficiaries and participants have a private right of action for breach of fiduciary duty pursuant to § 1132(a)(3). Allinder v. Inter-City Products Corp., 152 F.3d 544, 551 (6th Cir. 1998). Plan participants or plan beneficiaries may assert claims for breach of fiduciary duty where plan fiduciaries make materially misleading *11 misrepresentations, whether negligently or intentionally, regarding the extent or availability of plan benefits. Krohn v. Huron Mem. Hosp., 173 F.3d 542, 547 (6th Cir. 1999); James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 449 (6th Cir. 2002); Drennan v. General Motors Corp., 977 F.2d 246, 251 (6th Cir. 1992).

However, HN6 under § 1132(a)(3), only "appropriate equitable relief" is available, which means only those categories of relief traditionally available in equity. Great West Life & Annuity Co. v. Knudson, 534 U.S. 204, 151 L. Ed. 2d 635, 122 S. Ct. 708 (2002). Money damages or compensatory damages, and punitive damages are not available under § 1132(a)(3). Id.; Community Ins. Co. v. Morgan, 54 Fed. Appx. 828, 832 (6th Cir. 2002); Allinder, 152 F.3d at 552; Local 6-0682, 342 F.3d at 609 n.2. Injunctive relief is equitable in nature, Mertens v. Hewitt Assocs., 508 U.S. 248, 255, 124 L. Ed. 2d 161, 113 S. Ct. 2063 (1993), and, although Plaintiffs do seek an injunction, what they really want is to continue to be paid the monthly amount they were promised. In other words, Plaintiffs *12 seek to recover their reliance interest in Formica's representations about their monthly benefits. Therefore, although at this point the claim for relief is couched in terms of injunctive relief, the ultimate relief sought by Plaintiffs is really money damages. Thus, Plaintiffs' claim for injunctive relief, as it now stands, is barred pursuant to the authorities just cited.

Finally, the Court notes that HN7 restitution is a form of money damages which is equitable in nature. However, restitution is limited to the return of identifiable funds or property belonging to the plaintiff and in possession of the defendant. Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 583-84 (6th Cir. 2001). In this case, Defendants are not in possession of any funds which rightfully belong to the Plaintiffs. Therefore, restitution is not an available form of relief to Plaintiffs either.

The upshot here is that although Plaintiffs may have a meritorious claim under ERISA for breach of fiduciary duty, under the current state of the law they are only entitled to "other appropriate equitable relief." The Court is not able to say or predict what "other appropriate equitable relief" Plaintiffs could *13 be awarded in the event they do succeed on their claim for breach

  

Case 1:02-cv-00001-SSB-TSB    Document 58-4    Filed 10/06/2004    Page 7 of 7    PAGE 7

2004 U.S. Dist. LEXIS 9558, *13; 33 Employee Benefits Cas. (BNA) 1095

of fiduciary duty, but is clear that they would not be entitled to recover what amounts to payment of compensatory damages. Therefore, because money damages are not an available form of relief, under the circumstances presented by Plaintiffs' motion, the limited relief that is available is tantamount to or the equivalent of no likelihood of success on the merits.

B. Irreparable Harm

The Court recognizes that Plaintiffs and the potential class members are retirees who presumably are on fixed incomes and that even a slight reduction in their monthly incomes can cause serious repercussions amounting to irreparable harm. See, e.g., Golden v. Kelsey-Hayes Co., 73 F.3d 648, 656 (6th Cir. 1996). Nonetheless, as noted above, the Court cannot grant injunctive relief where there is no likelihood of success on the merits. The Court has already found that there is no likelihood that Plaintiffs are entitled to recovery of compensatory damages. Thus, unfortunately, the irreparable harm factor essentially drops from the Court's analysis.

C. Harm to Others

In this particular case, to the extent that it affects *14 the plan's actuarial assumptions or valuations and qualified status, granting injunctive relief could be harmful to the other plan participants who would not be members of the proposed class.

D. The Public's Interest

While the public would undoubtedly be sympathetic to Plaintiffs' predicament, in ERISA cases, the presumption is that if a specific remedy is not expressly authorized in the statutory scheme, then Congress did not intend for participants to have that remedy. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985). Because ERISA does not authorize recovery of compensatory damages in this particular case, the Court believes that the public interest would weigh in favor of adhering to ERISA's enforcement scheme and against granting the injunctive relief requested by Plaintiffs.

Conclusion

Because ERISA does not authorize an award of compensatory damages under the circumstances of this case, Plaintiffs have no likelihood of success on their petition for injunctive relief. As a consequence of that finding, the remaining factors of necessity weigh against Plaintiffs as well. According, Plaintiffs' motion for a temporary *15 restraining order is not well-taken and is **DENIED**.

**IT IS SO ORDERED**

Date April 6, 2004

s/

Sandra S. Beckwith

United States District Judge

