IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated,<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>AK Steel Corp. Retirement Accumulation Pension Plan, et al.<br>　　　　　　　　　Defendants. | Case No. C-1-02-0001<br><br>District Judge Sandra S. Beckwith<br><br>Magistrate Judge Timothy S. Black<br><br>**Affidavit of Michael L. Libman**<br>**Executed on November 9, 2004** |

State of Ohio　　　　　　　:
　　　　　　　　　　　　　　: SS
County of Cuyahoga　　　　:

1.  Michael L. Libman, first duly being cautioned and thereafter being sworn according to law, deposes and states as follows.

2.  In my affidavit executed on October 12, 2004, I provided my expert opinion regarding a proper determination of underpayment calculations in this lawsuit. At paragraph eight of that affidavit, I provided three alternate methods for computing interest on the class members' underpayments. I described one such method, which employed the Ohio statutory rate, as follows:

    The first extension applies the rate of interest proscribed by Section 1343.03(A) of the Ohio Revised Code, of 10% per annum simple interest through June 1, 2004, and 4% per annum simple interest thereafter, and then

sums the additional amount owed as of the original lump-sum payment's date and the interest thereon through 2004.

3. An error in programming produced a result other than the Ohio statutory rate as I had described in my affidavit and intended; rather than calculating at a 10% simple interest rate through June 1, 2004 and thereafter at 4% simple, the program calculated at 10% simple through June 1, 2004, brought forward that balance, and then computed interest at 4% on the balance from June 2 through December 31, 2004. The error made was to include simple interest at 4% on the simple interest at 10% for about seven months.

4. The programming error overstated the results associated with the Ohio statutory rate by about 6/10ths of 1 percent.

5. I have corrected the programming error, and correct amounts are shown within the Corrected Exhibits 1, 4, and 5.

6. As corrected, paragraph 12 of my October 12, 2004 Affidavit reads as follows, with the corrected entries emphasized *thusly*:

> Exhibit 1 summarizes the individual, by-class-member, results that are shown within the two rosters. As shown on Exhibit 1, without accounting for the Plan's nonexistent gain at a class member dying before age 65, the sum of the 1,257 thus-far-identified class members' underpayments through 2004 are ***$55,795,562.83*** at the Ohio statutory rate of interest for the members' lost time-value-of-money, $55,499,929.99 at the Plan's 7.5% rate, and $49,774,687.26 at the federal rate of interest. Exhibit 1 also shows that, if one were to factor pre-age-65 mortality into the calculations, the sum of the identified class members' underpayments through 2004 would be ***$45,640,487.20*** at the Ohio statutory rate of interest for the members' lost - time-value-of-money, $45,386,811.81 at the Plan's 7.5% rate, and $40,713,622.56 at the federal rate of interest.

7. I have reviewed the whole of my October 12, 2004, affidavit and, except as corrected above, I reaffirm that whole of my earlier affidavit.

_____
Michael L. Libman

State of Ohio         :
                      :   SS
County of Cuyahoga    :

Sworn to and subscribed before me, a Notary Public in and for said State and County, by a person known to me to be Michael L. Libman, this 9th day of November, 2004.

_____
Notary Public

SUSAN M. MALLOCH
NOTARY PUBLIC, STATE OF OHIO, CUYA. CTY.
MY COMMISSION EXPIRES MARCH 6, 2006