## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated, 214 Woodlawn Road, Butler, Pennsylvania | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: C-1-02-0001 |
| AK Steel Corporation (Formerly ARMCO Inc.) Retirement Accumulation Pension Plan, a part of the AK Steel Corporation (Formerly ARMCO Inc.) Noncontributory Pension Plan, 703 Curtis Street, Middletown, Ohio 45043 | ) ) ) ) ) ) | Judge: Hon. Sandra S. Beckwith |
| And | ) ) | |
| AK Steel Corporation Benefit Plans Administrative Committee, 703 Curtis Street, Middletown, Ohio 45043 | ) ) ) ) | Magistrate Judge: Jack Sherman, Jr. |
| Defendants. | ) ) ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLAIMS UNDER *CROSBY v. BOWATER*

Defendants submit this reply memorandum in support of their *Motion to Dismiss Plaintiffs' Claims Under Crosby v. Bowater*. Defendants demonstrated in their opening memorandum that, under *Crosby v. Bowater Inc. Retirement Plan*, 382 F.3d 587 (6th Cir. 2004), plaintiffs cannot obtain an award of monetary relief under ERISA § 502(a)(3). In response, plaintiffs do not dispute that they cannot proceed under § 502(a)(3); they argue only that they may obtain the relief they seek under § 502(a)(1)(B). *Pltfs. Mem.* at 4-11.

Plaintiffs' attempt to proceed under ERISA § 502(a)(1)(B) fails as a matter of law. Section 502(a)(1)(B) applies only to claims for "benefits due to [a participant] under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Here, plaintiffs do not seek benefits due under

the terms of the AK Steel Plan; they seek benefits alleged to be due under the terms of ERISA.

Relying on a novel and expansive interpretation of § 502(a)(1)(B), plaintiffs nonetheless attempt

to shoe-horn their claim into the confines of that provision.  Plaintiffs' interpretation of

§ 502(a)(1)(B) contradicts its plain language, would thwart a deliberate decision by Congress to

give the federal courts exclusive jurisdiction over the statutory provisions of ERISA, and moots

terms in § 502(a)(1)(B).  For these reasons, as more fully set forth below, defendants' motion

should be granted.

**ARGUMENT**

A.     **Plaintiffs' Reading of § 502(a)(1)(B) Does Violence to the Text and
       Structure of ERISA.**

ERISA § 502(a)(1)(B) authorizes a plan participant to bring an action "to recover

benefits due to him <u>under the terms of his plan</u>."  29 U.S.C. § 1132(a)(1)(B) (emphasis added).

Here, it is undisputed that plaintiffs have already received all of the benefits they are due under

the terms of the AK Steel Plan.  *See Defs. Opening Mem.* at 6-7.  Plaintiffs maintain, however,

that § 502(a)(1)(B) authorizes them to sue not only for benefits due under the language of the

plan document, but also for benefits alleged to be due under the statutory provisions of ERISA.

This argument fails for three main reasons.

<u>First</u>, plaintiffs' interpretation of § 502(a)(1)(B) is contrary to the plain meaning

of that provision.  By its plain language, "§ 502(a)(1)(B) – which mentions the phrase 'under the

terms of the plan' no less than three times – looks only to the terms of the written plan to

determine the rights of the parties."  *Blaylock v. Hynes*, 104 F. Supp.2d 1184, 1189 (D. Minn.

2000).  In other words, § 502(a)(1)(B) applies to "contract-like claims" in which a participant

argues that the plan administrator has breached the terms of the plan document.  *Unisys Corp. v.

Damon*, 915 P.2d 1301, 1307 (Colo. 1996).  It would "pervert the plain meaning" of

2

§ 502(a)(1)(B) to read that provision as authorizing claims for <u>statutory</u> violations of ERISA.

*Laurenzano v. Blue Cross of Mass., Inc.*, 134 F. Supp.2d 189, 194 (D. Mass. 2001).

The neighboring provision in ERISA § 502(a)(3) provides compelling support for this conclusion. Section 502(a) of ERISA provides as follows:

> **Section 502.  Civil Enforcement.**
>
> **(a) Persons empowered to bring a civil action.  A civil action may be brought –**
>
>     **(1)** by a participant or beneficiary –
>
>         **(A)** for the relief provided for in subsection (c) of this section, or
>
>         **(B)** to recover benefits due to him <u>under the terms of his plan</u>, to enforce his rights <u>under the terms of the plan</u>, or to clarify his rights to future benefits <u>under the terms of the plan</u>;
>
>           *         *         *
>
>     **(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates <u>any provision of this title or the terms of the plan</u>, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce <u>any provision of this title or the terms of the plan</u>;

ERISA § 502(a), 29 U.S.C. § 1132(a) (emphasis added).  The underscored language shows that Congress drew a distinction in § 502(a) between claims founded on the provisions of ERISA and claims founded on the terms of a plan document.  Section 502(a)(3) encompasses <u>both</u> types of claims:  it applies to violations of "any provision of this title <u>or</u> the terms of the plan."  Section 502(a)(1)(B), by contrast, applies only to claims arising under "the terms of the plan."

If Congress had wanted § 502(a)(1)(B) to apply to <u>statutory</u> claims as well as claims arising under the terms of a benefit plan, it doubtless would have referred to benefits due under "<u>the provisions of this title or</u> the terms of the plan."  The fact that Congress included such language in § 502(a)(3), but did <u>not</u> include it in § 502(a)(1)(B), is fatal to plaintiffs' argument. "[W]here Congress includes particular language in one section of a statute but omits it in another

section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 22-23 (1983).

This principle applies with particular force to the ERISA provision at issue here. ERISA is "'a comprehensive and reticulated statute, the product of a decade of study of the Nation's private employee benefit system.'" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993)). Furthermore, ERISA's "'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did <u>not</u> intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (*quoting Mertens*, 508 U.S. at 254) (emphasis in original). Accordingly, the Supreme Court has warned against "tamper[ing] with an enforcement scheme crafted with such evident care as the one in ERISA," *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985), and has emphasized its "unwillingness to infer causes of action in the ERISA context," *Mertens*, 508 U.S. at 254.

Plaintiffs' interpretation of § 502(a)(1)(B) runs head-long into these principles. Plaintiffs are urging this Court to expand § 502(a)(1)(B) from a provision that applies to benefits due "under the terms of a plan" to a provision that applies to benefits due "under the terms of a plan <u>or the provisions of ERISA</u>." This is precisely the kind of "tampering" with ERISA's "carefully crafted" enforcement scheme that the Supreme Court rejected in *Great-West* and *Mertens*.

<u>Second</u>, plaintiffs' interpretation of § 502(a)(1)(B) should be rejected because it would undermine a deliberate Congressional decision to give the federal courts exclusive jurisdiction over the statutory provisions of ERISA. When Congress adopted ERISA in 1974, it

wanted to establish a <u>national</u> scheme of pension administration free of conflicting state regulation. *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 99 (1983). Congress therefore included a sweeping federal pre-emption clause in ERISA and, with one important exception, vested federal courts with exclusive jurisdiction over ERISA claims. *See id.; Bowman v. Knape & Vogt Mfg.,* 2002 WL 1308641, *4 (Mich. Ct. App. June 14, 2002). The exception is that § 502(e) of ERISA provides state courts with concurrent jurisdiction over claims asserted under § 502(a)(1)(B):

> Except for actions under subsection [502](a)(1)(B) of this section, the district courts of the United States shall have <u>exclusive</u> jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have <u>concurrent</u> jurisdiction of actions under paragraphs [502(a)](1)(B) and (7) of subsection (a) of this section.

ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) (emphasis added).

Numerous state courts have addressed the scope of § 502(a)(1)(B) in the course of deciding whether they could exercise jurisdiction over an ERISA claim. These courts have emphasized that § 502(a)(1)(B) should be read "narrowly" to preserve exclusive federal jurisdiction over the statutory provisions of ERISA.[1] Thus, where a claim arises under the language of a plan document and does not require a construction of ERISA itself, courts have held that the claim may proceed in state court under §§ 502(a)(1)(B) and 502(e).[2] Where a claim

---

[1]      *See, e.g., Bowman,* 2002 WL 1308641, at *4-5; *Duffy v. Brannen*, 529 A.2d 643, 651 (Vt. 1987) ("We think that the language of and policy underlying ERISA's jurisdictional provisions mandates a restrictive interpretation of the words 'under the terms of the plan' contained in 29 U.S.C. § 1132(a)(1)(B)."); *Young v. Sheet Metal Workers' Int'l*, 447 N.Y.S.2d 798, 803 (N.Y. Sup. Ct. 1981) ("the words '. . . under the terms of the plan' must be read restrictively").

[2]      *See, e.g., Young*, 447 N.Y.S.2d at 803 (holding that § 502(a)(1)(B) and state court jurisdiction extend only to ERISA claims "wherein the participant or beneficiary asks the Court, as in a typical contract action, to construe or apply the terms of the plan to the facts of his/her particular issue"); *Damon*, 915 P.2d at 1307 (state court jurisdiction limited to "contract-like (continued...)

asserts a statutory violation of ERISA, however, courts have held that the claim may <u>not</u> be

asserted under § 502(a)(1)(B) and lies within the exclusive jurisdiction of the federal courts.[3]

One court aptly summarized the caselaw as follows:

> These courts note that Congress' rationale for limiting State court
> jurisdiction to [ERISA § 502(a)(1)(B)] actions is Congress'
> recognition that these actions call upon courts to interpret the terms
> of a plan by applying general principles of contract law, an area
> with which they have substantial expertise.  On the other hand,
> Congress left violations of ERISA, embraced by the remaining
> provisions of [ERISA § 502(a), 29 U.S.C. § 1132(a)], to the
> exclusive jurisdiction of Federal courts in order to protect
> employers and fiduciaries from the threat of conflicting and
> inconsistent State and local regulations.

*Summers v. United States Tobacco Co.,* 574 N.E.2d 206, 210-11 (Ill. App. Ct. 1991) (citations

omitted).

Congress expressed precisely the same views in the legislative history of ERISA.

Specifically, the Conference Report on ERISA makes clear that §§ 502(a)(1)(B) and 502(e) were

carefully crafted to preserve exclusive federal jurisdiction over the interpretation of the statutory

provisions of ERISA:

---

claims asserting that plan administrators or fiduciaries have breached the provisions of a plan by denying benefits"); *Duffy,* 529 A.2d at 650 (state court jurisdiction limited to claims that require the court "to interpret the terms of the Plan").

[3]       *See, e.g., Summers,* 574 N.E.2d at 210-11 (Congress left "violations of ERISA" to federal courts in order to avoid "the threat of conflicting and inconsistent State and local regulations"); *Young,* 447 N.Y.S.2d at 803 (the § 502(a)(1)(B) exception to exclusive federal jurisdiction does not apply to "any action wherein the participant or beneficiary seeks to challenge the validity of a portion of a plan itself; or who seeks a construction of the ERISA statute itself"); *Duffy,* 529 A.2d at 650 (holding that § 502(a)(1)(B) did not extend to claim that "calls for a construction and implementation of standards of conduct established by ERISA"); *Guthrie v. Dow Chemical Co.,* 445 F.Supp. 311, 314-15 (S.D. Tex. 1978) ("Section [502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B),] is obviously designed to cover that situation in which a defendant refuses to pay benefits due under the terms of a plan, or where for certain reasons, a plaintiff seeks to clarify his rights to future benefits, without actually challenging the validity of a portion of the plan or seeking a construction of the ERISA statute.")

> The U.S. district courts are to have exclusive jurisdiction with
> respect to actions involving breach of fiduciary responsibility as
> well as exclusive jurisdiction over other actions to enforce or
> clarify benefit rights provided under title I.  However, with respect
> to suits to enforce benefit rights under the plan or to recover
> benefits under the plan which do not involve application of the title
> I provisions [i.e., the provisions of ERISA[4]], they may be brought
> not only in U.S. district courts but also in State courts of competent
> jurisdiction.

H.R.Conf.Rep. No. 93-1280 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 5038, 5106-07

(emphasis added).

Plaintiffs' interpretation of § 502(a)(1)(B) would upset this finely-balanced

jurisdictional scheme.  According to plaintiffs, any claim for benefits alleged to be due under the

statutory provisions of ERISA may also be characterized as a claim for benefits due "under the

terms of a plan" within the meaning of § 502(a)(1)(B).  *Pltfs. Mem.* at 4-6.  Since state courts are

empowered to hear § 502(a)(1)(B) claims, acceptance of plaintiffs' argument would mean that

any benefit claim asserted under the statutory provisions of ERISA could be heard in state court.

Such a result would frustrate a deliberate Congressional decision to give the federal courts

exclusive jurisdiction over the provisions of ERISA.

Third, plaintiffs' interpretation of § 502(a)(1)(B) would moot that provision's

reference to benefits due under "the terms of" a benefit plan.  Plaintiffs contend that their claims

of statutory violations of ERISA should be deemed to arise under "the terms of" the AK Steel

Plan because all claims for benefits ultimately arise from the existence of an underlying benefit

plan.  *See Pltfs. Mem.* at 5-6.  If not for the existence of a benefit plan, plaintiffs argue, ERISA

would have nothing to regulate, because there would be no benefits at all.  *See id.*  Plaintiffs

---

[4]     The "title I provisions" are the provisions ordinarily referred to as "ERISA" provisions.
There are also title II provisions that appear in the Internal Revenue Code and specialized
provisions in titles III and IV.

therefore conclude that benefit claims asserted under statutory provisions of ERISA may also be characterized as claims for benefits due under "the terms of" an underlying benefit plan. *Id.*

The trouble with this reasoning is that it transforms all benefit claims, whether statutory or contractual in nature, into claims for benefits due "under the terms of a plan," since all benefits can ultimately be traced back to the existence of an underlying benefit plan. If all benefits are benefits due "under the terms of a plan," then § 502(a)(1)(B)'s reference to "the terms of" a plan is meaningless. In an analogous situation involving the interpretation of § 502(a)(3)'s reference to "equitable relief," the Supreme Court held that "equitable" relief must be construed to mean something less than all relief or else the word "equitable" would be rendered "superfluous." *Mertens*, 508 U.S. at 257-58. So too here, the reference to benefits due to a participant "under the terms of a plan" must mean something less than all benefits due to a participant. The only interpretation that gives meaning to this language is the one set forth above: § 502(a)(1)(B) applies to claims asserted under the terms of a plan document, but not to claims asserted under the provisions of ERISA.

**B.      Plaintiffs' Interpretation of § 502(a)(1)(B) Is Rejected By the Caselaw.**

As demonstrated in defendants' opening memorandum and in this reply memorandum, a slew of state and federal courts have held that plan participants cannot assert a statutory violation of ERISA under § 502(a)(1)(B). *See, e.g., Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999) ("only benefits specified in the plan can be recovered in a suit under section 502(a)(1)(B)"); *Hughes v. General Motors Corp.*, 852 F.2d 568, 1988 WL 72742, *4-5 (6th Cir. July 14, 1988) (affirming dismissal of a claim for benefits under § 502(a)(1)(B) because "each of the plaintiffs is already receiving all the benefits due him 'under the terms of his plan'") (unpublished); *Kross v. Western Electric*, 701 F.2d 1238, 1244 (7th Cir. 1983) ("§ 502(a)(1) encompasses civil actions for violations of the terms of a benefit plan, while

§ 502(a)(3) authorizes civil actions for violations of the provisions of ERISA itself") (emphasis in original); *Defs. Opening Mem.* at 7-8 (citing cases); *supra* at 5-6 & nn. 2-4 (citing cases).

Plaintiffs point out that many of these cases did not involve a statutory claim for "benefits," but even if this were a relevant distinction, it would not avail the plaintiffs. A number of courts have held that, as with other types of statutory claims, statutory claims for "benefits" cannot be asserted under § 502(a)(1)(B). *See, e.g., Carrabba v. Randalls Food Markets*, 145 F. Supp.2d 763, 770 (N.D. Tex. 2000) (holding that statutory claim for benefits could not be asserted under § 502(a)(1)(B) because plaintiffs had already received "basically everything to which they were entitled under the provisions of the [plan]"), *aff'd*, 252 F.3d 721 (5th Cir. 2001) (affirming the "well-reasoned opinions" of the district court); *Laurenzano*, 134 F. Supp. 2d at 194 (declining to "pervert the plain meaning of ERISA § 502(a)(1)(B)" by allowing plaintiffs to proceed under that provision on a statutory claim for benefits); *Guthrie v. Dow Chemical Co.*, 445 F. Supp. 311, 312, 314-15 (S.D. Tex. 1978) (holding that plaintiffs could not assert a statutory claim for benefits under § 502(a)(1)(B) because that provision does not permit participants to "seek[] a construction of the ERISA statute"); *Bodine v. Webb*, 992 S.W.2d 672, 675, 677 (Tex. Ct. App. 1999) (holding that § 502(a)(1)(B) did not authorize an action seeking recalculation of benefits based on alleged statutory violations of ERISA).

Confronted with this impressive array of authority construing § 502(a)(1)(B), plaintiffs are reduced to relying on a decision that construes an insurance policy. *See May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 600 (7th Cir. 2002). In *May*, the Seventh Circuit addressed a provision in an insurance policy that excluded coverage for losses which "constitute benefits due or to become due under the terms of a Benefit Program." *Id.* The court concluded that this provision excluded coverage for losses arising out of a violation of ERISA's lump sum

payment provisions. *See id.* In reaching this conclusion, the court drew heavily on its sense of how a rational insurance market could be expected to operate. *See id.* at 601 ("It would be passing strange for an insurance company to insure a pension plan . . . against an underpayment of benefits . . . ."). In addition, the court reasoned that the losses in question constituted "benefits due . . . under the terms of a Benefit Program" because the provisions of ERISA could be treated as if they were "implicitly" incorporated into the policyholder's benefit program. *Id.*

It is one thing to rely on the notion of "implied" terms in a benefit program in construing an insurance contract, and quite another to rely on such a fiction in construing § 502(a)(1)(B). The federal courts have repeatedly warned against allowing "inferred" or "implied" causes of action under § 502(a) of ERISA. *E.g., Mertens*, 508 U.S. at 254; *Flint v. ABB, Inc.*, 337 F.3d 1326, 1329 (11th Cir. 2003). Plaintiffs flout these warnings in attempting to apply § 502(a)(1)(B) on the basis of so-called "implied" terms of the Plan. Furthermore, if the provisions of ERISA could be treated as "implied" terms of a benefit plan <u>for purposes of § 502(a)(1)(B)</u>, then claims of statutory violations of ERISA could be heard in state courts, contrary to a deliberate decision by Congress to reserve these claims exclusively to the <u>federal</u> courts. *See supra* at 5-7. For this very reason, state courts have refused to treat the provisions of ERISA as implied-in-law terms of a benefit plan for purposes of § 502(a)(1)(B). *See, e.g., Shofer v. Stuart Hack Company*, 595 A.2d 1078, 1087-88 (Md. Ct. App. 1991); *Young*, 447 N.Y.S. 2d at 804; *see also Flint*, 337 F.3d at 1329 & n.1 (rejecting plaintiff's attempt to apply § 502(a)(1)(B) to an "implied" term in a benefit plan). The court in *May* did not address these fundamental aspects of § 502(a)(1)(B) in resolving the insurance coverage dispute before it.[5]

---

[5]    While *May* refers to § 502(a)(1)(B) in *dicta*, the court did not address – and did not need to address – the issues discussed above in order to construe the insurance policy before it. Two (continued...)

Plaintiffs also observe that money recoveries were awarded for statutory violations of ERISA in *Rybarczyk v. TRW, Inc.*, 235 F.3d 975 (6th Cir. 2001), and *Constantino v. TRW, Inc.*, 13 F.3d 969 (6th Cir. 1994). The short answer is that those decisions (i) do not suggest that statutory claims may be asserted under § 502(a)(1)(B) as opposed to § 502(a)(3), and (ii) pre-date the ground-breaking decisions in *Great-West* and *Crosby*, which hold that money judgments are not available under § 502(a)(3).

### C.    Plaintiffs Err in Asserting That ERISA Must Be Read to Provide Them With "Comprehensive" Remedies

Plaintiffs argue that § 502(a)(1)(B) must be interpreted to provide them with a money damages remedy, or else, in the wake of *Crosby v. Bowater*, they will have no remedy at all. *Pltfs. Mem.* at 1, 4. Plaintiffs also suggest that it is implausible that ERISA's "comprehensive" enforcement scheme would leave them without a damages remedy. *Id.* at 4. These arguments fail for several reasons.

First, the Supreme Court rejected similar arguments in *Great-West* and *Mertens*. In both those cases, the parties before the Court argued that ERISA's remedial provisions should be liberally construed to accomplish the "statutory purpose" of protecting plan participants and enforcing the terms of benefit plans. *Great-West*, 534 U.S. at 220; *Mertens*, 508 U.S. at 261-62. Moreover, the petitioner in *Great-West* argued – and the Court assumed – that unless the petitioner were permitted to seek monetary relief under § 502(a)(3), the petitioner would have no remedy whatsoever for its injury. 534 U.S. at 220. In both cases, however, the Court rejected the petitioners' arguments for an expansive reading of § 502(a)'s remedial provisions and strictly adhered to the text of those provisions. *See id.* at 220-21; *Mertens*, 508 U.S. at 261-62.

---

Seventh Circuit decisions that construe § 502(a)(1)(B) itself reinforce defendants' interpretation of that provision. *See Clair*, 190 F.3d at 497; *Kross*, 701 F.2d at 1244.

Moreover, in both cases, the Court emphasized that "vague notions of a statute's 'basic purpose' are . . . inadequate to overcome the words of its text regarding the <u>specific</u> issue under consideration." *Great-West*, 534 U.S. at 220 (emphasis in original); *Mertens*, 508 U.S. at 261 (same).

Here, as in *Great-West* and *Mertens*, the "specific issue under consideration" is resolved by the text of § 502. The plain language of § 502(a)(1)(B) applies to claims asserted under "the terms of a benefit plan," not to claims asserted under "the provisions of ERISA." Moreover, if there were any room for doubt about this conclusion, it would be extinguished by the legislative history's express statement that the cause of action supplied by § 502(a)(1)(B) was intended to apply to claims "<u>which do not involve application of the title I provisions</u>." H.R.Conf.Rep. No. 93-1280, *reprinted in* 1974 U.S.C.C.A.N. 5038, 5106-07 (emphasis added).

<u>Second</u>, contrary to plaintiffs' suggestion, the conclusion that § 502(a)(1)(B) does not apply to statutory claims does not leave plan participants without a means of enforcing the statutory provisions of ERISA. Participants are free to enforce the provisions of the statute by seeking injunctive relief under § 502(a)(3). *Cf. Crosby* 382 F.3d at 597 (noting the availability of prospective injunctive relief). For example, plaintiffs here allege that the AK Steel Plan is designed in a manner that violates ERISA. Plaintiffs could have sought a prospective injunction ordering AK Steel to cure this alleged design defect at any time after the Plan was adopted. Indeed, plaintiffs could have sought such an injunction <u>before</u> the Plan was adopted, since, as required by law, AK Steel provided advance notice of the Plan's adoption. *Cf.* ERISA § 204(h),

12

29 U.S.C. § 1054(h) (notice requirement). If plaintiffs had sought prompt injunctive relief, the alleged underpayments of which they now complain would never have occurred.[6]

Third, plaintiffs' argument that they will have no remedy "whatsoever" unless they are allowed to proceed under § 502(a)(1)(B) is essentially a misdirected attack on the Sixth Circuit's decision in *Crosby v. Bowater*. Prior to the decision in *Crosby*, ERISA § 502(a)(3) – not § 502(a)(1)(B) – would have provided plaintiffs with a means of seeking monetary relief for a statutory violation of ERISA. *See, e.g., Laurenzano*, 134 F. Supp. 2d at 194 (declining to consider ERISA statutory claim under § 502(a)(1)(B) but awarding monetary relief under § 502(a)(3)). In the wake of *Crosby*, however, plaintiffs can no longer seek monetary relief under § 502(a)(3). *See Crosby*, 382 F.3d at 589. Plaintiffs are now attempting to artificially expand the scope of § 502(a)(1)(B) in an effort to make up for the ground they lost in *Crosby*.

Plaintiffs' frustration with the decision in *Crosby* is not a valid basis for expanding the scope of § 502(a)(1)(B). If plaintiffs are dissatisfied with *Crosby's* interpretation of § 502(a)(3), the appropriate response is not to try to compensate for that interpretation by twisting other provisions of ERISA out of shape, but to seek relief from the *Crosby* decision itself. Plaintiffs may seek such relief in the court of appeals, the Supreme Court, or Congress.

---

[6]     As it happens, plaintiffs waited over six years after the adoption of the AK Steel Plan before bringing this action. During that six-year period, the Plan unwittingly accumulated a large unfunded liability if plaintiffs are correct about their ERISA claim and their right to recover money damages. There is nothing unreasonable about a remedial scheme which holds that a participant who waits for years before alleging that a plan is defectively designed will not be permitted to recover money damages for the period prior to the assertion of his claim. Indeed, one of the virtues of such a system is that it prevents the accumulation of huge unexpected liabilities on the part of employers who are unaware that their pension plan violates an aspect of a complex statutory scheme.

**D.    Plaintiffs Are Not Seeking Benefits Due "Under the Terms of the Plan."**

Plaintiffs make a cursory argument that all they seek in this case is an award of benefits due "under the terms of the plan," *Pltfs. Mem.* at 10, but that argument is specious. Plaintiffs are correct that the AK Steel Plan defines an employee's "accrued benefit" as a life annuity beginning at age 65, but an annuity beginning at age 65 is not what plaintiffs are seeking. Plaintiffs seek a lump sum payment of benefits, and in particular, a lump sum payment larger than the balance in their cash balance accounts. It is not the <u>Plan</u> that gives plaintiffs a right to receive a lump sum payment larger than their account balances; that right exists, if at all, only under the provisions of ERISA. Moreover, the success of plaintiffs' claims depends not on the interpretation given to the Plan but on the interpretation given to ERISA.

Earlier in the case, plaintiffs openly acknowledged that they do not seek any relief under the terms of the Plan. Specifically, they argued that they should be excused from ERISA's administrative exhaustion requirement because "the claim in this case does not seek an interpretation of the Plan. Rather, Plaintiffs' claim is that the Plan itself violates ERISA and the Internal Revenue Code. . . ." *Pltfs.' Mem. in Opposition to Defs.' Motion for Entry of Judgment That Pltfs.' Claim Is Time-Barred*, Docket Entry 26, at 14-15. This Court accepted plaintiffs' argument, observing that "Plaintiff is not disputing that the AK Steel Committee calculated his benefit in accordance with the terms of the AK Steel Plan. Rather, he is arguing that the plan itself violates ERISA." *Order of Dec. 3, 2003*, Docket Entry 51, at 13. Plaintiffs' <u>new</u> position that they are seeking relief "under the terms of the plan" bears no resemblance to the facts of their claim.

14

## CONCLUSION

For the foregoing reasons, defendants' motion should be granted.

Respectfully submitted,


_/s  George E. Yund_____

George E. Yund (0017714)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6824
(513) 651-6981  (fax)
gyund@fbtlaw.com
George Yund

*Trial Attorney for Defendants*


Robert D. Wick
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC  20004-2401
(202) 662-6000

*Attorney for Defendants*


November 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2004, the foregoing Defendants' Reply

Memorandum In Support of Their Motion To Dismiss Plaintiffs' Claims Under *Crosby v.*

*Bowater* was filed electronically.  Notice of this filing will be sent to all parties by operation of

the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who

are not served via the Court's electronic filing system.  Parties may access this filing through the

Court's system.


_____/s  George E. Yund_____


CinLibrary 0001590.0528818  1453615v.1