IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN D. WEST, on Behalf of        :
Himself and All Other Persons     :
Similarly Situated                :
                                  :
            Plaintiff,            :
                                  :
     vs.                          :   Case 1:02-cv-0001
                                  :
AK STEEL CORPORATION              :
RETIREMENT ACCUMULATION PENSION   :
PLAN, et al.                      :
                                  :
            Defendant.            :

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Claims (Doc. No. 58). Plaintiffs filed an opposition (Doc. 67), to which Defendant replied (Doc. 71). Defendant's motion contends that a recent decision from the Sixth Circuit, Crosby v. Bowater, 382 F.3d 587 (6th Cir. 2004), requires this Court to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1).

Background

This action was brought by John West, for himself and a class of former participants of AK Steel Corporation's pension plan ("Plan"), against the Plan and its administrative committee. Plaintiff alleges that the Plan violated provisions of the Employee Retirement Income Act of 1974 ("ERISA") and the Internal Revenue Code ("IRC"). After granting class certification (Doc. 55), this

Court granted partial summary judgment to the Plaintiffs (Doc. 56), holding that the manner in which the Plan calculated Plaintiff's lump sum retirement benefit violated ERISA.  Briefly summarized, this Court found that Section 1.2 of the Plan clearly defines "accrued benefit" as a participant's hypothetical account, in the form of a single life annuity, that is the "actuarial equivalent" of the participant's current account.  The Court rejected Defendant's argument that the projection rate for deriving that "actuarial equivalent" is found in ERISA (29 U.S.C. §1054(c)(3)), rather than within the Plan itself.  This Court also found that the 1994 amendment to ERISA Section 203(e), 29 U.S.C. §1053(e), was ambiguous with respect to its coverage of consensual lump sum distributions.  Therefore, the Court found that Treasury Regulation §1.411(a)-11(d) was valid with respect to post-1994 distributions, and that the present value discount rates set forth in 29 U.S.C. §1055(g)(3) should have been used by the Plan.

The Sixth Circuit issued its decision in Crosby v. Bowater Inc. Retirement Plan, 382 F.3d 587 (6th Cir. 2004), on September 9, 2004.  There, Crosby's employer, Bowater, sold the plant where Crosby worked, entitling Crosby to a lump sum payment of his accrued retirement benefit. He initially questioned the amount of the payment, which equaled his account balance (per a section of the plan), and asked the administrator to re-calculate using a "whipsaw" formula.  The administrator agreed to do so, resulting in

a higher payment to Crosby. The district court's decision noted that Bowater's plan was silent as to the whipsaw formula used, and granted the administrator discretion to make such plan interpretations. See Crosby v. Bowater, 212 F.R.D. 350, 354 (W.D. Mich. 2002). Despite the higher payment, Crosby was unhappy with the administrator's use of a pre-retirement mortality discount as a part of that whipsaw calculation. After exhausting his administrative remedies, he filed suit.

Crosby's suit in the district court sought relief **exclusively** under Section 502(a)(3), 29 U.S.C. §1132(a)(3), which permits suits to enjoin practices which violate ERISA or plan terms, and for appropriate equitable relief. Crosby sought a judgment ordering the defendant to recompute the lump sum benefits, to pay additional benefits to him and to all employees who had already received lump sum payments, and to enjoin the defendant from utilizing the mortality discount in the future. Defendant moved to dismiss, arguing that Section 502(a)(3) does not authorize suits for payments of benefits, which the defendant claimed was precisely what Crosby was seeking. The district court, however, granted Crosby summary judgment on the merits, finding that Crosby's request for relief was sufficiently "equitable" to permit his claim under Section 502(a)(3).

The Sixth Circuit reversed. It held that "Section 502(a)(3) does not authorize a plan participant to sue for recovery of benefits due to him under the terms of the plan. That is the

office of §502(1)(B) - a section with which Mr. Crosby has always insisted he will have nothing to do." Crosby, 382 F.3d at 594. In so holding, the Sixth Circuit followed Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002). Under Knudson, courts considering Section 502(a)(3) claims "must determine whether the relief sought is truly equitable." Knudson, 534 U.S. at 209-10 (as quoted in Qualchoice, Inc. v. Rowland, 367 F.3d 638, 643 (6th Cir. 2004)). Because Crosby was clearly seeking a judgment ordering the defendant to pay him additional benefits (the amount of which had already been calculated), the Sixth Circuit held that Crosby's action was not "truly equitable," and thus the district court lacked subject matter jurisdiction.

In reaching this conclusion, the Sixth Circuit specifically noted that Crosby had not attempted to amend his complaint in the district court to bring a claim under Section 502(a)(1)(B). The Court also noted that Crosby's appeal brief asserted he could **not** bring his claim under that section. For reasons that are not entirely clear to **this** Court, Crosby believed he was foreclosed from an action under Section 502(a)(1)(B), a belief about which the Sixth Circuit stated: "We intimate no view as to whether this proposition is correct." Crosby, 382 F.3d at 591, n. 5.

### ANALYSIS

Defendant's motion argues that this case must be dismissed because the Plaintiffs here, like Crosby, are seeking money damages and so cannot bring a claim under §502(a)(3). Defendant also argues that because Plaintiffs allege that the AK Steel Plan

violates ERISA, they are not seeking benefits "under the terms of the plan" for purposes of Section 502(a)(1)(B), and thus Plaintiffs cannot bring **any** claim at all. Indeed, Defendant's Reply specifically argues that Plaintiff West just waited "too long" to complain about his lump sum distribution, and so he should be barred from recovery.[1]

Defendant's argument ignores the basis for this Court's previous grant of partial summary judgment to Plaintiff. This Court has already found that the Plan plainly defines the term "accrued benefit" as a single life annuity commencing at normal retirement age. The Court rejected **Defendant's** argument that the projection rate for a participant's account is controlled by the ERISA statute, rather than by the plain terms of the Plan. Clearly, Plaintiffs are "participants" in the Plan, and they are seeking Plan benefits "under the terms of the Plan." The fact that they challenge the section of the Plan concerning the lump sum benefit calculation does not, and should not, doom their claim.

More importantly, the Plaintiffs in this case, unlike Mr. Crosby, **expressly** bring their claims under Sections 502(a)(1)(B) **and** (a)(3). Comp. ¶1. The Complaint is styled "Class Action Complaint for **Damages and** Other Relief." Nothing in Crosby suggests that this alternative pleading for relief is now impermissible. To the contrary, Crosby confirms long-standing

---

[1] This Court previously denied Defendant's motion for entry of judgment because Plaintiffs' claim is time-barred (Doc. 51). Defendant does not argue that Plaintiffs' claim is barred by the applicable statute of limitations.

law; in fact Defendant noted in its own motion for judgment on the time-bar issue that Plaintiff could not recover money damages under Section 502(a)(3).  (See Doc. 20, p. 6 at n. 3.)  Plaintiffs may, however, obtain declaratory relief under that section.  Nothing in <u>Knudson</u> or <u>Crosby</u> suggests that plan participants are barred from seeking a judgment that the plan violates ERISA and the consequent recovery of the correct amount of plan benefits under Sections 502(a)(1)(B) and (a)(3).

But, Defendant now argues, Plaintiffs cannot maintain a claim under Section 502(a)(1)(B) either because Plaintiffs are not seeking a judgment under the Plan as it is written.  Defendant cites several cases in support of its newfound argument.  Defendant's cases are simply not relevant to the facts of this case.  For example, in <u>Fraser v. Lintas</u>, 56 F.3d 722 (6th Cir. 1995), a plan participant's ex-wife claimed that the plan breached a fiduciary duty when it made a distribution to her without fully advising her of the potential tax consequences.  She sought compensatory damages.  Her claim plainly was not one for benefits under the terms of the plan.  Similarly, in <u>Hughes v. General Motors Corp.</u>, 852 F.2d 568 (6th Cir. July 14, 1988) (unpublished), the plaintiff employees claimed they had relied on their employer's allegedly false oral assurances in opting for early retirement, when the employer knew at the time it would be offering enhanced benefits in the very near future and did not disclose that fact to the employees.  The employees sued to obtain those enhanced benefits, but the court held they could not bring a §502(a)(1)(B)

claim because they were unquestionably **not** participants or beneficiaries of that new plan.

Defendant also cites <u>Ramsey v. Formica Corp.</u>, 2004 WL 1146334 (S.D. Ohio April 6, 2004), involving an unfortunate situation of unintended overpayment of benefits to plan participants. When the employer discovered the error, it notified the participants of a reduction in their benefits. Those employees then sought a preliminary injunction to prevent the reduction, which this Court denied. The terms of the plan were not violated by the reduction (indeed, the overpayments violated the plan). Plaintiffs freely admitted they were not entitled under the plan to the overpaid benefits they had been receiving. This Court therefore concluded that plaintiffs had not established the likelihood of success on the merits of a Section 502(a)(1)(B) claim.

Here, Plaintiffs contend that they are entitled to additional lump sum benefits under the terms of the Plan, because the Plan's treatment of lump sum payments violates ERISA. To accept Defendant's argument that Plaintiffs cannot bring any claim, would in effect permit plan terms that blatantly violate ERISA to stand unchallenged, because once the benefits were paid, participants could not bring a claim under §502(a)(1)(B) for benefits "under the terms of the plan." As noted in <u>Clair v. Harris Trust</u>, 190 F.3d 495, 498 (7th Cir. 1999), another case cited by Defendant, such a conclusion would leave a "big gap in ERISA's remedial scheme." Other courts have permitted claims very similar to Plaintiffs' claims here to proceed. See, e.g., <u>Esden v. Bank of Boston</u>, 229

F.3d 154 (2nd Cir. 2000), noting that plaintiff brought her claim under **both** Sections 502(a)(1)(B) and (a)(3) seeking money damages and an order barring the plan from using the challenged lump sum calculation method; and Berger v. Xerox Corp. Retirement Income Guarantee Plan, 338 F.3d 755 (7th Cir. 2003), where the Seventh Circuit sensibly described plaintiffs' claim as one for declaratory relief, from which a recalculation and award of benefits would, hopefully, naturally flow.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Claims under Crosby v. Bowater (Doc. 58) is denied.

DATED: November 22, 2004         s/ Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                 United States District Court