IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | ) ) ) | Case No.: C-1-02-0001 |
| Plaintiffs | ) ) | |
| v. | ) ) | District Judge Sandra S. Beckwith |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan | ) ) ) | Magistrate Judge Timothy S. Black |
| Defendants | ) ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF DAMAGES AND PREJUDGMENT INTEREST, AND IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SUCH ISSUES**

The issues of damages and prejudgment interest were fully addressed in plaintiffs' earlier memorandum, entitled Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment on the Issues of Damages and Prejudgment Interest ("Plaintiffs' Memorandum") (Doc. No. 61). The exhibits accompanying that memorandum explained the method of calculating the damages, as well as the actual results of the calculations for each class member and for the class as a whole. *See* Affidavit of Michael L. Libman ("Libman Affidavit") at ¶ 7 and Exhibit 4: Proposed Schedule of Underpayments, and Exhibit 1: Summary of Underpayments.[1] The text

---

[1] The Libman Affidavit and Exhibits were filed separately in Submissions in Support of Plaintiffs' Motion for Partial Summary Judgment on the Issues of Damages and Prejudgment

of the memorandum demonstrated the legal basis for the damages award, and the appropriateness of awarding prejudgment interest thereon. *See* Plaintiffs' Memorandum at 2-3, 5-13.

Defendants oppose the requested damages award on only three grounds. Those objections are unfounded, as shown below.

### A. DEFENDANTS' ASSERTION THAT THEY HAVE THE RIGHT TO PAY THE DAMAGES IN THE FORM OF ANNUITIES RATHER THAN IN CASH IS INSUPPORTABLE

Defendants assert that they are entitled to pay the damages in the form of annuities commencing at age 65, rather than immediate cash payment to the class members. Defendants' Memorandum in Support of Their Motion for Partial Summary Judgment on the Issues of Damages and Prejudgment Interest ("Defendants' Memorandum") at 1, 4-8. That assertion is insupportable and denies the authority of this Court to enforce its judgments.

In its April 8, 2004 decision on liability, this Court determined that "the manner in which Plaintiffs' lump sum disbursements were calculated under the AK Steel Plan violated ERISA and the I.R.C." *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F. Supp. 2d 579, 591 (S.D. Ohio 2004). The Court granted plaintiffs' motion for partial summary judgment on the issue of liability and directed that "[t]his matter will proceed on the issue of damages." *Id.*

According to defendants, however, the amounts payable to class members as a result of the Court's liability judgment are not damages awarded by the Court, but rather "additional benefits" that are subject to defendants' discretion as to the form of the payment. Defendants' Memorandum at 1, 5-6. It therefore follows, according to defendants, "that plan sponsors—not plan participants—be permitted to choose among the permissible remedies for an ERISA

---

Interest ("Plaintiffs' Submissions in Support") (Doc. Nos. 62 & 63).

2

violation." Defendants' Memorandum at 6.

In fact, it is the Court, rather than defendants, that would have the authority "to choose among the permissible remedies for an ERISA violation." In the instant case, the ERISA violation found by this Court consisted of the miscalculation, and resulting underpayment, of the lump sum distributions that were paid to class members when they retired. The remedy is a payment of damages in the amounts that should have been paid to class members at the time of their original lump sum distributions.

Defendants claim the right to pay the damages in the form of annuities commencing at age 65 "because it allows the Plan to spread out its damages payments over time." Defendants' Memorandum at 1. However, as plaintiffs' expert, Michael Libman, points out, paying the damages "in the form of an annuity commencing at age 65 (an age that 80% of the class has not yet reached) … would be contrary to the election that each class member made—to take retirement benefits in a lump-sum payment at retirement." Libman Affidavit at ¶ 15. Defendants' payment of the damages in the form of age-65 annuities would effectively force class members to leave a portion of their pension benefits in the Plan, contrary to the elections they made when they retired.

B. **DEFENDANTS' ASSERTION THAT THEY ARE ENTITLED TO A REDUCTION OF THE DAMAGES ON ACCOUNT OF "PRE-RETIREMENT MORTALITY" HAS BEEN REJECTED BY THE COURTS**

Defendants assert that they are entitled to a reduction of the damages on account of "pre-retirement mortality." Defendants' Memorandum at 9-19. In fact, the courts have rejected pre-retirement mortality reductions under the circumstances presented here. *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 813-17 (S.D. Ill., 2002), *aff'd sub nom. Berger v.*

*Xerox Corp. Retirement Income Guarantee Plan*, 338 F.3d 755 (7th Cir. 2003) (opinion by Posner, J.).

Defendants insist that they are right, and that the courts that have addressed the issue are wrong. Defendants reiterate the same discredited arguments that were rejected by the Seventh Circuit in *Berger*. Judge Posner, after considering those arguments, described them as "unfathomable." *Berger*, 338 F.3d at 764. The district court in *Berger* engaged in an extensive analysis of the statutory and regulatory provisions bearing on the issue, and cited five reasons for concluding that when a Plan does not reduce the normal pension benefit payable to beneficiaries in the event of a participant's death, ERISA precludes a pre-retirement mortality reduction in the lump sum calculation as a matter of law. *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d at 813-17.

Defendants dismiss the *Berger* decisions as poorly-reasoned and shallow. According to defendants, "the district court decision rests on a series of errors of law," and the brief submitted by the attorneys for Xerox Corporation was "so truncated and so poorly explained" that the court of appeals never understood the issue at all. Defendants' Memorandum at 15-16. Defendants' argument clutches at straws. Indeed, the critical point supposedly missed by the court of appeals—i.e., the supposed characterization of death benefits as "incidental" or "ancillary" benefits—was fully addressed by the district court in *Berger*. 231 F. Supp. 2d at 816-17. The court of appeals can be presumed to have read the district court opinion.

### C. DEFENDANTS ASSERTION THAT THE COURT SHOULD NOT AWARD PREJUDGMENT INTEREST IS CONTRARY TO LAW

Defendants disregard settled law when they assert that the award of damages for the underpayment of lump sum pension distributions should not include prejudgment interest. Defendants' Memorandum at 20-21. As the Supreme Court observed in *Kansas v. Colorado,* 533 U.S. 1 (2001), "[o]ur cases since 1933 have consistently acknowledged that a monetary award does not fully compensate for an injury unless it includes an interest component." 533 U.S. at 10 (citing *Milwaukee v. Cement Div., National Gypsum Co.*, 515 U.S. 189, 195 (1995); *West Virginia v. United States*, 479 U.S. 305, 310-311, n. 2 (1987); *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655, n. 10 (1983)).

The appropriateness of prejudgment interest in cases like this one is also firmly established in decisions of the lower courts. *Wells v. United States Steel,* 76 F.3d 731, 737 (6th Cir. 1996) ("beneficiaries of pension plans have a right to prejudgment interest on benefits wrongfully withheld") (discussing *Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993), *cert. denied*, —U.S.—, 114 S.Ct. 1371 (1993)). *Accord, Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991) ("prejudgment interest should be *presumptively* available to victims of federal law violations," and that rule is "specifically applicable to ERISA cases"); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 n.11 (5th Cir. 1991).

### D. CONCLUSION

For these reasons, and for the reasons addressed in plaintiffs' earlier memorandum, plaintiffs respectfully submit that the Court should grant their motion for partial summary judgment against defendants on the issues of damages and prejudgment interest, and that the Court should approve and adopt the damages and prejudgment interest computations set forth in Mr. Libman's Exhibit 4: Proposed Schedule of Underpayments.

                                        Respectfully submitted,

                                        s/   Thomas R. Theado
                                        Trial Attorney
                                        Thomas R. Theado (0013937)
                                        GARY, NAEGELE & THEADO
                                        446 Broadway Avenue
                                        Lorain, Ohio  44052-1797
                                        Ph:    440-244-4809
                                        Fx:    440-244-3462

Of Counsel:                    Robert D. Gary (0019610)
                                        Jori Bloom Naegele (0019602)
                                        Thomas A. Downie (0033119)
                                        GARY, NAEGELE & THEADO
                                        446 Broadway Avenue
                                        Lorain, Ohio  44052-1797
                                        Ph:    440-244-4809
                                        Fx:    440-244-3462

                                        Allen C. Engerman
                                        Law Offices of Allen C. Engerman, P.C.
                                        666 Dundee Road–# 1200
                                        Northbrook, Illinois  60062
                                        Ph:    847-564-5555
                                        Fx:    847-564-4944

                                        Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas A Downie    tdownie@gntlaw.com
    Allen C Engerman    acelaw@mcn.org
    Stuart J Evans    sevans@cov.com
    Robert D Gary    office@gntlaw.com
    Jori Bloom Naegele    jnaegele@gntlaw.com
    Michael A Roberts    mroberts@graydon.com
    Thomas R Theado    ttheado@gntlaw.com
    Robert D Wick    rwick@cov.com
    George Edward Yund    gyund@fbtlaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Christopher M Denig
    Covington and Burling
    1201 Pennsylvania Avenue, N.W.
    P.O. Box 7566
    Washington, DC 20044

    s/ Thomas R. Theado
    Thomas R. Theado (0013937)
    Attorney for Plaintiffs
    Gary, Naegele & Theado
    446 Broadway Avenue
    Lorain, Ohio 44052-1797
    Telephone: (440) 244-4809
    Telecopier: (440) 244-3462
    E-mail: TomTheado@aol.com