IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated, | ) ) | |
| Plaintiffs, | ) ) | Case No. 1:02-CV-0001 |
| v. | ) ) | |
| AK Steel Corp. Retirement Accumulation Pension Plan, | ) ) ) | District Judge Sandra S. Beckwith |
| – and – | ) | |
| AK Steel Corporation Benefit Plans Administrative Committee | ) ) | Magistrate Judge Timothy S. Black |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AGAINST NINETY-TWO CLASS MEMBERS, OR, IN THE
ALTERNATIVE, TO AMEND THE CLASS CERTIFICATION ORDER**

AK Steel Corporation – not a party in this action – unilaterally terminated 92 of its employees, class members herein, during the months of October through December 2003.[1] Contemporaneously, AK Steel required each terminated employee to execute a general release,

---

[1] Defendants' Motion for Summary Judgment Against Ninety-Two Class Members, or, in the Alternative, to Amend the Class Certification Order (Doc. No. 75, filed Dec. 1, 2004), at Memorandum in Support ["Defendants' Motion"], 1-2. See Defendants' Appendix Exhibits ["Defs' App. Exs."] 34 and 35. Defendants identify the 92 class members at Defs' App. Ex. 38. Defendants' Motion at 3. Defendants produced copies of the releases to plaintiffs' counsel, marked AK10001 through AK10336. Facts not appearing within Defendants' Motion, but pertinent to its resolution, are to be found in those releases (such as the dates of the class member's termination from employment with AK Steel Corporation), and plaintiffs' instant response will cite to such documents by their Bates-number.

in a form provided by AK Steel, before the employee could receive severance benefits.[2] Neither of the defendants in this lawsuit is named in any of the releases.[3] Nevertheless, defendants contend that the releases bar the 92 class members' ERISA pension claims in this suit, which claims, defendants acknowledge, the Court has found meritorious.[4]

This Court should conclude that the releases interposed by defendants must be rejected as a group because they categorically cannot operate to extinguish any of the 92 class members' claims in this suit:

- Defendants waived release as a defense by failing to plead it affirmatively as required by Fed.R.Civ.P. 8(c);

- Neither of the defendants in this suit – a pension plan and its administrator – is a releasee under any of the releases; and

- There is no precedential authority for defendants' thesis that a general release can extinguish an ERISA pension claim.

---

[2] Indeed, any "opportunity to receive severance benefits [came] in exchange for the execution of a general release," and it was "[t]he company's decision to require the execution of a release in exchange for severance benefits …." Declaration of Sandra J. Evans (Defs' App. Ex. 34) at ¶¶ 4 and 8. *Accord*, Defendants' Motion at 2-3 ("[T]he terminated employees were informed that they would have the opportunity to receive severance benefits in exchange for the execution of a general release. … AK Steel distributed two standard form releases to terminated employees …. The Releases offered the terminated employees benefits …. In exchange, employees were required to release all claims against AK Steel Corporation and related entities.").

[3] *See* Defs' App. Exs. 36 and 37.

[4] "On April 8, 2004, the Court granted plaintiffs' Motion for Partial Summary Judgment, concluding that the manner in which plaintiffs' lump-sum disbursements were calculated under the Plan violated the Employment Retirement Income Security Act ('ERISA')." Defendants' Motion at 1 (citing Order [Doc. No. 56], entered on April 8, 2004).

If the Court concludes that it cannot reject the releases as a group, then the Court should further conclude that the validity of the releases is properly determined, as defendants alternatively contend, on an individual basis, and accordingly should amend this suit's class certification Order[5] to exclude the 92 class members.

## I. THE AK STEEL CORPORATION RELEASES CANNOT BAR ANY CLASS MEMBER'S CLAIM IN THIS SUIT.

There are good and compelling reasons to conclude that the releases, as a group, do not apply to the ERISA pension claims asserted in this action.

### A.  Defendants Waived Release as a Defense.

In the first instance, defendants waived release as a defense by failing to plead it affirmatively.

> "Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. This proposition has been announced by numerous federal courts in cases involving a variety of affirmative defenses."[6]

Hence, the Sixth Circuit teaches that a defendant may not premise a motion for summary judgment on an affirmative defense not asserted in the defendant's Answer:

---

[5]  Order Granting Motion to Certify Class (Doc. No. 55), entered on March 9, 2004 ["Class Certification Order"].

[6]  *Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990) (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE, § 1278 (1969)). *Accord*, *e.g.*, *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004); *Scott v. Collins*, 286 F.3d 923, 927-928 (6th Cir. 2002).

> [T]o allow the defendants to raise this affirmative defense initially at the summary judgment motion would violate Rule 8(c) and unfairly prejudice the plaintiff, which is why the rule requires that such a defense be asserted in the answer. We hold that this defense has been waived.[7]

This rule – that an unpled affirmative defense is waived, and may not initially be raised in a motion for summary judgment – applies with equal force in an action under ERISA where, as here, defendants belatedly assert release.[8]

> Because First UNUM failed to raise this defense in its Answer it could not raise it at the summary judgment stage. Release is an affirmative defense, enumerated under Federal Rule of Civil Procedure 8(c), and in general, failure to raise an affirmative defense in the original pleadings constitutes a waiver of the defense.[9]

In the instant action, defendants' Answer expressly pled six separate affirmative defenses, but never mentioned release.[10] Furthermore, defendants have refused to amend their Answer, even now more than a year after the last of the 92 releases were executed. Therefore, this Court should conclude that defendants waived release as a defense by refusing to plead it affirmatively and, on that basis, the Court should reject the releases as a group.

---

[7] *Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990). *Accord*, *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988).

[8] *Radford Trust v. First UNUM Life Ins. Co. of America*, 321 F.Supp.2d 226. 242-243 (D.Mass. 2004).

[9] *Id.* at 242 (citations omitted) (citing, inter alia, *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994); *Federal Deposit Ins. Corp. v. Ramirez-Rivera*, 869 F.2d 624, 626 (1st Cir. 1989)).

[10] Answer of Defendants AK Steel Corporation Retirement Accumulation Pension Plan and AK Steel Corporation Benefit Plans Administrative Committee to Putative Class Action Complaint (Doc. No. 13), filed April 4, 2002, ["Defendants' Answer"] at 18-19.

## B. Defendants Are Not Releasees.

Even if the Court excuses defendants' refusal to affirmatively plead release, the releases as a group must be rejected because neither of the defendants is a releasee.

Patently, neither defendant is named in any of the releases.[11] Thus, to come within the releases' scope, defendants must contend that they are "related entities" vis-a-vis the named releasees, AK Steel Holding Corporation and AK Steel Corporation.[12] However, defendants – a pension plan and its administrator[13] – are legal entities separate and distinct from the employer named in each release.[14] Thus, as a matter of law, releasing the employer, AK Steel, does not operate to release the defendant pension plan or its administrator.[15] Further, the releases factually evidence that at least one employee's release asserted rights to pension benefits inconsistent with her having "released" such benefits in the document.[16]

---

[11]   *Cf.* Defendants' Motion at 3, n. 1, *with* Defs' App. Exs. 36 and 37.

[12]   AK Steel Corporation is a wholly-owned subsidiary of AK Steel Holding Corporation. *Cf.* Class Action Complaint for Damages and Other Relief (Doc. No. 1), filed Jan. 2, 2002 ["Plaintiffs' Complaint"] at 1-2, ¶ 4, *with* Defendants' Answer at 3, ¶ 4.

[13]   *Cf.* Plaintiffs' Complaint at 3, ¶¶ 5 and 6, *with* Defendants' Answer at 3-4, ¶¶ 5 and 6.

[14]   ERISA § 502(d), 29 U.S.C. § 1132(d).

[15]   *Laurenzano v. Blue Cross and Blue Shield of Mass., Inc.*, 191 F.Supp.2d 223, 233 (D.Mass. 2002) ("the Trust is a legal entity separate from Blue Cross, so releasing Blue Cross does not automatically release the Trust"). *See Barron v. UNUM Life Ins. Co. of Am.*, 260 F.3d 310, 315-316 (4th Cir. 2001); *Antoniou v. Thiokol Corp. Group Long Term Disability Plan*, 849 F. Supp. 1531, 1534 (M.D.Fla. 1994).

[16]   Severance Agreement and Release dated December 1, 2003, dated by Sharon L. Sechler as of December 18, 2003, at 3 (AK10273) ("I am requesting in writing a copy of the terms/rules/benefits of my locked and frozen pension (which was frozen as of 3-31-2000).

Moreover, defendants have not cited, nor has plaintiffs' research discovered, any law – statutory or decisional, published or unpublished – supporting defendants' premise that an employer's pension plan, and that plan's administrator, properly come within the scope of the employer's "related entities" for release purposes.

Therefore, even if the Court were to excuse defendants' refusal to affirmatively plead release, the Court should reject the releases as a group because neither of the defendants is a releasee under any of the releases.

### C.  There Is No Precedential Authority Supporting Defendants' Thesis That a General Release Can Extinguish ERISA Pension Claims.

Even if the Court excuses defendants' refusal to affirmatively plead release and were to find that defendants come within the scope of the releases, the Court nevertheless should reject the releases as a group because there is no precedential authority for defendants' thesis that a general release can extinguish an ERISA pension claim.

Defendants, apparently recognizing that none of the AK Steel releases even mention "retirement," "ERISA" or "pension,"[17] must propose that "a general release is effective to extinguish ERISA claims."[18]  In support of that proposition, however, defendants cite only to

---

Thank you – Sharon Sechler").  A copy of this document is filed as an electronic attachment to plaintiffs' instant response.

[17]    Defendants produced copies of the 92 releases to plaintiffs' counsel, marked AK10001 through AK10336.  Such releases show, as defendants' Defs' App. Exs. 36 and 37 attest, that the words "retirement," "ERISA" and "pension" do not appear within any of the releases.

[18]    Defendants' Motion at 5.

unpublished opinions of the Sixth Circuit.[19] Such opinions are not controlling – they are "unpublished, and therefore only of persuasive value at most."[20] And even their persuasive value is negated by their facts:

&lt;   In none of the unpublished opinions cited by defendants was the pension plan a defendant. Thus, at best the holding of each is that a general release may bar ERISA claims against an employer. Defendants in the instant action are the pension plan and its administrator, *not* the employer named in each of the 92 releases.

&lt;   The benefits at issue in all but one of defendant's unpublished opinions were welfare and health benefits, *not* pension benefits as in the instant action. Opinions construing welfare and health plans do not automatically apply when ERISA pension benefits are at issue, because Federal common law requires a "heightened scrutiny" of alleged waivers of ERISA pension benefits.[21] In the one unpublished opinion cited by defendants in which

---

[19]   *Id.* (citing *Samms v. Quanex Corp.*, 1996 WL 599821 (6th Cir. 1996); *Miller v. General Motors Corp.*, 1988 WL 38965 (6th Cir. 1988); *Valeck v. Watson Wyatt and Co.*, 2004 WL 500985 (6th Cir. 2004); *Almond v. ABB Industial Systems, Inc.*, 2003 WL 173640 (6th Cir. 2003); *Halvorson v. Boy Scouts of America*, 2000 WL 571933 (6th Cir. 2000)). Copies of these unpublished opinions appear at Defs' App. Exs. 44 through 48 and 49. Defendants also cite to *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58 (D.Conn. 2003), but that opinion expressly declined to determine the validity of the general releases presented in that case, *id*. at 65.

[20]   *EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 518 (6th Cir. 2001) (citing 6th Cir. Rule 28(g)). *Accord City of Detroit v. City of Highland Park*, 878 F. Supp. 87, 90, n. 3 (E.D.Mich. 1995) ("An unpublished opinion cannot be used as precedent."). *See Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 295, n. 3 (6th Cir. 1993) (citing, inter alia, *Eyerman v. Mary Kay Cosmetics*, 967 F.2d 213, 218 (6th Cir. 1992); *Hall v. Shipley*, 932 F.2d 1147, 1152 (6th Cir. 1991)).

[21]   *E.g.*, *Morais v. Cent. Beverage Corp. Union Employees' Supplemental Ret. Plan*, 167 F.3d 709, 712-713 (1st Cir. 1999); *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 231 (2nd Cir. 1995); *Carrabba v. Randalls Food Markets, Inc.*, 145 F. Supp. 2d 763, 771 (N.D. Tex. 2000), *aff'd*, 252 F.3d 721 (5th Cir. 2001), *cert. den'd*, 534 U.S. 995 (2001). *Accord Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 317 (S.D.N.Y. 2003) (cited in Defendants' Motion at 8, 9, 10, 11 and 12).

pension benefits were claimed,[22] the efficacy of general releases was not an issue on appeal.[23]

Thus, there is no precedential authority to support this Court finding that a general release properly may bar ERISA pension benefits, and what authority defendants cite is not even persuasive on the issue. To the contrary, there is case law which holds that ERISA benefits cannot be waived.[24]

On the basis of a lack of precedential authority supporting a general release's capability to extinguish ERISA pension benefits, the Court should reject AK Steel's releases as a group.

## II. IF THE COURT WILL NOT REJECT THE RELEASES AS A GROUP, THEN THE CLASS SHOULD BE AMENDED TO EXCLUDE THE 92 RELEASORS.

If the Court excuses defendants' refusal to affirmatively plead release, and further finds that the defendants are releasees, and additionally finds precedential authority authorizing a general release's extinguishment of an ERISA pension claim (even where, as here, the release never mentions "retirement," "ERISA" or "pension"), then the Court should further conclude that the validity of the releases should properly be determined on an individual basis.

---

[22] *Almond v. ABB Industrial Systems, Inc.*, 2003 WL 173640 (6th Cir. 2003).

[23] *Id.* at **3.

[24] *Ferris v. Marriott Family Restaurants*, 878 F. Supp. 273, 277 (D.Mass. 1994) ("As a general rule, rights under an ERISA plan may not be waived or assigned."). *Accord Gallade v. Commissioner*, 106 T.C. 355, 362 (U.S. Tax Court 1996). *See Reighard v. Limbach Co.*, 158 F. Supp. 2d 730, 733 (E.D.Va. 2001) ("[W]here, as here, a covenant not to sue purports to waive prospectively any future rights or claims under ERISA, the result, in effect, is to grant the employer a license to violate ERISA in the future with impunity. ERISA rights are too important to permit this result.") *See also Benham v. Lenox Savings Bank*, 26 F. Supp. 2d 231, 238 (D.Mass. 1998).

Accordingly, the Court should amend this suit's class certification Order to exclude the 92 individuals from the class.

### A. The ERISA Pension Claims Are Properly Class Claims.

The class' authorized representative, named plaintiff John West, is not among the 92 class members who signed the AK Steel releases.[25] Thus, Plaintiff West's claims remain typical of the claims of every class member who did not execute an AK Steel release,[26] and for such members Plaintiff West remains an entirely adequate representative.[27]

Further, Plaintiff West is an adequate class representative for, and asserts claims typical of, *all* class members insofar as the ERISA pension issues of this suit are concerned. Fed.R.Civ.P. 23 contemplates that a suit may present class claims and claims not suitable for class-wide adjudication. In the instant case, positing that the Court will not reject the releases as a group, the validity and value of the suit's pension claims are amenable to class-wide resolution, separately from whether any of the 92 class members are barred by their release from pursuing such claims. Indeed, defendants concede that the Court's class-wide decisions on liability and valuation inure to the 92 class members whose releases are at issue:

> There would be no loss of efficiency in excluding the 92 class members who executed Releases from the Class because these individuals would still be free to rely on this Court's construction of ERISA as it pertains to liability and the

---

[25] "Named plaintiff John West did not execute a Release …." Defendants' Motion at 11. *See* Defs' App. Ex. 38.

[26] *See* Class Certification Order at 7.

[27] *See id*. at 7-8.

calculation of damages.[28]

### B. The Validity of the Releases, If Not Rejected as a Group, Is Not an Issue Appropriate for Class Treatment, and the 92 Releasors Should Be Excused from the Class.

If the Court will not reject the releases as a group, then the individual issues necessarily involved in determining the validity of the releases overwhelms the class-action device, and renders Plaintiff West insufficient to represent, and assert the rights of, the 92 releasors on the issue of the releases' efficacy.

Case law relied upon by defendants agree that, when the validity of a release is at issue, "[t]he court is required to closely inspect the totality of the circumstances surrounding a waiver of ERISA benefits."[29]

> This analysis requires an examination of the following factors:
> (1) the plaintiff's education and business experience,
> (2) the amount of time the plaintiff had possession of or access to the agreement before signing it,
> (3) the role of plaintiff in deciding the terms of the agreement,
> (4) the clarity of the agreement,
> (5) whether the plaintiff was represented by or consulted with an attorney, as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so and
> (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.[30]

---

[28]   Defendants' Motion at 11.

[29]   *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 65 (D.Conn. 2003) (citations omitted). *See* Defendants' Motion at 5, 6, 10 and 12.

[30]   *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 65 (D.Conn. 2003) (citations and brackets omitted). *See* Defendants' Motion at 5, 6, 10 and 12.

For such reasons, many courts have determined that the validity of releases is not an appropriate issue for determination on a class basis.[31] To quote defendants, "[t]o the extent that 'evaluation of the Releases raises questions of law and fact that are not shared by the Class and the named Plaintiffs, and requires a case-by-case factual inquiry unique to many absent class members,'" class treatment is inappropriate.[32] For these same reasons, this Court should decline to rule on a class-wide basis that, in each and every of the 92 instances asserted by defendants, the ex-employee's release operates to extinguish the ex-employee's ERISA pension claim in this suit.

Moreover, the evidence submitted by defendants shows that any consideration of the releases' validity necessarily will raise factual issues of an individual nature. As shown above, in no instance is AK Steel's pension plan mentioned, nor even do the words "retirement" or "pension" appear, in any of the releases. That fact alone "belies the argument that the releases were knowing and voluntary."[33] Further, as broached above, at least one employee's release asserted rights to pension benefits inconsistent with her having released such benefits.[34] In an

---

[31] *E.g.*, *Walker v. Asea Brown Boveri, Inc.*, 214 F.R.D. 58, 66 (D.Conn. 2003) (determining the individual issues necessarily involved in deciding the validity of a release in an ERISA pension suit "will necessarily require a fact-specific inquiry").

[32] Defendants' Motion at 8-9 (quoting *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 323 (S.D. N.Y. 2003)).

[33] *Laurenzano v. Blue Cross and Blue Shield of Mass., Inc.*, 191 F.Supp.2d 223, 233 (D.Mass. 2002).

[34] Severance Agreement and Release dated December 1, 2003, dated by Sharon L. Sechler as of December 18, 2003, at 3 (AK10273) ("I am requesting in writing a copy of the terms/rules/benefits of my locked and frozen pension (which was frozen as of 3-31-2000). Thank you – Sharon Sechler"). A copy of this document is filed as an electronic attachment to

additional instance, a releasor had received, in addition to lump-sum distribution of his pension benefits following his termination in 2003, another lump-sum pension distribution some years earlier,[35] but defendants have offered no explanation as to which distribution they contend his release applies. In two additional instances, the releasors apparently received no lump-sum pension distributions following their terminations in 2003, but each had received a lump-sum distribution some years earlier.[36]

Finally, defendants have failed to carry their burden of showing that, on each of the aforementioned essential issues, there is no genuine issue of material fact, and that on each such issue defendants are entitled to a judgment as a matter of law. Even the unpublished opinions relied upon by defendants provide that a release is valid only "if it was knowingly and voluntarily made under circumstances not indicating any overreaching or exploitation."[37]

---

plaintiffs' instant response.

[35] Defendants have identified Norman S. Arnold as one of the 92 class members who had executed releases. Defs' App. Ex. 38. Defendants previously stated that Mr. Arnold was had received two lump-sum pension distributions, the first in December 1996 and a second in March 2004. *E.g.*, Declaration of Lawrence Sher (Doc. No. 80), filed Dec. 1, 2004, at Ex. 3 at pg. 1.

[36] Defendants have identified Charles E. Slusher and Robert M. Wilson II as class members who had provided releases incident to their November 2003 terminations. Defs' App. Ex. 38. Defendants previously stated that Mr. Slusher's lump-sum pension distribution was made in February 1996, and that Mr. Wilson's distributions was made in December 1997. *E.g.*, Declaration of Lawrence Sher (Doc. No. 80), filed Dec. 1, 2004, at Ex. 3 at pgs. 35 and 43. Defendants have never identified Messrs. Slusher or Wilson having received any pension benefits after their November 2003 job terminations. *See* Declaration of Lawrence Sher (Doc. No. 80), filed Dec. 1, 2004, at Exs. 3 and 4.

[37] *Halvorson v. Boy Scouts of America*, 2000 WL 571933 at *6 (6th Cir. 2000) (citing *Mararri v. WCI Steel, Inc.*, 130 F.3d 1180, 1184 (6th Cir. 1997)). A copy of *Halvorson*

Defendants have not made the necessary evidentiary showing to make that determination, on the basis of the individual factors to be considered.

Therefore, if the Court will not reject the 92 releases as a group, then the Court should decline to determine on a class-wide basis that each and every such release is valid and rather, as requested by defendants, should amend the class' definition to exclude the 92 individuals whose releases are presently at issue.

### III. CONCLUSION

There are good and compelling reasons to conclude that the releases do not apply to the ERISA pension claims asserted in this action. Those reasons, individually or in combination, warrant the Court rejecting the releases as a group:

- Defendants waived release as a defense by failing to plead it affirmatively as required by Fed.R.Civ.P. 8(c);

- Neither of the defendants in this suit – a pension plan and its administrator – is a releasee under any of the releases; and

- There is no precedential authority for defendants' thesis that a general release can extinguish an ERISA pension claim.

If the Court will not reject the releases as a group, then the Court should decline to determine the validity of the releases on a class-wide basis because, as defendants alternatively contend, the validity of the releases is properly determined on an individual basis. A myriad of individual factors is necessarily involved in a close inspection of the totality of the circumstances surrounding the validity of a release of ERISA pension benefits. Such an inspection makes class

---

appears at Defs' App. Ex. 45.

treatment of the validity issues inappropriate.  As a result, on such issues Plaintiff West would be rendered insufficient to represent, and assert the rights of, the 92 releasors.  Accordingly, rather than deciding that in every of the 92 instances the release was valid and bars the class member's claim herein, the 92 releasors should be excluded from this suit's class so they might individually pursue their remedies against defendants.  Thus, if the Court will not reject the releases as a group, then the Court should amend this suit's class certification Order to excuse the 92 class members.

                                            Respectfully submitted,

                                            s/   Thomas R. Theado
                                            Trial Attorney
                                            Thomas R. Theado (0013937)
                                            GARY, NAEGELE & THEADO, LLC
                                            446 Broadway Avenue
                                            Lorain, Ohio  44052-1797
                                            Ph:     440-244-4809
                                            Fx:     440-244-3462

Of Counsel:                            Robert D. Gary (0019610)
                                            Jori Bloom Naegele (0019602)
                                            Thomas A. Downie (0033119)
                                            GARY, NAEGELE & THEADO, LLC
                                            446 Broadway Avenue
                                            Lorain, Ohio  44052-1797
                                            Ph:     440-244-4809
                                            Fx:     440-244-3462

                                            Allen C. Engerman
                                            Law Offices of Allen C. Engerman, P.C.
                                            666 Dundee Road–# 1200
                                            Northbrook, Illinois  60062
                                            Ph:     847-564-5555
                                            Fx:     847-564-4944

                                            Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A Downie | tdownie@gntlaw.com |
| Allen C Engerman | acelaw@mcn.org |
| Stuart J Evans | sevans@cov.com |
| Robert D Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R Theado | ttheado@gntlaw.com |
| Robert D Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Christopher M. Denig
Covington and Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20044

                                                        s/   Thomas R. Theado
                                                        Thomas R. Theado (0013937)
                                                        Attorney for Plaintiffs
                                                        Gary, Naegele & Theado LLC
                                                        446 Broadway Avenue
                                                        Lorain, Ohio 44052-1797
                                                        Telephone: (440) 244-4809
                                                        Telecopier: (440) 244-3462
                                                        E-mail:  TomTheado@aol.com