IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated, | ) ) | |
| Plaintiffs, | ) ) | Case No. 1:02-CV-0001 |
| v. | ) ) | |
| AK Steel Corp. Retirement Accumulation Pension Plan, | ) ) | District Judge Sandra S. Beckwith |
| – and – | ) | |
| AK Steel Corporation Benefit Plans Administrative Committee | ) ) | Magistrate Judge Timothy S. Black |
| Defendants. | ) | |

**PLAINTIFFS' REPORT TO THE COURT
CONCERNING THE FED. R. CIV. P. 23(c)(2)(B) NOTICE TO THE CLASS**

Plaintiffs respectfully submit this report to the Court concerning the preparation of the Fed. R. Civ. P. 23(c)(2)(B) notice to Class members.

1. **Class Certification**. In an Order entered on March 9, 2004 (Doc. No. 55), the Court granted Plaintiff's Motion for Class Certification. (Doc. No. 15) under Fed. R. Civ. P. 23(a) and 23(b)(3), defining the Class as follows:

> All vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995 and received their pension benefits under the Plan in the lump sum form of payment.

**2. Other Pertinent Determinations**. In an Order entered on April 8, 2004 (Doc. No. 56), the Court granted Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 37) and denied Defendants' Motion for Summary Judgment (Doc. No. 39), concluding that the lump sum disbursements received by the named plaintiff, John D. West, and the other members of the Class had not complied with the requirements of the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code (I.R.C.") relating to the early payment of pension benefits.

Currently pending with the Court are the parties' cross-motions for summary judgment on the Class members' damages (Docs. Nos. 60 and 79), and Defendants' motion for summary judgment against 92 Class members or, in the alternative, to exclude those individuals from the Class (Doc. No. 75). The final briefs on those motions are due to be filed by Defendants on or before March 1, 2005.

**3. Requisites for Notice to Class Members**. Fed. R. Civ. P. 23(c)(2)(B) provides as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
>
> - the nature of the action,
>
> - the definition of the class certified,
>
> - the class claims, issues, or defenses,
>
> - that a class member may enter an appearance through

                counsel if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

**4. Compilation of the Class Roster.** Defendants have provided to Plaintiffs a list of the names and last known addresses of the Class members who retired on or before April 1, 2004.

Defendants have continued making lump-sum distributions after April 8, 2004, using the same method of calculation determined by the Court to be in violation of ERISA and the I.R.C. All vested participants in the Plan who retired after April 8, 2004, and received their pension benefits in the lump sum form of payment are members of the Class. Accordingly, Plaintiffs' counsel anticipate that Defendants will provide to Plaintiffs a current Class roster of the names and last known addresses of all of the Class members, including the more recent retirees.

**4. Preparation and Approval of the Notice.** Plaintiffs' counsel have forwarded to defense counsel a draft of a proposed Rule 23(c)(2)(B) class notice.

Plaintiffs anticipate that a notice acceptable to both sides can be submitted to the Court for approval.

Respectfully submitted,


s/  Thomas R. Theado
Trial Attorney
Thomas R. Theado (0013937)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:     440-244-4809
Fx:     440-244-3462

Of Counsel:

Robert D. Gary (0019610)
Jori Bloom Naegele (0019602)
Thomas A. Downie (0033119)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:     440-244-4809
Fx:     440-244-3462

Allen C. Engerman
Law Offices of Allen C. Engerman, P.C.
666 Dundee Road–# 1200
Northbrook, Illinois  60062
Ph:     847-564-5555
Fx:     847-564-4944

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on February 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A Downie | tdownie@gntlaw.com |
| Allen C Engerman | acelaw@mcn.org |
| Stuart J Evans | sevans@cov.com |
| Robert D Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R Theado | ttheado@gntlaw.com |
| Robert D Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

    I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Christopher M. Denig
Covington and Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20044

    s/  Thomas R. Theado
Thomas R. Theado (0013937)
Attorney for Plaintiffs
Gary, Naegele & Theado LLC
446 Broadway Avenue
Lorain, Ohio 44052-1797
Telephone: (440) 244-4809
Telecopier: (440) 244-3462
E-mail: TomTheado@aol.com