IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | ) ) ) | Case No.: C-1-02-0001 |
| Plaintiffs | ) | |
| v. | ) ) | District Judge Sandra S. Beckwith |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan | ) ) ) | Magistrate Judge Timothy S. Black |
| Defendants | ) | |

**PLAINTIFFS' MOTION FOR COMPLETION OF THE RULE 23 CLASS NOTICE PROCESS PRIOR TO A RULING ON THE PENDING MOTIONS FOR SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES**

Plaintiffs respectfully move the Court to allow the Rule 23 class notice process to be completed prior to a ruling on the parties' cross-motions for summary judgment on the issue of damages.[1] The reasons supporting this Motion are explained below.

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The process of preparing the required notice to class members is underway. On February 25, 2005, plaintiffs filed their Report to the Court Concerning the Fed. R. Civ. P. 23(c)(2)(B)

---

[1] *See* Plaintiffs' Motion for Partial Summary Judgment on the Issues of Damages and Prejudgment Interest (Doc. No. 60); Defendants' Motion for Partial Summary Judgment on the Issues of Damages and Prejudgment Interest (Doc. No. 79).

Notice to the Class (Doc. No. 85), outlining the steps needed to be completed. Simultaneously, plaintiffs prepared a proposed Notice to class members and submitted it to defendants' counsel for their review. Although defendants' counsel have not yet responded, the notice process is largely a routine matter in a class action such as this one, and plaintiffs' anticipate it can be completed expeditiously.

However, recent analysis of Rule 23 indicates that uncertainty could arise if the notice process were not completed prior to a ruling on the pending damages motions. The Court has already entered summary judgment on the issue of liability, determining that "the manner in which Plaintiffs' lump sum disbursements were calculated under the AK Steel Plan violated ERISA and the I.R.C." *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F. Supp. 2d 579, 591 (S.D. Ohio 2004). Now the parties have submitted cross-motions for summary judgment on the issue of damages, asking the Court to determine that issue as well.

With the liability issue already having been determined, the Court's ruling on the damages issue might arguably be deemed a "judgment" under Rule 54(a), which encompasses "any order from which an appeal lies." Yet Rule 23(c)(3) requires that "[t]he judgment in an action maintained as a class action under subdivision (b)(3) … shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class." A judgment complying with Rule 23(c)(3) cannot be entered until the class notice process has been completed.

To avoid any uncertainty as to the nature and effect of the Court's ruling on the damages issue, plaintiffs respectfully ask the Court to allow the notice process to be completed prior to such a ruling. Defendants presumably will not object to this request, having previously asserted that the "class notice should be accomplished before the Court rules on the partial summary judgment motions directed to the issues of damages and prejudgment interest." *See* Scheduling Order filed December 22, 2004 (Doc. No. 81).

        Respectfully submitted,

        s/ Thomas R. Theado
        Trial Attorney
        Thomas R. Theado (0013937)
        GARY, NAEGELE & THEADO, LLC
        446 Broadway Avenue
        Lorain, Ohio 44052-1797
        Ph: 440-244-4809
        Fx: 440-244-3462

Of Counsel:        Robert D. Gary (0019610)
        Jori Bloom Naegele (0019602)
        Thomas A. Downie (0033119)
        GARY, NAEGELE & THEADO, LLC
        446 Broadway Avenue
        Lorain, Ohio 44052-1797
        Ph: 440-244-4809
        Fx: 440-244-3462

        Allen C. Engerman
        Law Offices of Allen C. Engerman, P.C.
        666 Dundee Road–# 1200
        Northbrook, Illinois 60062
        Ph: 847-564-5555
        Fx: 847-564-4944

        Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A Downie | tdownie@gntlaw.com |
| Allen C Engerman | acelaw@mcn.org |
| Stuart J Evans | sevans@cov.com |
| Robert D Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R Theado | ttheado@gntlaw.com |
| Robert D Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Christopher M. Denig
Covington and Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20044

                                           s/ Thomas R. Theado
                                           Thomas R. Theado (0013937)
                                           Attorney for Plaintiffs
                                           Gary, Naegele & Theado LLC
                                           446 Broadway Avenue
                                           Lorain, Ohio 44052-1797
                                           Telephone: (440) 244-4809
                                           Telecopier: (440) 244-3462
                                           E-mail: TomTheado@aol.com