IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | ) ) ) Case No.: C-1-02-0001 |
| Plaintiffs | ) ) |
| v. | ) District Judge Sandra S. Beckwith ) |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan | ) ) Magistrate Judge Timothy S. Black ) |
| Defendants | ) |

## ORDER GRANTING APPROVAL OF NOTICE AND DIRECTING DISTRIBUTION THEREOF

This action is before the Court on the parties' Joint Motion for Approval of Notice ("Joint Motion"). For good cause therein shown, and upon the whole of the record in this litigation, the Court hereby grants the Joint Motion and orders as follows.

1. In its order of March 9, 2004 (Doc. No. 55), the Court certified this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of named plaintiff John D. West and other members of the class defined as "[a]ll vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995 and received their pension benefits under the Plan in the lump sum form of payment." The Court approved and designated Thomas R. Theado of the firm of Gary, Naegele & Theado as Class Counsel.

2. Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The content of the notice is prescribed by Rule 23(c)(2)(B):

> The notice must concisely and clearly state in plain, easily understood language:
>
> - the nature of the action,
> - the definition of the class certified,
> - the class claims, issues, or defenses,
> - that a class member may enter an appearance through counsel if the member so desires,
> - that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> - the binding effect of a class judgment on class members under Rule 23(c)(3).

4. Appended to the parties' Joint Motion is a proposed Notice of Pendency of Class Action, Class Action Determination, and Attendant Matters ("Notice"). The Court finds that the content of the proposed Notice conforms to the requirements of Rule 23(c)(2)(B).

5. Rule 23(c)(2) requires that "individual notice" be given "to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173-177 (1974). To satisfy Rule 23 and due process, the notice to class members "must be the best practicable." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). For class members whose identities are known, the "best notice practicable" means "individualized notice by mail to the last known address." *Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

7. In the case at bar, the parties propose to distribute the Notice by first-class United States mail to all class members at the addresses recorded in the records of defendant AK Steel Corporation Retirement Accumulation Pension Plan. The Court finds that the proposed method of distribution conforms to the requirements of Rule 23(c)(2) and due process.

8. The Court approves the Notice, in the form appended to the Joint Motion, and orders that it be distributed by first-class United States mail to all class members at the addresses recorded in the records of defendant AK Steel Corporation Retirement Accumulation Pension Plan.

9. The Court orders that the deadline by which class members must mail requests for exclusion from the Class pursuant to Part IV of the Notice, as well as the deadline for class members to enter appearances in this action through their own counsel, shall be May 15, 2005. The Court directs that said date be inserted into the Notice prior to distribution.

IT IS SO ORDERED:

_____
District Judge Sandra S. Beckwith