UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John D. West, on Behalf of Himself
and All Other Persons Similarly Situated,

                         Plaintiffs,

v.

AK Steel Corporation Formerly ARMCO Inc.)
Retirement Accumulation Pension Plan, a part of
the AK Steel Corporation (Formerly ARMCO
Inc.) Noncontributory Pension Plan, and

AK Steel Corporation Benefit Plans
Administrative Committee,

                         Defendants

Case No.: C-1-02-0001

Judge: Hon. Sandra S. Beckwith

Magistrate Judge: Timothy S. Black

## JOINT MOTION FOR PARTIAL EXTENSION OF CLASS NOTICE PERIOD

The parties jointly and respectfully move this Court for entry of an Order, in the form appended hereto, permitting the re-mailing of the class notice to a small number of class members, and briefly extending for those same class members the date by which their requests for exclusion from the class, or notices of appearance of counsel, must be postmarked. This supplemental mailing of the class notice will enable the parties to complete the notice process in compliance with paragraphs 7 and 8 of the Court's April 20, 2005 Order Granting Approval of Notice and Directing Distribution Thereof.

On April 20, 2005, the Court entered an Order (Docket No. 91) approving the parties' proposed form of class notice, and directing that such notice "be distributed by first-class United States mail to all class members at the addresses recorded in the records of defendant AK Steel Corporation Retirement Accumulation Pension Plan." April 20 Order ¶ 8. The Court further ordered "that the deadline by which class members must have their requests for exclusion

DC: 1806004-2

from the Class postmarked pursuant to Part IV of the Notice, as well as the deadline for class members to enter appearances in this action through their own counsel, shall be the date which is 25 days after the day that Class Counsel deposits the Notice into the United States mail system for delivery by first-class mail." *Id.* ¶ 9.

Pursuant to the April 20 Order, class counsel mailed the approved notice to 1333 individuals on April 29, 2005, and inserted into the notice May 24, 2005, as the date by which requests for exclusion from the class or notices of appearance were to be postmarked. This mailing was made based on addresses that Defendants had previously supplied to class counsel during the course of this litigation. *See* Decl. of Class Counsel (Docket No. 92). After the mailing, class counsel was subsequently informed by the United States Postal Service that some of the notices could not be delivered because the addresses were no longer current, or were otherwise invalid. With respect to the notices that were returned to class counsel, Defendants checked their records, and were able to identify more current addresses for some of these class members. Class counsel promptly re-mailed the notice to these individuals.

Based upon the results of the initial mailing, and the realization that Defendants might possess more current addresses for some class members, Defendants then undertook to review their records for *all* class members, to be sure that the most recent addresses in Defendants' possession were used for the April 29 mailing. As a result of this process Defendants have now identified more recent addresses for 100 class members. Accordingly, the parties now seek leave to re-mail the class notice to the more recent address found for these 100 individuals, who are listed in attachment A hereto, and to extend the date by which these individuals must postmark their requests for exclusion from the class or notices of appearance, to 15 days after the date on which such new notice is mailed.

In its April 20 Order directing class notice the Court correctly observed that "[t]o satisfy Rule 23 and due process, the notice to class members 'must be the best practicable.' *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). For class members whose identities are known, the 'best notice practicable' means 'individualized notice by mail to the last known address.' *Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)." April 20 Order ¶ 5. The initial mailing of the class notice met this standard for all class members other than the 100 in question. However, after Defendants' subsequent review of its files for all class members, the parties recognize that they have more recent last known addresses for 100 class members, and seek leave to re-mail to these individuals in order to assure compliance with the Court's original order directing that notice be sent to the last known address in defendants' records.

Class counsel is prepared to re-mail these notices within 24 hours of approval of this motion by the Court, and Defendants have agreed to pay for the postage costs of this mailing. Thus, the deadline for the submission of requests for exclusion from the class or notices of appearance will only be extended by a very brief period, *i.e.*, from the current date of May 24 until 15 days after notice is re-mailed to the individuals listed in Attachment A. Defendants apologize for the inconvenience caused by their inadvertent error with respect to the 100 individuals. Defendants have carefully re-checked their records and are confident that, upon re-mailing to these 100 individuals, the notice process will be complete and the Court's order will have been complied with.

For the foregoing reasons, the parties accordingly request that the Court grant this Motion by entering the proposed Order that is being submitted to the Court via e-mail pursuant to the Court's electronic filing guidelines.

                                              Respectfully submitted,

| | |
|---|---|
| s/ Thomas R. Theado | s/ George E. Yund |
| Thomas R. Theado (0013937) | George E. Yund (0017714) |
| GARY, NAEGELE & THEADO, LLC | FROST BROWN TODD LLC |
| 446 Broadway Avenue | 2200 PNC Center |
| Lorain, Ohio 44052-1797 | 201 East Fifth Street |
| (440) 244-4809 | Cincinnati, Ohio 45202-4182 |
| (440) 244-3462 (fax) | (513) 651-6824 |
| | (513) 651-6981 (fax) |
| Robert D. Gray (0019610) | |
| Jori Bloom Naegele (0019602) | Trial Attorney for Defendants |
| Thomas A. Downie (0033119) | |
| GARY, NAEGELE & THEADO, LLC | Robert D. Wick |
| 446 Broadway Avenue | Stuart J. Evans |
| Lorain, Ohio 44052-1797 | Covington & Burling |
| (440) 244-4809 | 1201 Pennsylvania Ave. |
| (440) 244-3462 (fax) | Washington, D.C. 20004-2401 |
| | (202) 662-6000 |
| Allen C. Engerman | |
| Law Offices of Allen C. Engerman, P.C. | Attorneys for Defendants |
| 666 Dundee Road, No. 1200 | |
| Northbrook, Illinois 60062 | |
| (847) 564-5555 | |
| (847) 564-4944 (fax) | |
| | |
| Attorneys for Plaintiffs | |

May 23, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing Joint Motion for Partial Extension of Class Notice Period was electronically filed with the Court and has been served by U.S. Mail, postage prepaid on Allen C. Engerman, Law Offices of Allen C. Engerman. P.C., 666 Dundee Road, No. 1200, Northbrook, IL 60062, and Thomas R. Theado, Gary, Naegele, & Theado, 446 Broadway Avenue, Lorain, OH 44052-1797, counsel for the plaintiff, on this 23rd day of May, 2005.

                                                                         /s George E. Yund