IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated, | ) ) | |
| Plaintiffs, | ) ) | Case No. 1:02-CV-0001 |
| v. | ) ) | |
| AK Steel Corp. Retirement Accumulation Pension Plan, | ) ) ) | District Judge Sandra S. Beckwith |
| – and – | ) | |
| AK Steel Corporation Benefit Plans Administrative Committee | ) ) | Magistrate Judge Timothy S. Black |
| Defendants. | ) | |

**DECLARATION OF CLASS COUNSEL
ATTESTING TO COMPLETION OF THE RULE 23 CLASS NOTICE PROCESS
AND TO DEFENDANTS' CONFIRMATION OF THE INTEGRITY
OF THE CLASS ROSTER**

On June 9, 2005, the time period for Class Members to opt-out of the Class or enter appearances through counsel expired. No Class Member entered an appearance through counsel. Eighteen Class Members elected to opt out of the Class. In addition, the parties identified two individuals whom Defendants had inadvertently identified as Class Members but who had actually received their pension benefits solely in the form of annuity payments.

Thus, the Rule 23 class notice process has been concluded, and the final composition of the Class, after deletion of the opt-outs and the two persons inadvertently included, consists of 1,313 Class Members.

Plaintiffs have separately submitted a new affidavit from their damages expert, Michael Libman, with revised exhibits containing Mr. Libman's final calculations of the underpayments for all Class Members.

In order to summarize the essential facts and events bearing on the class notice process and the identification of Class Members, Thomas R. Theado, Class Counsel, hereby further declares as follows.

### COMPLETION OF THE RULE 23 CLASS NOTICE PROCESS

1. On March 21, 2005, the Class moved the Court to allow the Rule 23 class notice process to be completed prior to a ruling on the parties' cross-motions for summary judgment on the issue of damages. (Doc. No. 88). The Court granted that motion by Notation Order on April 25, 2005. In the interim, on April 14, 2005, the parties jointly requested that the Court authorize the Rule 23 notice process. (Doc. No. 90). The Court granted that motion by Order entered on April 20, 2005. (Doc. No. 91). Class Counsel's Declaration attesting to compliance with that Order was filed on May 3, 2005. (Doc. No. 92).

2. On May 23, 2005, the parties jointly moved the Court to permit the re-mailing of the Notice to 100 Class Members, and to extend for those same Class Members the deadline for opting out or entering an appearance through counsel. (Doc. No. 102). The motion was prompted by the discovery that Defendants inadvertently had not provided more recent mailing addresses for those 100 individuals. The Court granted the motion on May 24, 2005. (Doc. No. 104). Class Counsel's Declaration attesting to compliance with that Order was filed on May 25, 2005. (Doc. No. 106).

3. The Court has determined that the aforesaid Notices provided the best practicable notice to Class Members, in conformance with the requirements of Civil Rule 23(c)(2) and due process. (Docs. Nos. 91 and 104).

4. The time for Class Members to opt-out of the Class has expired, and the Rule 23 class notice process has concluded, with the following results:

    (a) No Class Member chose to enter an appearance through counsel.

    (b)    Eighteen Class Members requested exclusion from the Class:

| | | |
|---|---|---|
| Ronald Birch | James J. Gear | James O. Murray |
| Timothy A. Brandt | Alfred T. Gross | Doyle E. Mutti |
| Ronald A. Carns | Kenneth G. Hoffman | Richard G. Shaw |
| Gordon B. Cooper | Michael A. Kurtz | Rose E. Shaw |
| John R. Diers | Deborah K. McDonald | David L. Summers |
| Earl W. Dunfee | Arthur A. Mellon | William J. Welsh |

    (c)    Defendants identified two individuals whom Defendants had previously reported as Class Members but who in fact had received their retirement benefits solely in the form of annuity payments:

        Walter O. Birtciel        Linda S. Rein

### IDENTIFICATION OF CLASS MEMBERS

5.    As previously reported, Defendants identified 1,333 individuals as Class Members. (Doc. No. 102) Defendants provided such information in the following manner:

- With e-mails from Attorney Robert D. Wick dated May 13 and 25, and July 2, 2004, Defendants provided data for Class Members who, according to Defendants, had been paid their retirement benefits in the form of a lump sum during the period January 1, 1995, through April 1, 2004.

- Defendants supplemented such data by means of a letter from Attorney David A. Barker dated May 18, 2004, enclosing "a list of the names and last known addresses of the class members."

- With an e-mail from Attorney Wick dated September 21, 2004, Defendants provided "data for 56 [additional Class Members who received] lump sum payments May to August 2004."

- By means of an e-mail and a letter from Attorney Stuart J. Evans dated March 21, 2005, Defendants identified, and provided data regarding, 41 Class Members who had received their lump-sum distributions during the period April 1 through October 1, 2004.

- With an e-mail from Attorney Evans dated April 20, 2005, Defendants provided data on 35 Class Members who had received their lump-sum distributions during the period October 1, 2004, through April 1, 2005.

- With an e-mail from Attorney Evans dated April 25, 2005, Defendants provided "the list of the class members' addresses."

6. As related above, eighteen of those individuals requested exclusion from the Class, and two were mistakenly included. Thus, the Class herein consists of 1,313 individuals who were vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan, retired or were terminated from employment on or after January 1, 1995, and received their pension benefits under the Plan in the lump sum form of payment on or before April 1, 2005.

7. Class Counsel conducted due-diligence inquiries to confirm the integrity of the 1,313-member Class Roster. In response to such inquiries, Defendants provided the Declaration of Richard Ogus dated June 1, 2005, and the Supplemental Declaration of Heather Sanders dated May 26, 2005, each of which is filed herewith.

8. The Declaration of Richard Ogus reports that two individuals, whom Defendants earlier had identified as Class Members, in fact "did not receive lump sums," but rather "elected and received annuities, and not lump sums." Because Defendants' identification of Class Members had proved over-inclusive, Class Counsel asked Defendants for assurance that there had not also been errors of omission, i.e., failure to include one or more persons who were Class Members. In response, Defendants provided the following statement of counsel by means of Attorney Wick's e-mail dated June 17, 2005:

> The information EBDS provided to the actuaries contained data on individuals who got lump sum distributions and annuities under the RAPP, as well as those participants who elected Rule of 65 annuities under the old Plan. Upon receiving this information from EBDS, the actuaries then deleted from the list those participants coded as having taken annuities under the RAPP, thereby leaving, or so they thought, only lump sum distributions. This was the list we initially provided to you. However, because the actuaries did not initially realize that EBDS had included in the list people who elected Rule of 65 annuity distributions, or that these people had their own separate codes, the actuaries did not initially realize they needed to exclude these people from the list. When they subsequently realized that EBDS had

provided information on these people as well, the actuaries then had the computer automatically take off the list people who were coded as having received Rule of 65 annuities, i.e., Birtciel and Rein. Thus, as Richard Ogus stated in his declaration, this resulted in a list of 1331 individuals who received lump sums, which they believe to be the total number of participants who received lump sum distributions.

9. Thus, Class Counsel's due diligence to ensure complete identification of Class Members has concluded, and it appears that the 1,313-member Class Roster constitutes all of the individuals who satisfy the Court's definition for Class membership and who have not requested exclusion from the Class.

                                                       Respectfully submitted,

                                                       s/   Thomas R. Theado  
                                                       Plaintiffs' Trial Attorney and Class Counsel  
                                                       Thomas R. Theado (0013937)  
                                                       GARY, NAEGELE & THEADO, LLC  
                                                       446 Broadway Avenue  
                                                       Lorain, Ohio  44052-1797  
                                                       Ph:    440-244-4809  
                                                       Fx:    440-244-3462

Of Counsel:                           Robert D. Gary (0019610)  
                                                       Jori Bloom Naegele (0019602)  
                                                       Thomas A. Downie (0033119)  
                                                       GARY, NAEGELE & THEADO, LLC  
                                                       446 Broadway Avenue  
                                                       Lorain, Ohio  44052-1797  
                                                       Ph:    440-244-4809  
                                                       Fx:    440-244-3462

                                                       Allen C. Engerman  
                                                       Law Offices of Allen C. Engerman, P.C.  
                                                       666 Dundee Road–# 1200  
                                                       Northbrook, Illinois  60062  
                                                       Ph:    847-564-5555  
                                                       Fx:    847-564-4944

                                                       Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

  I hereby certify that on June 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A Downie | tdownie@gntlaw.com |
| Allen C Engerman | acelaw@mcn.org |
| Stuart J Evans | sevans@cov.com |
| Robert D Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R Theado | ttheado@gntlaw.com |
| Robert D Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

  I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  Christopher M. Denig
  Covington and Burling
  1201 Pennsylvania Avenue, N.W.
  P.O. Box 7566
  Washington, DC 20044

              s/ Thomas R. Theado
              Thomas R. Theado (0013937)
              Attorney for Plaintiffs
              Gary, Naegele & Theado, LLC
              446 Broadway Avenue
              Lorain, Ohio 44052-1797
              Telephone: (440) 244-4809
              Telecopier: (440) 244-3462
              E-mail:  TomTheado@aol.com