IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated,<br>        Plaintiffs,<br><br>v.<br><br>AK Steel Corp. Retirement Accumulation Pension Plan, et al.<br>        Defendants. | Case No. C-1-02-0001<br><br>District Judge Sandra S. Beckwith<br><br>Magistrate Judge Timothy S. Black<br><br>**Affidavit of Michael L. Libman Executed on June 22, 2005** |

State of Ohio        :
            : SS
County of Cuyahoga     :

  1.  Michael L. Libman, first duly being cautioned and thereafter sworn according to law, deposes and states as follows.

  2.  In my affidavit of October 12, 2004, I provided my expert opinion regarding the proper calculation of the underpayments for the class members in this lawsuit. Attached to that affidavit were my calculations of those underpayments for all class members who had retired on or before August 1, 2004. I understand that the ending date of the class period has now been established as April 1, 2005, and that the time period for class members to opt-out of the class has expired. In light of that, I have updated and finalized my calculations of the class members' underpayments, and have submitted my final calculations with this affidavit. Essentially the changes consist of (a) correcting a minor programming error that had been made in my earlier calculations, (b) including the additional class members who retired after my earlier calculations

but before the conclusion of the class period, (c) deleting the eighteen class members who opted out of the class, and (d) removing two non-class-members whom the defendants had inadvertently included in the data. More detailed explanations of my final calculations are provided below.

### Methodology of Calculations

3. My final calculations use what I believe to be the proper method for calculating the underpayments of all class members. First, my approach consolidated each class member's opening and future accounts. The total projected age-65 annuity was then determined, the lump sum value at the original lump sum payment date was calculated, and that result was subtracted from the original lump sum paid (treating negative amounts as zeros). The amount calculated by this method represents, for each class member, the underpayment due as of the date the original lump sum was paid.

### Correction of Programming Error

4. Subsequent to my October 12, 2004 affidavit, I discovered a programming error in the computation of interest on the class members' underpayments using the Ohio statutory rate. I initially reported the results of that correction in my affidavit of November 9, 2004. The correction is reflected in the final calculations submitted herewith.

### Inclusion of Additional Class Members

5. My final calculations include the additional class members who retired after August 1, 2004 and before the close of the class period on April 1, 2005. The inclusion of those additional class members brought the total number of class members to 1,333 before deletions.

### Deletion of Class Members Who Opted Out

6.  I was instructed to delete from my calculations 18 individuals who had elected to opt out of the class. They are:

| | | |
|---|---|---|
| Ronald Birch | James J. Gear | James O. Murray |
| Timothy A. Brandt | Alfred T. Gross | Doyle E. Mutti |
| Ronald A. Carns | Kenneth G. Hoffman | Richard G. Shaw |
| Gordon B. Cooper | Michael A. Kurtz | Rose E. Shaw |
| John R. Diers | Deborah K. McDonald | David L. Summers |
| Earl W. Dunfee | Arthur A. Mellon | William J. Welsh |

### Removal of Persons Inadvertently Included on Class Roster

7.  I was also instructed to remove two individuals who were not class members but were inadvertently included in the defendants' data. I understand that those individuals had not elected lump sum distributions but rather had received their pension benefits solely in the form of annuity payments. They are Walter O. Birtciel and Linda S. Rein. After deletion of the opt-outs and removal of these two persons, the total number of class members is 1,313.

### Correction of Pre-Retirement Mortality Factors for 2003 and 2004

8.  In reviewing the revised data and updating the calculations, I corrected the table of pre-retirement mortality discount factors for the 2003 and 2004 years. My prior calculations inadvertently used the 1983 Group Annuity Mortality, blended 50% male/50% female for the pre-retirement discount rather than the 1994 Group Annuity Reserving table, blended rates. This resulted in an understatement of approximately 4/10ths of 1 percent in the total amount of underpayments previously shown on Exhibit 1: Summary of Underpayments with pre-retirement mortality factor and on Exhibit 5: Alternative Schedule of Underpayments with pre-retirement mortality discount. This change affected only lump sum payments made in 2003 and 2004.

**Computation of Prejudgment Interest**

9. All calculations have been extended to reflect the time value of money through June 21, 2005, by the three alternative methods described in paragraph eight of my October 12, 2004 affidavit, with the following revision. The rate of interest prescribed by Section 1343.03(A) of the Ohio Revised Code was updated to include the 2005 rate so that the rates used were 10% per annum simple interest through June 1, 2004, 4% per annum simple interest from June 2, 2004 through December 31, 2004, and 5% per annum simple interest through June 21, 2005.

**Final Calculation Exhibits**

10. Presented herewith are Revised Exhibit 1, a table that summarizes the results of my calculations, Revised Exhibit 3, showing the 2005 rates that were used in the revised calculations, and Revised Exhibits 4 and 5, two rosters that detail the information for each of the 1,313 class members. The results reported in those Revised Exhibits and in this Affidavit were reached after making the aforementioned data revisions, programming error correction, and pre-retirement mortality discount factor correction.

11. As so revised, paragraph 12 of my October 12, 2004 Affidavit reads as follows, with the revised entries emphasized *thusly*:

> Exhibit 1 summarizes the individual, by-class-member, results that are shown within the two rosters. As shown on Exhibit 1, without accounting for the Plan's nonexistent gain at a class member dying before age 65, the sum of the *1,313* thus-far-identified class members' underpayments *as of June 22, 2005* are *$56,497,121.57* at the Ohio statutory rate of interest for the members' lost time-value-of-money, *$57,307,375.58* at the Plan's 7.5% rate, and *$50,605,008.80* at the federal rate of interest. Exhibit 1 also shows that, if one were to factor pre-age-65 mortality into the calculations, the sum of the identified class members' underpayments *as of June 22, 2005* would be *$46,318,234.38* at the Ohio statutory rate of interest for the members' lost -time-value-of-money, *$46,968,193.82* at the Plan's 7.5% rate, and *$41,477,538.45* at the federal rate of interest.

12.    I have reviewed the whole of my October 12, 2004, affidavit as subsequently corrected by my November 9, 2004 affidavit and, except as described above, I reaffirm that whole of my earlier affidavits.

*Michael L. Libman*
Michael L. Libman

State of Ohio            :
                         :    SS
County of Cuyahoga       :

Sworn to and subscribed before me, a Notary Public in and for said State and County, by a person known to me to be Michael L. Libman, this 22 day of June, 2005

*Susan M. Malloch*
Notary Public

SUSAN M. MALLOCH
NOTARY PUBLIC, STATE OF OHIO, CUYA. CTY.
MY COMMISSION EXPIRES MARCH 6, 2006