UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>                              Plaintiffs,<br>v.<br>AK Steel Corporation (Formerly ARMCO Inc.) Retirement Accumulation Pension Plan, a part of the AK Steel Corporation (Formerly ARMCO Inc.) Noncontributory Pension Plan, and<br><br>AK Steel Corporation Benefit Plans Administrative Committee,<br><br>                              Defendants | Case No.: C-1-02-0001<br><br>Judge: Hon. Sandra S. Beckwith<br><br>Magistrate Judge: Timothy S. Black |

**DEFENDANTS' UPDATED DAMAGES CALCULATIONS AND
RESPONSE TO PLAINTIFFS' REVISED DAMAGES CALCULATIONS**

Defendants respectfully submit the attached Supplemental Declaration of Lawrence Sher reflecting their updated damages calculations.[1] On December 1, 2004, Defendants submitted Mr. Sher's initial declaration, which contained Defendants' damages calculations for individuals who had become class members as of August 1, 2004. Since that time, however, the composition of the class has changed in three respects: (1) additional individuals have received lump sum distributions and thereby become class members; (2) eighteen class members filed timely requests to be excluded from the class and one class member

---

[1] The Supplemental Declaration and supporting exhibits have been redacted in accordance with the Court's November 30, 2004 Order and are attached hereto as Exhibit A. The complete, un-redacted versions of the Supplemental Declaration and supporting exhibits are being filed under seal in accordance with the Court's Order and Local Rule 79.3.

DC: 1837962-5

filed an untimely request to be excluded;[2] and (3) the parties have agreed that two individuals initially identified as class members actually are not class members because they did not receive a lump sum payment of their benefits. Accordingly, Mr. Sher's Supplemental Declaration contains updated damages calculations for the 1,313 individuals now determined to be in the class.

Plaintiffs filed their revised and corrected set of damages calculations on June 22, 2005. Plaintiffs' revised calculations include a calculation of prejudgment interest at three different interest rates as of June 21, 2005 – the day before plaintiffs made their revised submission. Defendants respectfully submit that plaintiffs' attempt to calculate prejudgment interest is premature for several reasons. First, the court has not yet determined whether an award of prejudgment interest would be appropriate. *See Defs. Mem. in Support of Motion for Partial Summ. Judgment* at 20 (December 1, 2004) (demonstrating that no pre-judgment interest should be awarded). Second, it is impossible to prepare a complete or accurate calculation of pre-judgment interest at this time because the parties do not yet know the appropriate ending date for the calculation (*i.e.*, the date on which a judgment will be entered). Third, the amount of the judgment on which interest could potentially be awarded has not yet been established. The parties' cross-motions on damages issues create a number of possible permutations for a

---

[2]   Mr. Karl Schweitzer submitted an opt-out request postmarked after the deadline set by the Court and signed by his wife under a power of attorney. (Doc. No. 113). Plaintiffs take the position that Mr. Schweitzer's late request is ineffective. Defendants, by contrast, believe that the Court should honor Mr. Schweitzer's request because, although late, it was still received in sufficient time that honoring the request would not delay the proceedings in this Court or cause any prejudice to the remainder of the class.

damages award, and plaintiffs have not attempted to calculate pre-judgment interest for several of those permutations.[3]

Defendants therefore submit that if the Court concludes that pre-judgment interest is appropriate (which defendants strenuously deny), the Court should not attempt to include a pre-judgment interest calculation in its initial Order, but instead should follow the common practice of simply instructing the parties on the rate that they should use to calculate pre-judgment interest. The Court may then provide the parties with a brief period of time to either agree on the amount of pre-judgment interest due under the Court's instructions, or report to the Court that they cannot reach agreement.

Finally, defendants note that although plaintiffs made "corrections" to their previous damages calculations in their submission of June 22, 2005, at least one additional correction should have been made. When plaintiffs' expert attempted to calculate pre-judgment interest at the interest rate specified by 28 U.S.C. § 1961, he used the § 1961 rate in effect on the date of a class member's lump sum payment. As this Court recently made clear, however, plaintiffs' expert actually should have used the § 1961 rate in effect at the time of entry of judgment. *See Kindel v. Continental Casualty Co.*, 2005 WL 1241975, at *5 (S.D. Ohio May 25, 2005) (Beckwith, J.) (awarding pre-judgment interest at the § 1961 rate in effect at the time of judgment).[4] This is consistent with the text of § 1961, which refers to the one-year Treasury rate "for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

---

[3]   For example, plaintiffs have not attempted to calculate pre-judgment interest based on any of the damages calculations done by defendants' expert, Mr. Sher.

[4]   The Sixth Circuit has also permitted the use of a section 1961 rate "blended" over the relevant time period. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 585 & n.3 (6th Cir. 2002).

        Respectfully submitted,

        /s  George E. Yund
        George E. Yund (0017714)
        Frost Brown Todd LLC
        2200 PNC Center
        201 East Fifth Street
        Cincinnati, Ohio 45202-4182
        (513) 651-6824
        (513) 651-6981  (fax)
        gyund@fbtlaw.com

        *Trial Attorney for Defendants*


        Robert D. Wick
        Stuart J. Evans
        Covington & Burling
        1201 Pennsylvania Avenue
        Washington, DC  20004-2401
        (202) 662-6000

        *Attorneys for Defendants*

July 7, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing Defendants' Updated Damages Calculations and Response to Plaintiffs' Revised Damages Calculations was electronically filed with the Court and has been served by U.S. Mail, postage prepaid on Allen C. Engerman, Law Offices of Allen C. Engerman. P.C., 666 Dundee Road, No. 1200, Northbrook, IL 60062, and Thomas R. Theado, Gary, Naegele, & Theado, 446 Broadway Avenue, Lorain, OH 44052-1797, counsel for the plaintiff, on this 7th day of July, 2005.


                                                        /s George E. Yund

CinLibrary 0001590.0528818 1522349v.1