IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN D. WEST, on Behalf of       :
Himself and All Other Persons    :
Similarly Situated               :
                                 :
            Plaintiff,           :
                                 :
      vs.                        :   Case 1:02-cv-0001
                                 :
AK STEEL CORPORATION             :
RETIREMENT ACCUMULATION PENSION  :
PLAN, et al.                     :
                                 :
            Defendant.           :

**ORDER**

The Court, sua sponte, has reviewed the opt out requests received by the Clerk's Office. The cut-off dates for opting out established in both the original class notice (Doc. 91), and in the second mailing of that original notice to approximately 100 class members (Doc. 104), have both expired.

Nineteen opt out notices have been filed. One of those is from Karl Schweitzer, filed on June 22, 2005 (Doc. 113). This is beyond the deadline established in the class notice. The Court notes, however, that Mr. Schweitzer's opt out request is signed by his spouse under a power of attorney. Mr. Schweitzer's current health status is unknown. The Court has discretion to extend the deadline for good cause, or in circumstances that justify an extension. The Court is reluctant to require any additional showing from the Schweitzers concerning Mr. Schweitzer's condition, and will allow Mr. Schweiter's opt out

notice to be filed beyond the deadline.

The Court has also reviewed the eighteen notices that were timely filed. A notice received from Mr. Gordon Cooper (Doc. 103) states that Mr. Cooper retired in 1996, and that he is opting out because "No one coerced me into accepting a cash payment in lieu of the regular funded pension." This statement concerns the Court, as it reflects a potential misunderstanding of the basis for the claim at issue in this case.

Another class member opted out because he is in very poor health and does not want to be contacted about the litigation. (Doc. 99) This gentleman may be concerned that he will be required to actively participate in this litigation, which at this point is clearly not a concern.

The Court has also noted that the majority of the individuals who have opted out have lump sum dates earlier in the class period. That fact, or other available evidence about the opt outs, indicates that these individuals are older than many of the other class members. The Court is concerned that these individuals may have an antipathy towards, or misapprehension about, "class action suits" that contributes to their opt out decision.

The Court is under a continuous duty to protect the interests of **all** of the class members. In order to carry out that duty, Fed. R. Civ. P. 23(d)(2) gives the Court broad discretion to fashion appropriate orders at any step of the litigation. The Rule states in this regard that the Court may

require supplemental class notice "to some or all of the members of any step in the action". The Court therefore orders, <u>sua sponte</u>, that an additional notice be sent to each of the nineteen individuals who filed an opt out request. This additional notice must specifically explain the nature of this ERISA claim and the basis for this Court's grant of partial summary judgment to the class. The additional notice shall be sent on letterhead of the Court. The rather modest cost shall be paid by Defendants.

A proposed text for this notice follows below:

* * *

The Court is contacting each of the individuals who sent notices to the Clerk of this Court to "opt out" of the class action suit pending in this Court, called <u>West v. AK Steel Corporation Retirement Accumulation Pension Plan</u>, Case No. 1:02-cv-0001. The Court has reviewed all of the opt out notices on file, as part of my continuing duty to protect the interests of each class member. A concern has arisen based on some of those notices that there may be some misunderstanding or misapprehension concerning the pending suit and the consequences of being a "class member" in this case.

As stated in the prior notice you received, plaintiff John D. West is challenging the method by which the defendants calculated his lump-sum distribution of pension benefits. Mr. West retired in 1998, and received a lump sum payment. He later requested that the Pension Plan recalculate his benefit, based

-3-

upon specific provisions of the Internal Revenue Code and the Employment Retirement Income Security Act, or ERISA. After the Plan told him that it believed its own calculations were correct, Mr. West filed this lawsuit.

This Court has already determined that Mr. West's claim is meritorious. I have ruled that a "cash balance plan" like the one maintained by Armco/AK Steel involved in this case, must comply with some specific provisions of the Internal Revenue Code and ERISA when a lump sum payment amount is calculated. Those provisions essentially require a cash balance plan to use certain interest rate assumptions that, in this case, generally result in a higher lump sum amount than the lump sums that were actually paid to each class member.

I have also ruled that this action should proceed as a "class action" under federal law. This is because each employee who previously received a lump sum payment has the same legal claim: that the amount of the payment must be recalculated by applying the applicable sections of the Internal Revenue Code and ERISA. At this point in the lawsuit, there will be no imposition on an individual class member to answer any questions in writing such as interrogatories, or to give deposition testimony about the merits of the case.

The notice you previously received accurately stated that, if you participate as a class member, you will not be obligated to advance attorneys' fees or expenses for this lawsuit. Federal law provides that a plaintiff who is successful in bringing a

claim under ERISA is entitled to recover attorneys' fees.  At the end of this case, the Court will review the attorneys' fees, and may order that fees and expenses of class counsel be paid for out of the amounts awarded to the class.

You do not need to contact the Court if, after considering this notice, you want to remain an "opt out" from the certified class.  However, if you want to change your mind, you must contact the Court in writing stating that fact.  Please send any correspondence to:

> Hon. Sandra S. Beckwith
> Chief Judge, United States District Court
> 810 Potter Stewart Federal Courthouse
> 100 East Fifth Street, Room 810
> Cincinnati, Ohio 45202

Your letter must be postmarked no later than **[insert date that is 20 days from date of mailing]**.

\* \* \* \*

The parties may submit comments concerning this proposed text within fifteen days of the date of this Order.

IT IS SO ORDERED.

DATED: July 25, 2005            s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court