# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

John D. West, on Behalf of Himself
and All Other Persons Similarly Situated,

                                        Plaintiffs,

         v.

AK Steel Corporation (Formerly ARMCO Inc.)
Retirement Accumulation Pension Plan, a part of
the AK Steel Corporation (Formerly ARMCO
Inc.) Noncontributory Pension Plan, and

AK Steel Corporation Benefit Plans
Administrative Committee,

                              Defendants

Case No.: C-1-02-0001

Judge: Hon. Sandra S. Beckwith

Magistrate Judge: Timothy S. Black

## DEFENDANTS' RESPONSE TO COURT'S PROPOSED
## ADDITIONAL NOTICE TO THE NINETEEN OPT-OUTS

Pursuant to this Court's Order of July 25, 2005, defendants offer the following

comments on the text of the Court's proposed additional notice to the nineteen individuals who

opted out of the class.

1.      Among the nineteen opt-outs, three of them – Mr. Timothy Brandt, Ms.

Debbie McDonald, and Mr. James O. Murray – would receive no additional payment under a

whipsaw calculation no matter how the calculation is performed. *See Pltfs' Expert Michael*

*Libman Aff.* (10/22/04). Defendants suggest that, at least with respect to these three individuals,

the Court may wish to reconsider its decision to send an additional notice inviting the class

member to opt back into the class. *Cf. Smith v. MCI Telecommunications Corporation*, 136

F.R.D. 189 (D. Kansas 1991) (declining to send an additional notice to individuals who opted out

of the class because there was no evidence of "sufficiently pervasive concern or confusion among class members to justify reopening communication with the class.")

2.       Another of the opt-outs, Mr. Ronald Birch, is among the 92 individuals who signed a release, and pursuant to the Court's July 25th Order has been excluded from the class. *See* Doc. No. 76, Ex. 38.  As Mr. Birch has been excluded from the class, and will be receiving notice to that effect, defendants submit that he should not be sent a notice inviting him to opt back in.

3.       The Court's proposed notice states that federal law provides that a successful plaintiff in an ERISA case "is" entitled to recover attorneys' fees.  Defendants suggest omitting this sentence because an award of fees is not automatic and in defendants' view would be inappropriate if class counsel were awarded a percentage of the class recovery.  *See Foltice v. Guardman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996) (holding that in an ERISA case the court "may" award attorneys fees and that "our circuit recognizes no presumption as to whether fees will be awarded."); *see also Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 919-20 (6th Cir. 2000) (affirming denial of attorneys' fees where the legal issue was "difficult" and there was no showing of "bad faith").  Defendants also suggest inserting the words "question of" before "attorneys' fees" in the final sentence of the same paragraph.  The following blackline of the paragraph in question illustrates these suggestions:

> The notice you previously received accurately stated that, if you participate as a class member, you will not be obligated to advance attorneys' fees or expenses for this lawsuit.  ~~Federal law provides that a plaintiff who is successful in bringing a claim under ERISA is entitled to recover attorneys' fees.~~  At the end of this case, the Court will review the <u>question of</u> attorneys' fees, and may order that fees and expenses of class counsel be paid for out of the amounts awarded to the class.

Respectfully submitted,


s/George E. Yund
George E. Yund (0017714)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6824
(513) 651-6981  (fax)
gyund@fbtlaw.com

*Trial Attorney for Defendants*


Robert D. Wick
Stuart J. Evans
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC  20004-2401
(202) 662-6000

*Attorneys for Defendants*

August 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Response was electronically filed with the Court and has been served by U.S. Mail, postage prepaid on Allen C. Engerman, Law Offices of Allen C. Engerman. P.C., 666 Dundee Road, No. 1200, Northbrook, IL 60062, and Thomas R. Theado, Gary, Naegele, & Theado, 446 Broadway Avenue, Lorain, OH 44052-1797, counsel for the plaintiff, on this 9th day of August, 2005.

/s George E. Yund

CinLibrary 0001590.0528818 1531424v.1

DC: 1870758-3