IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN D. WEST, on Behalf of Himself and All Other Persons Similarly Situated | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | Case 1:02-cv-0001 |
| AK STEEL CORPORATION RETIREMENT ACCUMULATION PENSION PLAN, et al. | : : : : | |
| Defendant. | : | |

**ORDER**

    The Court has reviewed the parties' timely responses to the Court's order of July 25, 2005 (Doc. 120) concerning the text of a second notice to the nineteen members of the class who opted out. Plaintiff's response (Doc. 121) requests the addition of an estimate of the amount of potential whipsaw benefits for each individual. The Court believes this is appropriate, to fully advise these individuals of the ramifications of their decision concerning membership in the class. The Court will include an estimated range based upon the parties' expert affidavits.

    Defendant's response (Doc. 122) notes that three of the opt-outs would not be entitled to receive any whipsaw benefit under any of the parties' calculations, and suggests that a second notice not be sent to these individuals. The Court agrees that sending an additional notice to these three individuals would not

result in any benefit to those individuals, and may simply create confusion.

Defendants also note that one opt-out is also included in the group of 92 individuals who signed an RIF release, individuals the Court has excluded from the class (see Doc. 119). The Court agrees that this individual should **not** receive a second "opt out" notice, and should only receive the notice described in Doc. 119 to be addressed to the 92 class members who signed releases.

Finally, Defendant requests an amendment of the language concerning attorney's fees. Defendant notes that plaintiffs' recovery of attorney's fees is not automatic, citing <u>Foltice v. Guardman Prods., Inc.</u>, 98 F.3d 933, 936 (6th Cir. 1996). The Court's goal in addressing the question of attorney's fees is to make clear that federal law permits a successful party to seek recovery of fees, and dispel any possible negative connotation any class member may have about the subject of attorney's fees. The notice will be changed to more accurately convey that point.

In view of the small number of notices to be sent, the de minimis cost, and to expedite the process, the Court will prepare and mail the letters to each of the 15 individuals. The revised text of the notice that will be sent follows below:


RE:  John D. West v. AK Steel Corporation Retirement Accumulation
     Pension Plan, et al.
     Case No. 1:02-cv-0001

-2-

Dear _____:

    The Court is contacting the individuals who sent notices to the Clerk of this Court to "opt out" of the class action suit pending in this Court, called <u>West v. AK Steel Corporation Retirement Accumulation Pension Plan</u>.  The Court has reviewed all of the opt out notices on file, as part of my continuing duty to protect the interests of each class member.  A concern has arisen based on some of those notices that there may be some misunderstanding or misapprehension concerning the pending suit and the consequences of being a "class member" in this case.

    As stated in the prior notice you received, plaintiff John D. West is challenging the method by which the defendants calculated his lump-sum distribution of pension benefits.  Mr. West retired in 1998, and received a lump sum payment.  He later requested that the Pension Plan recalculate his benefit, based upon specific provisions of the Internal Revenue Code and the Employment Retirement Income Security Act, or ERISA.  After the Plan told him that it believed its own calculations were correct, Mr. West filed this lawsuit.

    This Court has already determined that Mr. West's claim is meritorious.  I have ruled that a "cash balance plan" like the one maintained by Armco/AK Steel involved in this case, must comply with some specific provisions of the Internal Revenue Code and ERISA when a lump sum payment amount is calculated.  Those provisions essentially require a cash balance plan to use certain interest rate assumptions that, in this case, generally result in a higher lump sum amount than the lump sums that were actually paid to each class member.

    I have also ruled that this action should proceed as a "class action" under federal law.  This is because each employee who previously received a lump sum payment has the same legal claim: that the amount of the payment must be recalculated by applying the applicable sections of the Internal Revenue Code and ERISA.  At this point in the lawsuit, there will be no imposition on an individual class member to answer any questions in writing such as interrogatories, or to give deposition testimony about the merits of the case.

    The Court has not yet determined the precise amount that is due to each class member.  Expert actuaries for the parties in this case have estimated the additional lump sum payments that should be made to each class member.  In your case, the range of your additional payment is approximately $_____ to $_____.  If you have any questions about the amount of your possible recovery, you may contact Class Counsel, Thomas R. Theado, whose address is 446 Broadway, Lorain, Ohio 44052, and whose telephone number is (440) - 244-4809.

    The notice you previously received accurately stated that,

-3-

if you participate as a class member, you will not be obligated to advance attorneys' fees or expenses for this lawsuit.  The federal ERISA law provides that a plaintiff who is successful in bringing a claim under ERISA is entitled to ask the Court to award attorneys' fees.  At the end of this case, the Court will review the question of an award of attorneys' fees, and may order that fees and expenses of class counsel be paid for out of the amounts awarded to the class.

**You do not need to contact the Court if, after considering this notice, you want to remain an "opt out" from the certified class.  However, if you want to change your mind and be included in the class, you must contact the Court in writing stating that fact.**  A form is enclosed that you may use for this purpose if you wish.  Please send this form or your letter directly to:

> Hon. Sandra S. Beckwith
> Chief Judge, United States District Court
> 810 Potter Stewart Federal Courthouse
> 100 East Fifth Street, Room 810
> Cincinnati, Ohio 45202

Your letter must be postmarked no later than **[insert date that is 25 days from date of mailing]**.

> Very truly yours,
>
>
> Hon. Sandra S. Beckwith

RE:   John D. West v. AK Steel Corporation Retirement Accumulation
      Pension Plan, et al.
      Case No. 1:02-cv-0001


I want to remain a member of the class in this case, and I want to rescind my previous notice to opt out.


DATED:_____                    _____
                                              [sign on line above]


                              * * * *

     IT IS SO ORDERED.

DATED: August 23, 2005                   ___s/Sandra S. Beckwith_____
                                         Sandra S. Beckwith, Chief Judge
                                           United States District Court