IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN D. WEST, on Behalf of       :
Himself and All Other Persons    :
Similarly Situated               :
                                 :
            Plaintiff,           :
                                 :
      vs.                        :   Case 1:02-cv-0001
                                 :
AK STEEL CORPORATION             :
RETIREMENT ACCUMULATION PENSION  :
PLAN, et al.                     :
                                 :
            Defendant.           :

**<u>ORDER</u>**

The Court has reviewed the parties' Joint Response (Doc. 124) to the Court's request for a draft notice, to be sent to the 92 individuals who signed releases in exchange for severance benefits.  The Court orders that the following notice be sent to the 92 class members:

* * * *

By order of the U.S. District Court for the Southern District of Ohio, Western Division, the Honorable Sandra S. Beckwith presiding, you were previously notified of the pendency of this class action captioned *John D. West, et al. v. AK Steel Corp. Retirement Accumulation Pension Plan, et al.* ("the *West* case" or "this class action").  The Court has decided that it must change the definition of the Class, and EXCLUDE YOU FROM THE CLASS.  The Court ordered that this additional Notice be sent to

you to explain the Court's decision.  Please read and carefully consider this Notice as well as the copy of the Court's earlier Notice which is attached.

The Court's earlier Notice told you that the Court had certified the *West* case as a class action, and had defined the Class as follows:

> All vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995 and who received their pension benefits under the Plan in the lump sum form of payment on or before April 1, 2005.

That earlier Notice also stated that there was a motion pending before the Court concerning whether 92 class members, who signed general releases in exchange for severance benefits at the time of their termination from employment, should be excluded from this class action.

You are receiving this notice because you are one of the 92 individuals who signed a release in exchange for severance benefits at the time of your termination from employment.

On July 25, 2005, the Court decided that the 92 individuals who signed releases must be excluded from this class action.  The Court concluded that, in order to determine whether the releases do or do not bar the claims asserted in the *West* case, further investigation of the facts and circumstances relating to each individual release is needed.  Because the validity of these releases must be considered separately for each individual, the Court found it would be inappropriate to consider these claims on

a class action basis. Accordingly, you are hereby **NOTIFIED** that you have been **EXCLUDED FROM THIS CLASS ACTION**.

Although you are excluded from the class, you do have the right to pursue a claim for additional retirement benefits, the same claim that is asserted in the *West* case. You would have to do that in a separate lawsuit. The Court in the *West* case has already ruled that the manner in which Class Members' lump sum distributions were calculated under the AK Steel Retirement Accumulation Pension Plan violated the Employee Retirement Income Security Act (ERISA) and the Internal Revenue Code. However, if you were to bring a separate lawsuit on your own behalf, the defendants may raise your release as a defense to your claim for additional retirement benefits.

Actuarial consultants retained by the parties have estimated that, if you were to prevail on an individual claim, you would likely be entitled to additional retirement benefits that have a present value ranging from \_\_\_\_ to \_\_\_\_. These figures do not include pre-judgment interest, which may or may not be awarded if you were to prevail in your own individual lawsuit, and do not account for any attorneys' fees or costs that you may incur if you were to bring a separate lawsuit.

The Court encourages you to promptly seek legal advice from an attorney of your choice to help you evaluate these matters. The attorneys representing the Class in the *West* case have informed the Court that they will make themselves available to confer with you on these matters. If you wish to consult these

attorneys, or if you have any questions regarding the matters addressed in this Notice, you may contact those attorneys:

>   Thomas R. Theado
>   Gary, Naegele & Theado, LLC
>   446 Broadway
>   Lorain, OH 44052-1797
>   (440) - 244-4809

                          * * * *


The Court directs that Class Counsel send the notice set forth above by regular first class U.S. mail to each of the 92 individuals. The Court also directs counsel to thereafter file a notice with the Court, attesting to the fact and date of mailing of the 92 notices.

   SO ORDERED.

DATED: August 30, 2005                    s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                   United States District Court