IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | |
| | Case No.: C-1-02-0001 |
| Plaintiffs, | |
| vs. | District Judge Sandra S. Beckwith |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan, et al. | Magistrate Judge Timothy S. Black |
| Defendants. | |

**MOTION FOR AN AWARD OF STATUTORY ATTORNEY'S FEES
AND COSTS TO THE PLAINTIFF CLASS**

Plaintiffs respectfully move this Court for an award of statutory attorney's fees in the amount of $388,733.75 and costs in the amount of $8,775.95 pursuant to ERISA § 502(g), to be paid by Defendants to the plaintiff class.

Following the procedure that was approved by the district court on remand in *Costantino v. TRW, Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd*, 13 F.3d 969 (6th Cir. 1994), Plaintiffs have separately moved for court approval, after notice to Class Members and a Fairness Hearing, of (a) a distribution to class counsel of reasonable compensation for their services to the class, (b) reimbursement of litigation expenses reasonably incurred by the class representative or by class counsel on his behalf, and (c) a special award to the class representative, John West, in recognition of his extraordinary service to the class.[1]

The following memorandum establishes the appropriateness of an award of statutory attorney's fees and costs to the plaintiff class pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

---

[1] Motion for Approval of Reasonable Compensation and Expense Reimbursement to Class Counsel and for Approval of Expense Reimbursement and Special Award to the Class Representative (filed Jan. 18, 2006) [Doc. No. 132].

## —— **MEMORANDUM IN SUPPORT** ——

In an ERISA case, an award of statutory attorney's fees and costs, to be paid by the defendants to the plaintiffs, is expressly authorized by ERISA § 502(g) which provides:

> In any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fees and costs of action to either party.

ERISA § 502(g), 29 U.S.C. § 1132(g).

As this Court has observed, "[t]he district court has discretion in deciding whether to award attorney's fees to a prevailing plaintiff in an ERISA case."[2] Indeed, ERISA § 502(g) "confers broad discretion on a district court in making an award of attorney's fees," and an appellate court "will reverse a decision of a district court awarding attorney's fees under [ERISA § 502(g)] only for abuse of discretion."[3]

The instant case fully qualifies for an award of statutory attorney's fees and costs pursuant to ERISA § 502(g), to be paid by Defendants to the plaintiff class.

### A. THE FIVE-FACTOR TEST FOR AN AWARD OF STATUTORY ATTORNEY'S FEES AND COSTS IS FULLY SATISFIED IN THE INSTANT CASE

In *Secretary of Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985), the Sixth Circuit approved a set of five "guidelines for district courts to apply when deciding whether to grant attorney's fees under ERISA."[4] In *Dalesandro v. International Paper Co.*, S.D. Ohio No.

---

[2] *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109 (Order, entered July 8, 2005) (hereinafter "*Dalesandro* Fee Order") at 4 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991)). A copy of the *Dalesandro* Fee Order is submitted as Exhibit 1 to the instant motion.

[3] *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

[4] *King*, 775 F.2d at 669.

1:02-CV-109, this Court recently had occasion to review and employ those factors in determining the propriety of an ERISA statutory fee award:

> In determining whether to award attorney's fees, the trial court is required to consider the following factors:
>
> (1)  the degree of the opposing party's culpability or bad faith;
>
> (2)  the opposing party's ability to satisfy an award of attorney's fees;
>
> (3)  the deterrent effect of an award on other persons under similar circumstances;
>
> (4)  whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA; and
>
> (5)  the relative merits of the parties' positions.[5]

The instant case fully satisfies each of these five factors for an award of statutory attorney's fees and costs pursuant to ERISA § 502(g), to be paid by Defendants to the plaintiff class.

### 1. Defendants' Culpability Has Been Established

The first factor—"the degree of the opposing party's culpability or bad faith"—is intended to be read in the disjunctive; *either* "culpability *or* bad faith" will suffice. *McPherson v. Employees' Pension Plan*, 33 F.3d 253, 256 (3d Cir. 1994) (emphasis by the court). In *McPherson*, the Third Circuit explained that:

> A losing party may be culpable … without having acted with an ulterior motive. In the civil context, culpable conduct is commonly understood to mean conduct that is "blameable; censurable; … at fault; involving the breach of a legal duty or the commission of a fault…."

33 F.3d at 256–57 (quoting BLACK'S LAW DICTIONARY (6th ed. 1990)).

---

[5] *Dalesandro* Fee Order at 4 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991)).

Further, ERISA § 502(g), "'like the rest of ERISA, is remedial legislation that should be construed liberally in favor of those persons it was meant to benefit and protect, namely, participants in and beneficiaries under covered pension and welfare plans.'" *Maune v. IBEW, Local #1, Health & Welfare Fund*, 83 F.3d 959, 964 (8th Cir. 1996) (quoting *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980)).[6]

In the instant case, this Court has determined that "the manner in which Plaintiffs' lump sum disbursements were calculated under the AK Steel Plan violated ERISA." *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F. Supp. 2d 579, 591 (S.D. Ohio 2004). Defendants' ostensible reason for failing to pay the full "accrued benefit" to which Class Members were entitled under ERISA was a supposed distinction between the "statutory accrued benefit" protected by ERISA and the "plan accrued benefit" under the AK Steel Plan. The Court rejected that argument as refuted by "the plain language of the plan":

> Defendants' argument, although creative, ignores a fundamental principle of ERISA law—the plain language of the plan controls. The AK Steel Plan does not distinguish between a "plan accrued benefit" and a "statutory accrued benefit." Under the plain language of the Plan, the term "accrued benefit" is defined as a single life annuity commencing at normal retirement age. Accordingly, a participant's accrued benefit under the AK Steel Plan is in the form of an annual benefit commencing at normal retirement age.

*West*, 318 F. Supp. 2d at 585 (citing *Marquette Gen. Hosp. v. Goodman Forest Indus.*, 315 F.3d 629, 633 (6th Cir. 2003) ("ERISA plans should be interpreted 'according to their plain meaning, in an ordinary and popular sense'") (quoting *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998))).

---

[6] Indeed, a district court properly may award statutory attorney's fees and costs under ERISA § 502(g) "even if that action fails to state a claim upon which relief can be granted." *Primax Recoveries, Inc. v. Gunter*, __ F.3d __ (6th Cir., Jan. 12, 2006) (No. 04-6357; slip opinion at 5). A copy of the *Primax* opinion is submitted as Exhibit 2 to the instant motion.

Defendants clearly have the "culpability" that warrants an award of statutory attorney's fees and costs pursuant to ERISA § 502(g).

### 2. Defendants Are Able To Pay A Fee Award

The second factor—"the opposing party's ability to satisfy an award of attorney's fees"—also supports a statutory fee award in the instant case. Defendants can hardly contend that they lack the fund's to pay a fee award. Indeed, Defendants' retention of one of the foremost international law firms as defense counsel, while certainly within Defendants' prerogative, demonstrates Defendants' ability to pay attorney's fees and costs.

### 3. A Fee Award In The Instant Case Would Have A Salutary Deterrent Effect

The third factor—whether a fee award will have a "deterrent effect … on other persons under *similar* circumstances"—also militates strongly in favor of a fee award in the instant case. Unless ERISA violators are sanctioned as the law permits, economic *incentives* will tend to induce other pension plans to violate the law. Such incentives are of two types.

First, there is always the possibility that ERISA violations will go unchallenged. Even when retirees possess sufficient legal knowledge to recognize that they have been victimized, they generally lack the resources necessary to finance complicated ERISA litigation, and the typically small individual amounts in controversy tend to dissuade attorneys from taking such cases on the basis of contingent fees. Second, from the perspective of a potential violator, even the risk of losing an ERISA case may seem to be outweighed by the benefits of violating the law. Pension plans are often able to earn substantial rates of return on their investments. Thus, the ability to retain retirees' funds during the pendency of a lawsuit may tend to reward a plan for

violating the law.[7] This has been class counsel's experience when a a plan with defined benefits has the incentive to retain "wrongfully withheld funds, [so] it would have to contribute that much less to fund the plan's obligations to other retirees."[8]

An award of statutory attorney's fees and costs against Defendants would help to counter-balance these economic incentives and deter other plans from violating ERISA. "An award of attorney's fees in this case would remind other employers that they are not to trifle with their employees' benefits." *Dalesandro* Fee Order at 7.

### 4. The Instant Litigation Has Conferred A Common Benefit And Resolved Significant Legal Questions

The fourth factor is "whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA." In the instant case, Plaintiffs successfully sought both.

The parties agree that the principals of the underpayments which Defendants owe the 1,230 Class Members, calculated pursuant to the Court's Order of December 19, 2005, total $37,638,442.79.[9] Thus, the average amount owed each Class member is $30,600.00 exclusive of pre-judgment or post-judgment interest. Such benefit is substantial, especially for women and men in their retirement years.

---

[7] *See, e.g.*, *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 697 (7th Cir. 1991), *cited with approval in Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993) ("[t]he ability of defendants to earn interest on funds which should have been expended to pay plaintiffs' medical benefits under the policy would result in the unjust enrichment of defendants" and "create an incentive for insurers to delay payment"); *Foltz v. U.S. News & World Report, Inc.*, 613 F. Supp. 634, 648 (D.D.C. 1985) ("the plans in question received a windfall from the use of the money").

[8] *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 987 (6th Cir. 2001).

[9] The Parties' Joint Submission of Their Roster of the 1,230 Class Members (filed Jan. 18, 2006) [Doc. No. 130] at 2.

In obtaining such a recovery, significant legal questions regarding ERISA were resolved. Defendants admit "this is a complex ERISA class action."[10] The liability issues in this action prompted Defendants to request oral argument on such matters, "in light of the scope and significance of the issues presented,"[11] and the Court heard oral arguments on the liability issues.[12] Further, Defendants recognize that the suit presented "complex damages issues."[13] All in all, Defendants admit, in resolving the legal questions raised in this suit, that "this Court has invested a substantial amount of time and accumulated a substantial amount of expertise."[14]

### 5. The Relative Merits Of The Parties' Positions Weigh Heavily In Favor Of A Fee Award

The fifth and final factor—"the relative merits of the parties' positions"—weighs heavily in favor of a statutory fee award in the instant case. Plaintiffs were the "prevailing parties"[15] *and*

---

[10] Defendants' Motion for Reconsideration of Recusal Order and Substitution of Counsel (filed Oct. 22, 2004) [Doc. No. 66] at 2.

[11] Defendants' Consolidated Memorandum in Support of Their Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment (filed April 4, 2003) [Doc. No. 39] at 48.

[12] Order, entered Oct. 20, 2003 [Doc. No. 50], setting oral argument; Minutes, entered Dec. 17, 2003 [Doc. No. 52], of oral argument received December 17, 2003.

[13] Defendants' Motion for Reconsideration of Recusal Order and Substitution of Counsel (filed Oct. 22, 2004) [Doc. No. 66] at 2.

[14] *Id*. at 4.

[15] In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court noted that "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" 461 U.S. at 433 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)).

obtained full relief for the benefit of the entire class,[16] while Defendants were adjudged to have violated ERISA.[17] An award of statutory fees to the plaintiff class is warranted.

## B. THE "LODESTAR" AMOUNT HAS BEEN ESTABLISHED

In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court observed that:

> Unlike the calculation of attorney's fees under the "common fund doctrine," where a reasonable fee is based on a percentage of the fund bestowed on the class, a reasonable fee under [a fee-shifting statute] reflects the amount of attorney time reasonably expended on the litigation.

465 U.S. at 900 n.16. Thus, where a statute authorizes the district court to award "reasonable attorney's fees" to be paid by the defendant to the prevailing plaintiff, "'the product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee within the meaning of the statute." *Blum*, 465 U.S. at 897 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Sixth Circuit has indicated that, although this "lodestar" calculation will not necessarily govern the amount of the fee owed ***by*** a plaintiff to his or her counsel, the lodestar is the basis for determining the statutory fee payable ***to*** the plaintiff by the defendant. *See Drennan v. General Motors Corp.*, 977 F.2d 246, 253–54 (6th Cir. 1992).[18]

---

[16] As noted earlier in the discussion of the common benefit conferred upon Plaintiffs, the parties agree that the principals of the underpayments which Defendants owe the 1,230 Class Members, calculated pursuant to the Court's Order of December 19, 2005, total $37,638,442.79.

[17] *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F. Supp. 2d 579, 591 (S.D. Ohio 2004) ("the manner in which Plaintiffs' lump sum disbursements were calculated under the AK Steel Plan violated ERISA").

[18] "The lodestar amount, *i.e.*, the reasonable hours expended times a reasonable hourly rate, is presumptively a reasonable award of attorney's fees for the prevailing party." *Dalesandro* Fee Order at 8 (citing *Building Serv. Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)).

In the instant case, the lodestar amount is established by the materials submitted herewith. As the following discussion demonstrates, these materials establish both the reasonable hourly rates of class counsel and the number of hours "reasonably expended on the litigation." *Blum*, 465 U.S. at 900 n.16.

### 1. **The Hourly Rates Submitted By Class Counsel Are Reasonable**

In deciding upon appropriate hourly rates, the district court should determine "the fair market value of the services provided"—a value that necessarily reflects "the training, background, experience and skill of the individual attorney" who litigated the case. *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 638 (6th Cir. 1979). *See also Louisville Black Police Officers Org., Inc. v. City of Louisville*, 700 F.2d 268, 277 (6th Cir. 1983) ("[t]he fair market value of services is the proper standard").

The "market value of the services provided" may be determined by "the hourly rate [usually] charged by an attorney for his or her services," *Northcross*, 611 F.2d at 638, or by a comparison to the prevailing rates charged by "lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 895-96 n.11. Ultimately, the question is what "hourly rates a fee paying client … would pay for the services of these particular lawyers in litigating this particular case." *Knop v. Johnson*, 712 F. Supp. 571, 582 (W.D. Mich. 1989) (discussing *Blum*, *Louisville*, and *Northcross*).[19]

Class counsel in the instant case routinely handle major class actions involving ERISA pension issues of the scale and significance of the instant action, as well as national and regional

---

[19] *See also Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990) (finding that the hourly rate awarded by the district court was justified by counsel's "vast experience and expertise"); *Wzorek v. City of Chicago*, 739 F. Supp. 400, 402 (N.D. Ill. 1990) (determining "a reasonable rate in this market for a person of [counsel's] abilities and experience").

class suits and multi-district litigations in other substantive areas of the law, a number of which have achieved precedential status.[20] Class counsel manifestly possess the "training, background, experience, and skill" corresponding to the complexity of such litigation.[21] The hourly rates applicable to the submitted lodestar calculations fairly comport with the prevailing rates charged

---

[20] *E.g.*, *Elbert v. White Ready Mix Concrete*, N.D. Oh. No. C76-0445; *Rosen v. Fisher Foods, Inc.*, N.D. Ohio No. C80-0079; *Costantino v. TRW, Inc.*, N.D. Ohio No. C86-3368; *Lowe v. Sun Refining & Marketing*, Lucas Cty. [Ohio] C.P. No.88-0630; *DeMarco v. Akron Coca Cola Bottling*, N.D. Ohio No. C88-6702; *DeSario v. Industrial Excess Landfill*, Stark Cty. [Ohio] C.P. No. 89-0570; *Davidson v. U.S. Air, Inc.*, N.D. Ohio No. 1:90CV2071; *Taylor v. Amerifoods Cos.*, N.D. Ohio No. 1:92CV1715; *White v. Aztec Catalyst Co.*, Lorain Cty. [Ohio] C.P. No. 93CV111025; *Murdocco v. Marathon Oil Co.*, Summit Cty. [Ohio] No. CV-95-06-2283; *Rybarczyk v. TRW, Inc.*, N.D. Ohio No. 1:95CV21800; *Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan*, N.D. Ga. No. 1:97-CV-0980; *Esden v. Retirement Plan of the First Nat'l Bank of Boston,* D. Vt. No. 2:97-cv-114; *Holeway v. Copley Press, Inc.*, S.D. Cal. No. 01-CV-2377; *Insalaco v. Ben Venue Labs., Inc.*, Cuyahoga Cty. [Ohio] No. CV-01-450549; *Spann v. AOL Time Warner Inc.*, S.D.N.Y. No. 02 Civ. 8238; *Mikulski v. Centerior Energy Corp.*, 6th Cir. No. 03-4486; *Satterfield v. Ameritech Mobile Communications, Inc.*, Cuyahoga Cty. [Ohio] No. CV-03-517318; *Streety v. Garfield Alloys, Inc.*, Cuyahoga Cty. [Ohio] No. CV-04-519385; *In re Silicone Breast Implant Litig.*, M.D.L. No. 926; *In re Orthopedic Bone Screw Litig.*, M.D.L. No. 1014.

[21] In granting Plaintiffs' motion for class certification, this Court found that the class' representative, "Plaintiff West would vigorously prosecute the class' interests through qualified counsel." Order, entered March 9, 2004 [Doc. No. 55], at 8. Similar findings of class counsel's competency to pursue complex litigation were entered in the actions referenced in footnote 17, *supra*. Particular commendations have been entered respecting Messrs. Engerman and Gary. In *Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan*, No. 1:97-CV- 0980, (N.D. Ga. May 21, 2004), the district court noted, regarding counsel including Mr. Engerman, that "the Court's own observations of Plaintiffs' counsel support a determination that Plaintiffs' counsel are highly reputable and responsible attorneys." Likewise, in *Spann v. AOL Time Warner, Inc.*, 35 Employee Benefits Cas. (BNA) 1648, 2005 U.S. Dist. Lexis 10848 at *24 (S.D.N.Y. June 7, 2005), the district court observed that "[Allen] Engerman functioned as the 'elder statesman' of the plaintiffs' team, and was a source of frequent advice regarding litigation strategy." In another ERISA pension class action, the district court noted that "Robert D. Gary, in particular, has successfully prosecuted complex litigation in which classes have received monetary compensation for economic harms." *Costantino v. TRW, Inc.*, N.D. Ohio No. C86-3368 (Memorandum and Order, entered Aug. 19, 1987).

by "lawyers of reasonably comparable skill, experience and reputation,"[22] and reflect "the fair market value of the services provided."[23]  That such rates are *not* unreasonable is demonstrated by the fact that district courts have previously approved rates equal to, as well as significantly higher than, those requested herein.[24]

To arrive at a reasonable hourly rate, this Court properly may consider the hourly rates approved for an award of fees under ERISA § 502(g) in a markedly similar pension class action. On remand from the district court's decision in *Costantino v. TRW, Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd*, 13 F.3d 969 (6th Cir. 1994), the plaintiff class in that suit and its class counsel—as have the plaintiff class in this suit and its class counsel—moved for both:

- An award of statutory attorney's fees and costs pursuant to ERISA § 502(g), to be paid by the defendants to the plaintiff class; and

- A distribution to class counsel of reasonable compensation for their services to the class, reimbursement of litigation expenses reasonably incurred by the class representative or by class counsel on his behalf, and a special award to the class representative, John West, in recognition of his extraordinary service to the class.[25]

---

[22]   *Blum*, 465 U.S. at 895–96 n.11.

[23]   *Northcross*, 611 F.2d at 638; *see also Louisville*, 700 F.2d at 277.

[24]   Comprehensive empirical analyses have shown that the hourly rate awarded from class action recoveries over the past decade has averaged $1,192.43 in 2003 dollars, Logan, *et al.*, *Attorney Fee Awards in Common Fund Class Actions*, 24 CLASS ACTION REPORTS 167 (2003), while during the same period of time there was "no robust evidence that either recoveries for plaintiffs or fees of the attorneys increased over time," Eisenberg & Miller, *Attorney Fees in Class Action Settlements: An Empirical Study*, 1 JOURNAL OF EMPIRICAL LEGAL STUDIES 27 (2004).

[25]   Class counsel are following the same procedure that was approved by the district court on remand in *Costantino v. TRW, Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd*, 13 F.3d 969 (6th Cir. 1994), seeking an award of statutory fees payable to the class, and a separate determination of reasonable compensation and expense reimbursements to class counsel from the common

(continued...)

The motion papers submitted in *Costantino* sought a statutory fee award, as does Plaintiffs' instant motion, on a the basis of a lodestar computed with Robert D. Gary at $300 per hour, and Thomas R. Theado and Thomas A. Downie at $200 per hour.[26] The district court in *Costantino* approved those hourly rates in granting the whole of the fee motion, so that the *Costantino* class "recovered 100% of its claim for statutory attorneys fees to be paid by the defendants to the class pursuant to ERISA § 502(g)."[27] Applying to those 1995 rates a 4% annual cost of living adjustment ("COLA")—such as this Court employed in considering the hourly rates in *Dalesandro*[28]—would establish Robert D. Gary at $440 per hour, and Thomas R. Theado and Thomas A. Downie at $300 per hour.

The attorneys of the firm of Gary, Naegele & Theado, LLC – Robert D. Gary, Thomas R. Theado, Jori Bloom Naegele, and Thomas A. Downie—share in a thirty-year history of class action practice, in the course of which they have represented the interests of tens of thousands of injured individuals, in state and federal venues nationwide, on claims arising from various

---

[25] (...continued)
fund. **Importantly, as in *Costantino*, class counsel do not seek any portion of the statutory fees paid to the class pursuant to ERISA § 502(g)—a fact that distinguishes the instant case from this Court's decision in *Dalesandro v. International Paper Co*., S.D. Ohio No. 1:02-CV-109 (Order, entered July 8, 2005) [the *Dalesandro* Fee Order, submitted as Exhibit 1 to the instant motion].**

[26] Motion for an Award of Statutory Attorneys Fees to the Plaintiff Class and for Approval of a Separate Distribution of Fees and Expenses to Class Counsel, filed Feb. 8, 1995, in *Costantino v. TRW, Inc*., N.D. Ohio No. C86-3368, at 1. A copy of this motion is submitted with the instant motion, submitted as Exhibit 3.

[27] Order Directing Distribution of Judgment Proceeds to Class Members, Confirming Award of Statutory Attorneys Fees to the Plaintiff Class, and Approving Distribution of Fees and Expenses to Class Counsel, entered May 5, 1995, in *Costantino v. TRW, Inc*., N.D. Ohio No. C86-3368, at 1. A copy of this order accompanies the instant motion, submitted as Exhibit 4.

[28] *Dalesandro* Fee Order at 43 n. 25 (citing *James v. Runyon*, 868 F. Supp. 911, 913–14 (S.D. Ohio 1994); *James v. Frank*, 772 F. Supp. 984, 1000 (S.D. Ohio 1991)).

areas of substantive law, including pension rights, consumer fraud, environmental injuries, personal property damage, real estate value diminutions, and contract damages.[29] Mr. Gary has continuously practiced law since being admitted to the bar in 1966, serving as a trial attorney for the Organized Crime & Racketeering Section of the U.S. Department of Justice, as a Special Assistant U.S. Attorney, as Acting Chief of the Cleveland Strike Force on Organized Crime, as Special Assistant to the Governor of Ohio, and entering private practice in 1974. Ms. Naegele has distinguished herself in scores of litigations since being admitted to practice in 1980. Mr. Theado, in continuous practice of the law since 1979, was featured in a 1995 series of *Lawyers Weekly* articles on the country's top trial lawyers. Mr. Downie, continuously in the practice of law since 1978, has authored a number of articles on numerous class action issues. Thus, Ms. Naegele and Messrs. Gary, Theado and Downie each would well satisfy the criteria for "Senior Partner" status under former Chief Judge Carl Rubin's 1983 study.[30] On that basis, a fee under ERISA § 502(g) should be awarded the class in this suit, "[r]ecognizing that seasoned attorneys are more valuable than attorneys with lesser experience."[31]

Allen C. Engerman similarly brought to bear in this litigation an extraordinary range of skills and resulting accomplishments. For over a decade, Mr. Engerman's practice has focused on the prosecution of ERISA class actions in the federal courts, and he is co-counsel in numerous pending or resolved ERISA class actions throughout the country (some of which are landmark

---

[29] Please see the accompanying Declarations of Robert D. Gary, Thomas R. Theado, Jori Bloom Naegele, and Thomas A. Downie, submitted as Exhibit 5.

[30] See *Dalesandro* Fee Order at 43 n. 25 (citing *Beya v. Hoxworth Blood Center*, Case No. 1:96-CV-407 (S.D. Ohio, Aug. 25, 1998) (Beckwith, J.) (Doc. No. 183)).

[31] *Dalesandro* Fee Order at 43 n. 25.

cases in the field).[32] Mr. Engerman regularly is compensated at no less $600 per hour, and he has received fee awards far in excess of that rate.[33]

The attorneys of Gary, Naegele & Theado, LLC have assisting them one paralegal, Mark A. Long, who performed valuable services in capacities not requiring an attorney.[34] It is respectfully suggested that Mr. Long's services be awarded against Defendants, in favor of the class, at the $85 per hour rate approved by this Court in *Dalesandro*.[35]

Accordingly, it is respectfully requested that the Court employ the following hourly rates in determining the fee to be paid by Defendants to the class under ERISA § 502(g):[36]

---

[32] *E.g.*, *Aramsey v. AMFAC, Inc., Ashbury v. May Dept. Store Co. Retirement Plan, Cage v. General Motors Defined Benefit Salaried Plan, Call v. Ameritech Management Pension Plan, Carter v. Texaco, Inc., Choinacki v. American Home Products Corp., Doyle v. Ceridian, Esden v. Bank of Boston, Griner v. St. Joe Paper Co., Holeway v. The Copley Press, Inc. Retirement Plan, Horvath v. California Fed. Bank, Keehner v. Retirement Plan for Non-Bargaining Unit Employees of American President Cos., Ltd., Keifer v. Ceridian Corp., Kelley v. Nemours, Kohl v. Association of Trial Lawyers of America, Laurenzano v. Blue Cross & Blue Shield of Mass., Lunn v. Montgomery Ward & Co., Inc., Retirement Security Plan, Lyons v. Georgia Pacific, Malloy v. Ameritech, Mathews v. Sears Pension Plan, McElwaine v. U.S. West, Inc., Medeika v. Southern New England Telephone, Morales v. Pacific Telesis Corp., Myers-Garrison v. Johnson & Johnson, Pierce v. Goldkist, Inc., Ramsey v. Amfac, Inc., Richardson v. Fairchild Space & Defense Corp., Rybarczyk v. TRW, Seifert v. May Co. Retirement Plan, Shrader v. BP Corporation North America, Inc., Spann v. AOL Time Warner, Inc., Tyler v. Bank One, Walker v. Asea Brown Boveri, Inc., Cash Balance Pension Plan, White v. Employee Retirement Plan of Amoco Corp., Wimbush-Bowles v. GTE Service Corp. Plan, Inc. Retirement Income Fund, Young v. Verizon Communications, Inc., and Zimmer v. Tyson.*

[33] Please see the accompanying Declaration of Allen C. Engerman, submitted as Exhibit 6A, and Mr. Engerman's CV, submitted as Exhibit 6B.

[34] In addition, Jeffrey Engerman, also an ERISA class action attorney, spent considerable hours assisting class counsel during the recent stages of this litigation. Counsel is not seeking reimbursement for his time, although courts in the past have awarded fees on his behalf at a rate of $225 per hour.

[35] *Dalesandro* Fee Order at 46.

[36] The hourly rates herein suggested for Ms. Naegele and Messrs. Gary, Theado and Downie

(continued...)

Attorneys:

| | |
|---|---|
| Allen C. Engerman | $600 per hour |
| Robert D. Gary | $440 per hour |
| Jori Bloom Naegele | $300 per hour |
| Thomas R. Theado | $300 per hour |
| Thomas A. Downie | $300 per hour |

Paralegal:

| | |
|---|---|
| Mark A. Long | $85 per hour |

## 2. The Hours Submitted Were Reasonably Expended On The Litigation

Where, as in the instant case, "a plaintiff has obtained excellent results," the lodestar calculation should include "all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). As the Supreme Court went on to explain in *Hensley*:

> In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435.

In the accompanying materials,[37] class counsel have itemized "the number of hours [they] have expended on the case."[38] *Northcross*, 611 F.2d at 636. Also properly included are the

---

[36] (...continued)
are markedly below the actual rates at which they have been compensated in class action suits in the ten years since the 1995 fee award in *Costantino*. Such reduced rates have been submitted in order to accommodate this Court's fee decisions in *Dalesandro*.

[37] Please see accompanying Exhibits 7A and 7B, a chronologic itemization and detail of all of the recorded hours of service rendered by class counsel and their paralegal on behalf of the class on matters incident to the prosecution of this action.

[38] Such hours properly include the time spent in the preparation of the instant motion for attorney's fees and costs. *See Northcross*, 611 F.2d at 637 ("the plaintiffs should recover for the
(continued...)

hours expended by paralegals. *See In re Revco Sec. Litig.*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,071 ("The Court is particularly impressed with [class counsel's] use of non-lawyers…. In staffing this case, [class counsel] reduced the costs of litigation by not assigning to its attorneys tasks that non-lawyers could perform.").[39]

In accordance with *Hensley* and *Northcross*, all of the hours submitted should be taken into account in determining the statutory fee award to be paid by Defendants to the plaintiff class.

"The Court should not, however, award the plaintiff [class] attorney's fees for duplicative or excessive hours."[40]  In the instant case, class counsel are aware that concerns with duplicative billing might arise from the collegial manner with which they make the tactical and strategic decisions attendant to the successful conclusion of a piece of complex litigation.  That is, "[a]lthough the Court recognizes the importance of periodic conferences among trial counsel, the trial court may nevertheless deduct hours for excessive conferencing."[41]  Thus, the accompanying materials include Exhibit 8, a separate accounting of the recorded hours of service at which two or more counsel participated in a conversation, conference, or meeting.

---

[38] (...continued)
time spent litigating the fees issue itself").

[39] *See also Northcross*, 611 F.2d at 637–38 (approving inclusion of paralegal time at a rate commensurate with the services provided).

[40] *Dalesandro* Fee Order at 8 (citing *Wayne v. Village of Sebring*, 36 F.3d 517, 532–33 (6th Cir. 1994)).

[41] *Id*. at 35–36 (citing *Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 101 (D. Mass. 1998); *Citibank, N.A. v. Hicks*, No. Civ. A. 03-2283, 2004 WL 1895189, at *6 (E.D. Pa. Aug. 24, 2004)).

The hours reported on Exhibit 8, forming a sub-set of all of the hours rendered, total 140.85 hours. That result is *not* indicative of duplicative or excessive conferencing, inasmuch as on nearly every occasion only one counsel is speaking with another. Thus, class counsel suggest that an appropriate measure would be to reduce the number of hours shown on Exhibit 8 by 7.5% based on the assumptions, as employed by this Court in *Dalesandro*, that "15% … constitutes duplicative hours spent in conference," and "in order to avoid multiple recoveries for the same hour of conferencing, the Court will then deduct 50%," resulting in the suggested 7.5% reduction (15% x 50%).[42]

Therefore, the award of statutory attorney's fees pursuant to ERISA § 502(g) sought by the instant motion is $388,733.75, as follows:

| **Attorneys** | **Total Hours (Exs. 7A & 7B)** | **Less 7.5% of Ex. 8** | **Billed Hours** | **Billed Amount** |
|---|---|---|---|---|
| Allen C. Engerman (at $600 per hour) | 113.25 | (2.61) | 110.64 | $66,384.00 |
| Robert D. Gary (at $440 per hour) | 65.35 | (1.31) | 64.04 | $28,177.60 |
| Jori Bloom Naegele (at $300 per hour) | 32.80 | (0.59) | 32.21 | $9,663.00 |
| Thomas R. Theado (at $300 per hour) | 663.40 | (3.46) | 659.94 | $197,982.00 |
| Thomas A. Downie (at $300 per hour) | 587.80 | (2.61) | 585.19 | $175,557.00 |

| **Paralegal** | **Total Hours (Exs. 7A & 7B)** | **Less 7.5% of Ex. 8** | **Billed Hours** | **Billed Amount** |
|---|---|---|---|---|
| Mark A. Long (at $85 per hour) | 65.15 | –0– | 65.15 | $5,537.75 |

**TOTAL –** $388,733.75

---

[42] *Dalesandro* Fee Order at 35–36.

### C. THE COSTS SOUGHT AGAINST DEFENDANTS ARE REASONABLE AND RECOVERABLE

The costs sought on behalf of the class against Defendants, in the sum of $8,775.95, are eminently reasonable costs, incurred as a necessary part of the successful prosecution of this action.[43] Such costs certainly do not include all of the expenses incurred and paid by class counsel in this action. For example, a major litigation expense—fees paid to expert witness for non-testimonial services—are not recoverable against Defendants either as costs or as part of a statutory fee award pursuant to ERISA § 502(g),[44] but are properly reimbursable from the common fund secured for the benefit of the class.[45]

### III. CONCLUSION

For the foregoing reasons, this Court should grant an award of statutory attorney's fees in the amount of $388,733.75 and costs in the amount of $8,775.95 pursuant to ERISA § 502(g), to be paid by Defendants to the plaintiff class.

A fee and costs award at this juncture will not compensate the class on the whole of the class' substantive cause of action for fees and costs the class may seek against Defendants under ERISA § 502(g).[46] A host of further obligations will fall upon class counsel after securing a favorable judgment in this Court, including not only the defense of that judgement upon

---

[43] *See* accompanying Exhibit 9, chronologically itemizing the recoverable costs totaling $8,775.95.

[44] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987); *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 111 S. Ct. 1138, 1148 (1991).

[45] *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980).

[46] See *Pony v. County of L.A.*, 2006 U.S. App. Lexis 574, at *8–*9 (9th Cir. Jan. 11, 2006) ("the right to seek attorney's fees under 42 U.S.C. § 1988 is a substantive cause of action") (copy submitted as Exhibit 10).

Defendants' threatened appeal but also the administration of the distribution of the recovery among Class Members. Based on prior experience,[47] class counsel estimate hundreds of additional hours of service will be rendered in their performance of these obligations. Accordingly, Plaintiffs respectfully request that the Court "retain jurisdiction over this case to resolve any supplemental fee application by Plaintiffs."[48] *No* such supplemental application will be made on Plaintiffs' separate motion for court approval, after notice to Class Members and a Fairness Hearing, of (a) a distribution to class counsel of reasonable compensation for their services to the class, (b) reimbursement of litigation expenses reasonably incurred by the class representative or by class counsel on his behalf, and (c) a special award to the class representative, John West, in recognition of his extraordinary service to the class.

Respectfully submitted,

s/  Thomas R. Theado
Plaintiffs' Trial Attorney and Class Counsel
Thomas R. Theado (0013937)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:   440-244-4809
Fx:   440-244-3462

---

[47] Class counsel, to this day, still receive inquiries and requests from the members of the classes whose recoveries were disbursed a decade ago in *Costantino v. TRW, Inc.*, N.D. Ohio No. C86-3368, a five years ago in *Rybarczyk v. TRW, Inc.*, N.D. Ohio No. 1:95CV21800.

[48] *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109 (Final Judgment, entered July 8, 2005) ["*Dalesandro* Final Judgment"] at 6 ( citing *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) (district courts generally retain jurisdiction to consider postjudgment motion for attorney's fees)). A copy of the *Dalesandro* Final Judgment is submitted as Exhibit 11 to the instant motion.

        Robert D. Gary (0019610)
        Jori Bloom Naegele (0019602)
        Thomas A. Downie (0033119)
        GARY, NAEGELE & THEADO, LLC
        446 Broadway Avenue
        Lorain, Ohio  44052-1797
        Ph:   440-244-4809
        Fx:   440-244-3462

        Allen C. Engerman
        LAW OFFICES OF ALLEN C. ENGERMAN, P.C.
        666 Dundee Road–# 1200
        Northbrook, Illinois  60062
        Ph:   847-564-5555
        Fx:   847-564-4944

        COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A. Downie | tdownie@gntlaw.com |
| Allen C. Engerman | acelaw@mcn.org |
| Stuart J. Evans | sevans@cov.com |
| Robert D. Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R. Theado | ttheado@gntlaw.com |
| Robert D. Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

        s/  Thomas R. Theado
        Thomas R. Theado (0013937)
        Attorney for Plaintiffs
        GARY, NAEGELE & THEADO, LLC
        446 Broadway Avenue
        Lorain, Ohio  44052-1797
        Telephone: (440) 244-4809
        Telecopier: (440) 244-3462
        E-mail:  TomTheado@aol.com