*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0012p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

PRIMAX RECOVERIES, INC.,

    *Plaintiff-Appellee,*

v.

JOAN GUNTER and WILLIAM GUNTER,

    *Defendants-Appellants.*

No. 04-6357

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 02-00240—Todd J. Campbell, District Judge.

Submitted: November 9, 2005

Decided and Filed: January 12, 2006

Before: MERRITT, MOORE, and SUTTON, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** John M. Scannapieco, BOULT, CUMMINGS, CONNERS & BERRY, Nashville, Tennessee, for Appellants. Thomas H. Lawrence, LAWRENCE & RUSSELL, Memphis, Tennessee, for Appellee.

---

**OPINION**

---

    MERRITT, Circuit Judge. The District Court rejected an application for ERISA attorney's fees and costs under 29 U.S.C. § 1132(g) on the grounds that it lacked subject-matter jurisdiction over the case. The question presented in this appeal is whether an ERISA action ostensibly brought under 29 U.S.C. § 1132(a)(3) apparently for solely "legal," as distinguished from "equitable," relief — a form of relief clearly barred by Supreme Court precedent in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) — falls outside the District Court's subject-matter jurisdiction or simply fails to state a claim upon which relief can be granted. In *QualChoice, Inc. v. Rowland*, 367 F.3d 638, 642 (6th Cir. 2004), our Court, relying on a prior binding precedent, stated that a federal court has no subject-matter jurisdiction in such cases. Due to intervening Supreme Court precedent, we reject our prior characterization and hold that a district court has subject-matter jurisdiction in such cases, even if the pleading fails to state a claim upon which relief can be granted. Two recent Supreme Court opinions, *Kontrick v. Ryan*, 540 U.S. 443 (2004), and *Eberhart v. United States*, 546 U.S. ____, 126 S. Ct. 403 (2005) (per curiam), require us to depart from binding precedent in our Circuit, *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir. 2003),

followed in *QualChoice, Inc. v. Rowland*, 367 F.3d 638 (6th Cir. 2004), and to depart from our normal rule that one panel may not overrule a prior panel. We, therefore, reverse the District Court's denial of the application of defendants Joan and William Gunter for attorney's fees and costs. We remand for further consideration of this issue.

## I. Factual Background

The defendants, the Gunters, were injured in an automobile accident and received insurance benefits from a number of sources, including $75,477.68 from a health and welfare plan covered by ERISA, 29 U.S.C. § 1001. The plaintiff, Primax, sought to enforce the ERISA plan reimbursement provision under 29 U.S.C. § 1132(a)(3) in the amount of the medical benefits paid to the Gunters. The Gunters prevailed in that litigation because the District Court concluded that they had not been "made whole" as a result of the combined insurance benefits received from the various insurance sources.

Thereafter, the Gunters filed their application for ERISA statutory attorney's fees under 29 U.S.C. § 1132(g). The District Court referred the Gunters' application for attorney's fees to a magistrate judge for a report and recommendation. The magistrate judge recommended that attorney's fees and costs be granted to the Gunters in the amount of $67,255.46.

After the Gunters' application for attorney's fees had been fully briefed by the parties, but before the entry of the magistrate judge's recommendations, Primax brought to the District Court's attention our Court's decision in *QualChoice, Inc. v. Rowland*, 367 F.3d 638, 642 (6th Cir. 2004), which held that the federal courts lacked subject-matter jurisdiction over such reimbursement claims. The Sixth Circuit in *QualChoice* based its determination upon its interpretation of a Supreme Court opinion, *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002), which held that a health and welfare plan's claim for reimbursement pursuant to the plan's reimbursement provision was not authorized by § 1132(a)(3) because it was a legal, not an equitable, action. *QualChoice* relied upon binding Sixth Circuit precedent in *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619, 620, 624 (6th Cir. 2003), that had held that federal subject matter jurisdiction was lacking under such circumstances.

Upon being advised of the *QualChoice* decision, the District Court concluded that it was "without subject matter jurisdiction to award attorneys fees or expenses" in the underlying litigation, the judgment in which had become final. The Gunters now appeal that denial of their application for attorney's fees and costs.

## II. Analysis

### A. Subject-Matter Jurisdiction Versus Failure to State a Claim

"Generations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) and 12(b)(6) in federal question cases . . . ." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996). In theory, the difference is clear: "the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2004). Yet in practice, "the difference between the two motions is often difficult to discern." *Id.* That is true of the present case; and, due to intervening Supreme Court precedent, we reject our recent characterization in *Mosser*, followed as binding precedent in this court in a number of cases, *see QualChoice, Inc.*, 367 F.3d at 642, 647, that a federal court has no subject-matter jurisdiction over an action ostensibly brought under 29 U.S.C. § 1132(a)(3) apparently for solely legal relief. We hold that, in such cases, a federal court has subject-matter jurisdiction, even if the plaintiff is unable to state a claim upon which relief can be granted.

The Constitution gives Congress the exclusive power to determine a lower federal court's subject-matter jurisdiction. U.S. Const. art. III, § 1; *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Congress has provided district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2005). The particular federal law — 29 U.S.C. § 1132(a)(3) — whose grant of subject-matter jurisdiction is at issue here allows a "participant, beneficiary, or fiduciary" to bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

In *Knudson*, 534 U.S. at 221, the Supreme Court, as noted earlier, held that this statute authorizes only equitable, not legal, relief.

Where an action brought pursuant to this provision seeks only legal relief, our Court in *Qualchoice*, 367 F.3d at 642, following the binding precedent of *Mosser*, joined other courts in characterizing the basis for a motion to dismiss as a lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 358 (5th Cir. 2003); *Admin. Comm. of the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680, 688 (7th Cir. 2003); *Knudson*, 534 U.S. at 224 (Ginsburg. J., dissenting) ("[T]he [*Knudson*] Court concludes that Great-West's claim is beyond the scope of § 502(a)(3) and therefore outside federal jurisdiction."). We did so despite the growing number of courts taking the contrary view that such motions to dismiss should instead be resolved under Federal Rule of Civil Procedure 12(b)(6) to ascertain whether the plaintiff failed to state a claim upon which relief can be granted. *See Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d 212, 218 n.5 (4th Cir. 2005); *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1167 (9th Cir. 2002); *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1351-54 (11th Cir. 1998); *Health Cost Controls v. Skinner*, 44 F.3d 535, 536-38 (7th Cir. 1995); *Wausau Benefits, Inc. v. Liming*, 393 F. Supp. 2d 713, 716 (W.D. Wis. 2005); *Mid-Century Ins. Co. v. Menking*, 327 F. Supp. 2d 1049, 1053 n.5 (D. Neb. 2003); *Knudson*, 534 U.S. at 222 (Stevens, J., dissenting) ("[Section 1132(a)(3)] provides a proper basis for federal jurisdiction in the present case.").

In two very recent decisions, the Supreme Court has admonished courts to use the term "jurisdiction" with more precision, describing the term as "a word of many, too many, meanings," *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998)). In *Kontrick*, a unanimous Court held that time requirements of Federal Rules of Bankruptcy Procedure 4004 and 9006 did not implicate subject-matter jurisdiction, but were instead "claim-processing rules." *Id.* at 455. Just over one year later, in *Eberhart v. United States*, 546 U.S. __, 126 S. Ct. 403, 407 (2005) (per curiam), the Supreme Court similarly described Federal Rule of Criminal Procedure 33 with its time limitations as a nonjurisdictional "claim-processing rule." "Clarity would be facilitated," the Supreme Court remarked, "if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id.* at 405 (quoting *Kontrick*, 540 U.S. at 455). "Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct . . . ." *Kontrick*, 540 U.S. at 456.

Although these two decisions are not patterned on facts identical with the instant case, they address defenses more analogous to a motion to dismiss for failure to state a claim, than to a motion to dismiss for lack of subject-matter jurisdiction:

No. 04-6357          *Primax Recoveries v. Gunter, et al.*                                Page 4

> Even if a defense based on Bankruptcy Rule 4004 could be equated to "failure to state a claim upon which relief can be granted," the issue could be raised, at the latest, "at the trial on the merits." Fed. Rule Civ. Proc. 12(h)(2). Only lack of subject-matter jurisdiction is preserved post-trial. Fed. Rule Civ. Proc. 12(h)(3). And, as we earlier explained . . . Kontrick's resistance to the family-account claim is not of that order. No reasonable construction of complaint-processing rules, in sum, would allow a litigant situated as Kontrick is to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits.

*Id.* at 459. Thus, like the claim-processing rules in *Eberhart* and *Kontrick*, an action under 29 U.S.C. § 1132(a)(3) seeking only legal relief does not fall outside a federal court's subject-matter jurisdiction, but instead raises the question whether a party has failed to state a claim upon which relief can be granted.

Our application of *Eberhart* and *Kontrick* to the instant case faithfully adheres to the Supreme Court's jurisprudence addressing situations where, as here, both the court's subject-matter jurisdiction and the substantive claim for relief are based on the same federal statute. The Supreme Court has set forth the standard in such cases:

> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of New York v. County of Oneida*, 414 U.S. 661, 666 (1974)). This requirement of substantiality or non-frivolousness of the federal question refers "to whether there is any legal substance to the position the plaintiff is presenting." 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3564 (2d ed. 1984). An ERISA claim can be non-frivolous (or sufficiently substantial) even if it is "unsuccessful and possibly verging on the foolhardy" in light of prior precedent barring the relief sought. *Cement Masons Health & Welfare Trust Fund for N. California v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999); *see also Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1167 (9th Cir. 2002) (exercising subject-matter jurisdiction over an action under section 1132(a)(3) seeking only legal relief, even though the Supreme Court in *Knudson* had previously held that legal relief was unavailable); *Wausau Benefits, Inc. v. Liming*, 393 F. Supp. 2d 713, 716 (W.D. Wis. 2005) (same). Although in many ERISA cases prior precedent will almost certainly preclude the sought remedy, the decision whether to classify a particular claim as legal or equitable presents a sufficiently substantial and non-frivolous issue for federal courts to exercise subject-matter jurisdiction over actions arising under section 1132(a)(3).

As the District Court properly concluded in the instant case, Primax's action for reimbursement pursuant to the plan's reimbursement provision was a legal, not equitable, claim. *See Qualchoice*, 367 F.3d at 642. Primax failed to state a claim upon which relief can be granted; but, for the reasons stated above, the District Court had subject-matter jurisdiction over this action. Having concluded that subject-matter jurisdiction existed, we now turn to whether the District Court erred in denying the Gunters' application for attorney's fees and costs.

No. 04-6357          *Primax Recoveries v. Gunter, et al.*                                Page 5

### B. Attorney's Fees and Costs

Characterizing Primax's claim as implicating either the District Court's subject-matter jurisdiction or Primax's failure to state a claim is not simply a struggle over semantics. The issue's resolution has several practical consequences, including the availability of attorney's fees and costs.[1] It is well established that a court without subject-matter jurisdiction over an ERISA action lacks the authority to award attorney's fees.[2] *Board of Trustees of the IUNHCAMP Health & Welfare Fund v. Progressive Health Alliance*, 135 Fed. App. 63, 64 (9th Cir. June 14, 2005); *Citizens for a Better Env't v. The Steel Co.*, 230 F.3d 923, 929 (7th Cir. 2000); *Cliburn v. Police Jury Ass'n of Louisiana, Inc.*, 165 F.3d 315, 316 (5th Cir.1999) (per curiam); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*, 827 F.2d 1454, 1458 (11th Cir. 1987) (per curiam); *see also Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004) (quoting *Greater Detroit Res. Recovery Auth. & Combustion Eng'g v. United States EPA*, 916 F.2d 317, 320 (6th Cir. 1990)) ("[u]nless the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction, an appellate court must vacate an award of attorney's fees if the district court did not have subject matter jurisdiction over the litigation.").

On the other hand, where a district court properly has jurisdiction over the case and a statute authorizes the grant of attorney's fees and costs, there is no jurisdictional barrier to such an award. *See, e.g., Gorman v. Carpenters' & Millwrights' Health Benefit Trust Fund*, 410 F.3d 1194, 1202 (10th Cir. 2005)*; Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d 212, 218 n.5, 221 (4th Cir. 2005); *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1167 (9th Cir. 2002). As discussed earlier, the District Court has subject-matter jurisdiction over this case, and 29 U.S.C. § 1132(g)(1) authorizes a district court in its discretion to award "a reasonable attorney's fee and costs of action to either party." Thus, the District Court may exercise its discretion in granting the Gunters' application for attorney's fees and costs, as the Court indicated it would have done with subject-matter jurisdiction.

### III. Conclusion

In sum, we hold that a district court has subject-matter jurisdiction over an action ostensibly brought under 29 U.S.C. § 1132(a)(3) apparently for solely legal relief, even if that action fails to state a claim upon which relief can be granted. Since the District Court, following our earlier decision, erred in concluding that it lacked subject-matter jurisdiction to award attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), we reverse. We remand for further consideration of the question of attorney's fees and costs.

---

[1] For other practical implications of this distinction, *see* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3564 (2d ed. 1984); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

[2] This rule does not necessarily apply where a judgment becomes final even though the district court lacked subject-matter jurisdiction over the case. In such instances, res judicata concerns generally counsel against a collateral attack on that court's determination of jurisdiction. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4428 (2d ed. 2002) ("[M]ost federal-court judgments are res judicata notwithstanding a lack of subject-matter jurisdiction.").