IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. COSTANTINO, ET AL., | : | CASE NO. C86-3368 |
| | : | |
| PLAINTIFFS, | : | |
| | : | JUDGE ANN ALDRICH |
| -VS- | : | |
| | : | |
| TRW, INC., ET AL., | : | |
| | : | |
| DEFENDANTS. | : | |

**ORDER DIRECTING DISTRIBUTION OF JUDGMENT PROCEEDS TO CLASS MEMBERS, CONFIRMING AWARD OF STATUTORY ATTORNEYS FEES TO THE PLAINTIFF CLASS, AND APPROVING DISTRIBUTION OF FEES AND EXPENSES TO CLASS COUNSEL**

The plaintiff class has recovered 100% of the cumulative underpayments of pension benefits sought to be recovered in this litigation, in the amount of $2,775,412.17. In addition, the class has recovered $4,608,757.16 in interest on the cumulative underpayments, computed at substantial rates and compounded quarterly from the dates on which the benefits should have been paid until the date, April 21, 1995, on which the defendants deposited the cumulative underpayments and interest into the Court's registry. The class has also recovered 100% of its claim for statutory attorneys fees to be paid by the defendants to the class pursuant to ERISA § 502(g), in the amount of $724,572.50.

The total recovery secured by the class in cumulative underpayments, interest thereon, and statutory attorneys fees paid by the defendants is $8,108,741.83. After deduction of the expense reimbursements and reasonable compensation to class

counsel herein ordered by the Court, 100% of the cumulative underpayments, and approximately eighty cents of every dollar of cumulative underpayments and interest thereon, will be distributed to class members.

By Order dated April 21, 1995, the Court approved, for prompt dissemination to each member of the class, a Notice To Class Members informing them of their right to appear and be heard at a May 5, 1995 fairness hearing on the Motion For An Award Of Statutory Attorneys Fees To The Plaintiff Class And For Approval Of A Separate Distribution Of Fees And Expenses To Class Counsel ("the fee application"), filed February 8, 1995. The Notice was sent in compliance with the Court's April 21, 1995 Order, and the fairness hearing was convened on the scheduled date.

Having duly considered the fee application and the comments of class members thereon, the Court finds that the sum of $724,572.50 is a reasonable amount to be paid by the defendants to the plaintiff class as and for statutory attorneys fees pursuant to ERISA § 502(g); the Court further finds that litigation expenses in the sum of $24,906.21 were reasonably incurred by class counsel to date and should be reimbursed from the funds deposited by the defendants into the Court's registry; and the Court further finds that the sum of $2,215,250.79, which is thirty percent of the cumulative underpayments and interest thereon recovered on behalf of the class, is a reasonable amount to be paid to class counsel as and for reasonable compensation for their services to the class to date and should be distributed to class counsel from the funds deposited by the defendants into the Court's registry. No portion of the $724,572.50 paid by the defendants to the class pursuant to ERISA § 502(g) will be distributed to class counsel.

Wherefore, the Court being duly advised in the premises, and for good cause shown, it is hereby:

ORDERED that the amount payable by the defendants to the plaintiff class pursuant to ERISA § 502(g) shall be $724,572.50, which sum the defendants have already deposited into the Court's registry;

ORDERED that, from the funds deposited by the defendants into the Court's registry, the Clerk shall forthwith distribute, to the class members whose names and addresses appear in the Class Roster appended hereto as Exhibit A, the amounts (other than zero) set forth in the Schedule of Distribution appended hereto as Exhibit B ("the Schedule"). Each such amount consists of the cumulative underpayment to which the respective class member is entitled pursuant to this Court's judgment, plus the interest accrued thereon prior to the defendants' deposit of funds into the Court's registry, plus the class member's proportionate share of the statutory attorneys fees paid by the defendants, and less the class member's proportionate share of the expense reimbursements and reasonable compensation to be distributed to class counsel hereunder. Each class member's proportionate share is the proportion which that class member's cumulative underpayments and interest thereon bear to the total of the cumulative underpayments and interest thereon for all class members;

ORDERED that the distributions to class members hereinabove ordered shall be in accordance with the following provisions and subject to the following conditions:

1. Checks in the amounts set forth in the Schedule shall be mailed to the respective class members by first-class United States mail, postage prepaid, at the addresses set forth in the Class Roster;

2. In the event any person or entity other than the respective class member has a claim to all or part of the amount to be distributed to that class member as set forth in the Schedule, it shall be the obligation and responsibility of the class member to resolve such claim and to refrain from negotiating the distribution check until such resolution has been accomplished;

3. In the event a class member is deceased, it shall be the obligation and responsibility of the recipient of the check to cause the distribution amount to be distributed to the deceased class member's lawful heirs and/or beneficiaries in accordance with applicable probate laws and procedures;

4. Each check shall be accompanied by notification of the obligations and responsibilities imposed by subparagraphs 2 and 3 hereinabove;

ORDERED that class counsel, as soon as practicable, shall take reasonable steps to determine and inform the Court of the current addresses of the class members for whom names but no addresses appear in the Class Roster appended as Exhibit A, whereupon the Court by further order will provide for distributions to such class members;

ORDERED that class counsel, on or before September 5, 1995, shall report to the Court concerning the progress of the distributions to class members herein ordered, whereupon the Court will make such further provisions therefor as appear necessary or appropriate;

ORDERED that, from the funds deposited by the defendants into the Court's registry, the Clerk shall forthwith distribute to the class's lead counsel, Robert D. Gary of the firm of Gary, Naegele & Theado, 446 Broadway, Lorain, Ohio 44052, as

escrow agent for all class counsel, the sum of $24,906.21 as and for reimbursement of litigation expenses incurred by all class counsel to date, and the sum of $2,215,250.79 as and for reasonable compensation for all class counsel's services to the class to date;

ORDERED that the Clerk shall retain in the investment account, for subsequent payment of the registry fee and the expenses and services of distribution, all interest accrued on the investment of funds deposited by the defendants, pending further order of the Court;

ORDERED that compensation for services and reimbursement of expenses relating to the distributions herein ordered shall be paid from the funds retained in the investment account as hereinabove provided, at such times and in such amounts as the Court by further order shall direct; and

ORDERED that the Clerk's deduction of a registry fee shall be postponed until the distribution of the remaining funds and the closing of the investment account.

UNITED STATES DISTRICT JUDGE