**DECLARATION OF ALLEN C. ENGERMAN**

I, Allen C. Engerman, declare as follows:

1. I am an attorney at law licensed to practice in the State of Illinois and the State of Florida. The facts set forth herein are of my own personal knowledge, except for those matters set forth on information and belief, and as to those matters I am informed and believe them to be true.

2. I have been representing clients in complex civil and criminal matters since 1960. Between 1960 and 1966, I prosecuted major crimes including complex fraud schemes in Cook County, Illinois. Beginning in 1966, I embarked on a career in the private sector focusing on representing plaintiffs and defendants in complex commercial litigation. I have represented corporations, individuals, accountants and attorneys in nearly every variety of litigation in state and federal courts in Illinois, Florida and elsewhere. Notably, I defended one of the defendants in Illinois' first criminal anti-trust case, *People v. Coal Merchants Association*, an action in which a sixteen-week trial concluded at the end of the state's case with a judgment for the defendants. I represented the plaintiff in *Selle v. Gibb* in the United States District Court for the Northern District of Illinois. *Selle* was a complex copyright infringement matter against the musical group, the Bee Gees, involving the authorship of "How Deep is Your Love," a hit song from the movie, *Saturday Night Fever*. *See* Curriculum Vitae of Allen C. Engerman, Esq.

3.  For over a decade, my practice has specialized in the prosecution of ERISA class actions in the federal courts. I am of co-counsel in numerous on-going or resolved ERISA class actions around the country some of which are landmark cases in the field, including *Aramsey v. AMFAC, Inc.*, *Ashbury v. May Dept. Store Co. Retirement Plan*, *Cage v. General Motors Defined Benefit Salaried Plan*, *Call v. Ameritech Management Pension Plan*, *Carter v. Texaco, Inc.*, *Choinacki v. American Home Products Corp.*, *Doyle v. Ceridian*, *Esden v. Bank of Boston*, *Griner v. St. Joe Paper Co.*, *Holeway v. The Copley Press, Inc. Retirement Plan*, *Horvath v. California Fed. Bank*, *Keehner v. Retirement Plan for Non-Bargaining Unit Employees of American President Cos., Ltd.*, *Keifer v. Ceridian Corp.*, *Kelley v. Nemours*, *Kohl v. Association of Trial Lawyers of America*, *Laurenzano v. Blue Cross & Blue Shield of Mass.*, *Lunn v. Montgomery Ward & Co., Inc., Retirement Security Plan*, *Lyons v. Georgia Pacific*, *Malloy v. Ameritech*, *Mathews v. Sears Pension Plan*, *McElwaine v. U.S. West, Inc.*, *Medeika v. Southern New England Telephone*, *Morales v. Pacific Telesis Corp.*, *Myers-Garrison v. Johnson & Johnson*, *Pierce v. Goldkist, Inc.*, *Ramsey v. Amfac, Inc.*, *Richardson v. Fairchild Space & Defense Corp.*, *Rybarczyk v. TRW*, *Seifert v. May Co. Retirement Plan*, *Shrader v. BP Corporation North America, Inc.*, *Spann v. AOL Time Warner, Inc.*, *Tyler v. Bank One*, *Walker v. Asea Brown Boveri, Inc., Cash Balance Pension Plan*, *White v. Employee Retirement Plan of Amoco Corp.*, *Wimbush-Bowles v. GTE Service Corp. Plan, Inc. Retirement Income Fund*, *Young v. Verizon Communications, Inc.*, and *Zimmer v. Tyson*.

4.  My standard billing rate is $600 per hour. Indeed, on numerous occasions I have received fee awards in ERISA pension benefit class actions far in excess of that amount as is evidenced by my share of the fees awarded in the cases as set forth below:

| Case Name | Engerman Fees |
|---|---:|
| *Aramsey v. AMFAC, Inc.* | $660,796.62 |
| *Ashbury v. May Dept. Store Co. Retirement Plan* | $73,326.13 |
| *Carter v. Texaco, Inc.* | $968,031.00 |
| *Choinacki v. American Home Products Corp.* | $566,666.67 |
| *Doyle v. Ceridian* | $5,699,304.86 |
| *Esden v. Bank of Boston* | $1,067,398.67 |
| *Griner v. St. Joe Paper Co.* | $496,491.88 |
| *Keehner v. Retirement Plan for Non-Bargaining Unit Employees of American President Cos., Ltd.* | $38,000.00 |
| *Laurenzano v. Blue Cross & Blue Shield of Mass.* | $2,377,220.35 |
| *Lyons v. Georgia Pacific* | $11,166,666.66 |
| *Malloy v. Ameritech* | $25,635,028.33 |
| *Morales v. Pacific Telesis Corp.* | $144,317.13 |
| *Pierce v. Goldkist, Inc.* | $100,000.00 |
| *Richardson v. Fairchild Space & Defense Corp.* | $95,503.44 |
| *Rybarczyk v. TRW* | $3,966,951.54 |
| *Seifert v. May Co. Retirement Plan* | $5,860,892.47 |
| *Shrader v. BP Corporation North America, Inc.* | $187,500.00 |
| *Spann v. AOL Time Warner, Inc.* | $75,000.00 |
| *White v. Amoco Corp.* | $116,000.00 |
| *Zimmer v. Tyson* | $150,000.00 |

5.      I have reviewed the hours submitted on my behalf in these proceedings. They were prepared from daily contemporaneous time records for work done on this matter. Detailed billing records are being submitted to the court in tandem with that of other class counsel.

6.  The hours submitted on my behalf indicate that I spent 113.25 hours working on this matter at an hourly rate of $600, totaling $67,950. Time spent preparing documents in support of our fee requests has not been included. Fees and costs incurred after January 9, 2006 have not been included because of the need for sufficient time to prepare the data. If the Court requests, this declaration may be supplemented with the additional time.

7.  I have reviewed all of the entries submitted on my behalf and believe the hourly rate to be reasonable. I am familiar with the billing rates and practices of partners and other practitioners at firms in the Chicago area who specialize in the area of ERISA class actions. Their hourly rates range from $425 to $700 and I believe my rates to be consistent therewith.

8.  My hourly rate is further supported by a recent grant of attorneys fees awarded by the District Court for the Northern District of Georgia in May 2004 in *Lyons v. Georgia-Pacific Corp. Salaried Employees Retirement Plan*, No. 1:97-CV-0980-JOF, (N.D. Ga. May 21, 2004). There, the Court awarded attorneys fees of 33-1/3% of a $67 million settlement, a breakdown well in excess of the $600 hourly rate stated above. In approving this amount, the Court stated:

> [T]he expertise, reputation, and ability of Plaintiff's counsel support using the requested thirty-three and one-third percentage to determine an appropriate award of attorneys' fees in this case. Plaintiffs' counsel are highly experienced in pension benefits class actions, and their efforts in this case to date have demonstrated their great skill and ability. Further, the Court's own observations of Plaintiffs' counsel support a determination that Plaintiffs' counsel are highly reputable and responsible attorneys.

9.  In reviewing the fees expended in this matter and editing the bills, I have made every effort to identify excessive, redundant, or otherwise unnecessary hours. It has not been necessary, however, to write-off any significant portion of my time as I have exercised extreme

4

prudence and care in the recording of time expended in the prosecution of this action. I did not record my time when I felt that the time devoted was neither significant nor productive.

      10.    Plaintiff seeks reimbursement for expenses incurred in the investigation and prosecution of this matter by the Engerman Firm in the amount of $630, consisting of photocopying expenses of $185, telephone and facsimile expenses of $115, and FedEx expenses of $330. It is my standard practice to charge clients for expenses.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on January 17, 2006 at Chicago, Illinois.

                                          S/    Allen C. Engerman