IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | : | Case No.: C-1-02-0001 |
| | : | |
| Plaintiffs, | : | |
| vs. | : | District Judge Sandra S. Beckwith |
| | : | |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan, et al. | : | Magistrate Judge Timothy S. Black |
| | : | |
| Defendants. | : | |

**MOTION FOR APPROVAL OF REASONABLE COMPENSATION
AND EXPENSE REIMBURSEMENT TO CLASS COUNSEL
AND FOR APPROVAL OF EXPENSE REIMBURSEMENT AND SPECIAL AWARD
TO THE CLASS REPRESENTATIVE**

Plaintiffs respectfully move for Court approval, after notice to Class Members and a Fairness Hearing, of (a) a distribution to class counsel of reasonable compensation for their services to the class, (b) reimbursement of litigation expenses reasonably incurred by the class representative or by class counsel on his behalf, and (c) a special award to the class representative, John West, in recognition of his extraordinary service to the class.

The following memorandum establishes the appropriateness of the requested compensation and expense reimbursements and special award to the class representative.

—— **MEMORANDUM IN SUPPORT** ——

Plaintiffs seek the Court's approval, after notice to Class Members and a Fairness Hearing, of (a) a distribution to class counsel of reasonable compensation for their services to the class, (b) reimbursement of litigation expenses reasonably incurred by the class

representative or by class counsel on his behalf, and (c) a special award to the class representative, John West, in recognition of his extraordinary service to the class.

In so moving, class counsel are following the same procedure that was approved by the district court on remand in *Costantino v. TRW Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd*, 13 F.3d 969 (6th Cir. 1994), in a separate motion seeking an award of statutory fees payable to the class,[1] and in this motion separately seeking a Fairness Hearing, after notice to Class Members, for a subsequent determination of reasonable compensation and expense reimbursements to class counsel, and a special award to the class representative for his extraordinary service to the class, to come from the common fund created for the class by the efforts of the representative and his counsel.

Importantly, as in *Costantino*, class counsel do ***not*** seek any portion of the statutory fees paid to the class pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g) – a fact that distinguishes the instant case from this Court's decision in *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109 (Order, entered July 8, 2005) ["*Dalesandro* Fee Order"].[2]

In Part I of this Memorandum, Plaintiffs demonstrate that the distinction between statutory fees payable to the class and reasonable compensation to class counsel is well-established in the case law and important to preserve on policy grounds. In Part II, Plaintiffs provide the basis for an award of reasonable compensation and expense reimbursements to class counsel in this case. In Part III, Plaintiffs demonstrate the propriety of a special award to the class' representative, John West, for his extraordinary service to the class.

---

[1]    Motion for an Award of Statutory Attorney's Fees and Costs to the Plaintiff Class (filed Jan. 18, 2005).

[2]    A copy of the *Dalesandro* Fee Order is submitted as Exhibit 1 to the instant motion.

## I. THE COURT SHOULD APPROVE REASONABLE COMPENSATION AND EXPENSE REIMBURSEMENTS TO CLASS COUNSEL FROM THE COMMON FUND

### A. Statutory Fees and Class Counsel Compensation Differ in Nature And Purpose

The distinction between statutory fees and reasonable compensation to class counsel is well established in the case law. An award of statutory attorney's fees pursuant to a "fee-shifting" statute such as ERISA § 502(g) is entered in favor of the prevailing **party** (in this case, the plaintiff class), rather than to the prevailing party's **counsel**.[3] The Supreme Court's "approval of the lodestar method in the fee-shifting context was not intended to overrule prior common fund cases, such as *Boeing* [*Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980)]."[4] The Supreme Court recognizes there is no direct relationship between the statutory fee awardable against a defendant and the fee obligation owed by a prevailing plaintiff to his or her counsel.[5]

---

[3]    *Evans v. Jeff D.*, 475 U.S. 717, 730 & n.19 (1986); *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990); *Drennan v. General Motors Corp.*, 977 F.2d 246, 254 (6th Cir. 1992),*cert. denied sub nom. General Motors Corp. v. Drennan*, 508 U.S. 940, 113 S. Ct. 2416 (1993); *Zeisler v. Neese*, 24 F.3d 1000, 1001 (7th Cir. 1994); *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510–11 (11th Cir. 1988); *Moore v. National Ass'n of Securities Dealers, Inc.*, 762 F.2d 1093, 1099 n.10 (D.C. Cir. 1985).

[4]    *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1268 (D.C. Cir. 1993) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[5]    The statutory fee awardable against a defendant is not controlled by the fee obligation actually incurred by the plaintiff to his or her counsel. *See Blanchard v. Bergeron*, 489 U.S. 87, 95-96 (1989) (statutory fee award against a defendant is not limited by the percentage of recovery stated in the plaintiff's contingent fee contract with counsel); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (when a prevailing plaintiff is represented *pro bono* by a non-profit legal aid organization, statutory fees may nonetheless be awarded against the defendant). Conversely, the compensation payable by a plaintiff to his or her counsel is not limited to the amount of the statutory fee awarded against the defendant. *See Venegas v. Mitchell*, 495 U.S. 82, 89–90 (1990) (the fact that the prevailing civil rights plaintiff was awarded only $75,000 against the defendant

(continued...)

Indeed, the rationale underlying a statutory award rests on a set of considerations inapposite to those underlying an award to counsel.

> These statutory awards of attorneys fees are different from common fund attorneys' fees awards in respect to results achieved. In statutory fee-shifting cases, the lodestar computation is "de-coupled from the … recovery, therefore assuring counsel undertaking socially beneficial litigation." … In true common fund cases, there is an ascertainable fund, which serves as a shared benefit among the successful litigants from which attorneys' fees may be drawn.[6]

Highlighting the rule that the right to seek an award of statutory fees adheres only in favor of the litigant, the Ninth Circuit recently went so far as to declare that a plaintiff's entitlement to seek an award of statutory attorney fees is so peculiarly a right adhering in the plaintiff as to make the plaintiff's assignment of such right to his attorney invalid.[7] "'[I]t is the party, rather than the lawyer, who is so eligible to obtain the statutory fee recovery.'"[8]

That a statutory award is intended for the litigant and not his counsel is further shown by the fact that neither a fee award under a fee-shifting statute, nor the statutory awarding of costs,

---

[5]    (...continued)
did not bar the plaintiff's attorney from enforcing a contingent-fee contract entitling him to a fee of $406,000). *See also In re Western Real Estate Fund, Inc. v. First Nat'l Bank & Trust Co. of Tulsa*, 922 F.2d 592, 597–98 n.3 (10th Cir. 1990) (discussing *Venegas*).

[6]    Walding, *Common Fund Cases: How and When Should Attorneys Be Paid?*, 27 J. LEGAL PROF. 265, 267–68 (2002 / 2003) (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995)).

[7]    *Pony v. County of Los Angeles*, 2006 U.S. App. Lexis 574, at *8–*9 (9th Cir., Jan. 11, 2006) ("Pony's putative assignment to Mitchell is invalid because the right to seek attorney's fees under 42 U.S.C. § 1988 is a substantive cause of action which cannot be transferred contractually"). A copy of *Pony* is submitted herewith, as Exhibit 2.

[8]    *Stair v. Turtzo*, 564 Pa. 305, 315, 768 A.2d 299, 305 (2001) (quoting *Venegas v. Mitchell*, 495 U.S. 82, 87, 110 S. Ct. 1679, 1683 (1990)) (brackets omitted).

compensate class counsel for all of their services and expenses. The largest single litigation expense – fees paid to expert witnesses for non-testimonial services – are not recoverable against the defendants either as costs or as part of a statutory fee award pursuant to ERISA § 502(g),[9] but are properly reimbursable from the common fund secured for the benefit of the class.[10]

Similar considerations apply to compensation for class counsel's services. Sixth Circuit authority requires that, in awarding reasonable compensation to successful class counsel, a district court "must make sure that counsel is fairly compensated for the amount of work done *as well as for the results achieved*" and "the risk an attorney assumes in taking a case" should also be taken into account.[11] An award of statutory fees pursuant to ERISA § 502(g) cannot fulfill these requirements – under *City of Burlington v. Dague*, 505 U.S. 557, 565–67, 112 S. Ct. 2638, 2643–44 (1992), an award of statutory fees to be paid by the defendants may not include an enhancement or "multiplier" for risk or contingency, and the Sixth Circuit has interpreted *Dague* to preclude enhancement of a statutory fee on virtually any ground.[12]

---

[9]    *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987); *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 101–02, 111 S. Ct. 1138, 1148 (1991).

[10]    *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980).

[11]    *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (emphasis added).

[12]    *Davis v. Mutual Life Ins. Co. of N.Y.*, 6 F.3d 367, 382 (6th Cir. 1993). "According to the Court, many of the factors which the trial court would consider in determining whether to apply a multiplier are already subsumed in calculating the reasonable fee," and a district court may apply a multiplier only "if first it determined that the case was one of the 'rare and exceptional cases' deserving of a multiplier." *Dalesandro* Fee Order at 46–47 (citing *Geier v. Sundquist*, 372 F.3d 784, 794–795 (6th Cir. 2004)).

**B.  A Statutory Fee Does Not Substitute for Class Counsel Compensation, But Merely Offsets the Obligation of the Plaintiff Class**

The courts recognize that a statutory fee cannot fulfill the purpose of fairly compensating class counsel not only for "the amount of work done" but also for the risk they undertook in accepting the case and "the results achieved."[13]  Third Circuit Judge H. Lee Sarokin, who chaired the Third Circuit Task Force On Court Awarded Attorney Fees, has concluded that:

> To apply [an unenhanced lodestar to class counsel] would infer an agreement by lawyers to work for nothing if they did not succeed, and be paid only for their time, if they did.  To the extent possible a fair and reasonable fee should replicate the marketplace.  It is difficult to envision any lawyer agreeing to such a bad bargain.
>
> No one could review the record in this case and help but conclude that the risks were monumental, the dedication and sacrifice of counsel heroic, the quality of performance superb, and the result extraordinary.  It is inconceivable to this court that the Supreme Court or Congress intended that after a decade of toil on behalf of this class, counsel should receive compensation predicated solely upon the time devoted without recognition of the risks undertaken, the sacrifices endured and the exceptional result achieved.

*McClendon v. Continental Group. Inc.*, 872 F. Supp. 142, 146 (D.N.J. 1994) (opinion by Sarokin, Circuit Judge, sitting by designation).  The Sixth Circuit's decision in *Rawlings* is in accord, holding that, notwithstanding *Dague*, risk and results not only may but should be taken into account in determining reasonable compensation to class counsel in a successful class action.[14]

---

[13]  *Rawlings*, 9 F.3d at 516 (emphasis added).

[14]  *Rawlings*, which was decided 17 months after *Dague*, has been construed as a "post-*Dague* case stating that, in the Sixth Circuit, contingency risk is one factor that is 'the focus of a district court's analysis when determining whether to utilize a multiplier'").  *In re Washington Public Power Supply System Litig.*, 19 F.3d 1291, 1299 n.8 (9th Cir. 1994).  Other courts have held that *Dague* does not preclude a district court from taking risk and results into

(continued...)

Thus, a statutory fee is not intended as a substitute for class counsel compensation, but merely to offset, in whole or in part, the obligation of the plaintiff or the plaintiff-class. In *Joos v. Intermountain Health Care, Inc.*, 25 F.3d 915 (10th Cir. 1994), the Tenth Circuit rejected the proposition that "attorneys who represent plaintiffs in ERISA cases must accept as their total fee the amount that the court awards the attorney under the ERISA attorney fees provision":

> Adopted in part to promote the enforcement of ERISA, it is clear that the attorney fees provision of that statute was not intended to place a cap on the amount that a plaintiff's attorney may collect for his efforts. The award of attorney's fees [against the defendant] in an ERISA case is simply intended to offset some or all of the plaintiff's costs because of the behavior of the defendant, and it in no way affects the contractual relationship between a plaintiff and his attorney.

25 F.3d at 917–18. *See also Florin v. Nationsbank of Ga.*, 34 F.3d 560, 564 (7th Cir. 1994) ("'Nothing in ERISA indicates that Congress intended to preempt the common benefit doctrine'") (quoting Berlind, *Attorney's Fees Under ERISA: When Is An Award Appropriate?*, 71 CORNELL L. REV 1037, 1060–61 (1986)); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1327 (2d Cir. 1990) ("fee-shifting statutes are generally not intended to circumscribe the operation of the equitable fund doctrine").

> [W]e again emphasize, the lodestar method was designed to govern imposition of fees on the losing party. In such cases, nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 806, 122 S. Ct. 1817, 1827 (2002) (citations omitted).

---

[14]   (...continued)

account in determining the compensation of class counsel. *In re Washington Public Power Supply Sys. Litig.*, 19 F.3d at 1301; *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1455–56 (N.D. Cal. 1994). *See also Edelman v. PSI Assocs. II, Inc.*, 147 F.R.D. 217, 219 (C.D. Cal. 1993); *Longdon v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir. 1992); *Gottlieb v. Wiles*, 150 F.R.D. 174, 185 & n.6 (D. Colo. 1993).

> "What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order."

*Gobert v. Williams*, 323 F.3d 1099, 1100 (5th Cir. 2003) (quoting *Venegas v. Mitchell*, 495 U.S. 82, 90, 110 S. Ct. 1679, 1684 (1990)).

Here again, Sixth Circuit authority is in accord. In *Drennan v. General Motors Corp.*, 977 F.2d 246, 253–54 (6th Cir. 1992), *cert. denied sub nom. General Motors Corp. v. Drennan*, 508 U.S. 940, 113 S. Ct. 2416 (1993), the district court, after granting statutory fees to the plaintiffs pursuant to ERISA § 502(g),[15] "set aside the contingent fee contracts" between the plaintiffs and their counsel. The Sixth Circuit reversed, holding that:

> Statutory awards of fees can coexist with private fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 87–89 (section 1988 does not prevent lawyer from collecting contingent fee even though it exceeded statutory award).... ERISA's fee-shifting section, like section 1988, provides that the *party*, not the *attorney*, is eligible for and receives the statutory award. 29 U.S.C. § 1132.... Thus, a statutory award of fees, alone, does not invalidate a contract for attorney's fees.

*Drennan*, 977 F.2d at 253–54 (emphasis added and parallel citations to *Venegas* omitted).[16]

Compensation of class counsel from a common fund rests on virtually identical footing: the quasi-contractual obligation of class members to contribute to their counsel's fees and expenses. *Boeing*, 444 U.S. at 478, 482 (common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched," giving rise to "each class member's equitable obligation to share the expenses of litigation").[17]

---

[15]  *See* 977 F.2d at 249, 254.

[16]  The Sixth Circuit also cited *Blanchard v. Bergeron*, 489 U.S. 87, 95-96 (1989) (section 1988 award although counsel paid); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 726 (section 1988 award although contingent fee agreement); and *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (section 1988 award although counsel nonprofit legal aid).

[17]  *See also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975).
                                                                            (continued...)

Thus, a statutory fee award to the plaintiff-class under ERISA § 502(g) does not preclude an award of reasonable fees and expenses to class counsel from the common fund.[18]

## C.  Awarding Only a Statutory Fee Would Be a Disincentive to Class Counsel Who Maximize the Class' Recovery by Securing a Judgment

Compelling policy considerations buttress and advance the rule, as demonstrated above, that a plaintiff class' right to seek a statutory fee award does not bar reasonable compensation to class counsel from the common fund.

Established public policy favors the protection of retirees' pension rights through the private prosecution of ERISA violations.[19]  Such policy decisions are thwarted by a rule limiting

---

[17]    (...continued)
Indeed, although the Sixth Circuit's opinion in *Drennan* spoke in terms of "a *contract* for attorney's fees," 977 F.2d at 254, the obligation of the plaintiffs to their counsel was actually a *quasi*-contractual one. *Drennan*, like the instant case, was a class action. Although class counsel had contingent fee contracts only with the named class representatives, the Sixth Circuit nonetheless found that there were "fee contracts between *the Class* and the attorneys" which the district court had improperly set aside in granting an award of statutory fees to the class pursuant to ERISA § 502(g). 977 F.2d at 253–54 (emphasis added). *See also In re Oracle Securities Litig.*, 852 F. Supp. 1437, 1455–56 (N.D. Cal. 1994) (due to the special nature of class actions, common fund principles necessarily apply in determining the compensation of class counsel).

[18]    Even when class actions initiated under statutes providing for statutory fee awards are terminated by settlement rather than through protracted litigation resulting in judgment, the circuit courts have approved fee awards to class counsel under common fund principles. *See Florin v. Nationsbank of Ga.*, 34 F.3d 560, 564 (7th Cir. 1994); *Skelton v. General Motors Corp.*, 860 F.2d 250, 254–55 (7th Cir. 1988); *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 583 (3d Cir. 1984); *City of Detroit v. Grinnel Corp.*, 495 F.2d 448 (2d Cir. 1974). ERISA cases are no exception. *See Florin*, 34 F.3d at 564.

[19]    *See, e.g.*, *Pennsylvania v Delaware Valley Citizens Counsel for Clean Air*, 483 US 711, 725 (1987) (agreeing that "a fundamental aim of such statutes is to make it possible for those who cannot pay a lawyer for his time and effort to obtain competent counsel, this by providing lawyers with reasonable fees to be paid by the losing defendants"); *Brown v Phillips Petroleum Co.*, 838 F2d 451, 454 (10th Cir 1988) (noting that "statutory fees are intended to further a legislative purpose by punishing the nonprevailing party and encouraging private parties to enforce substantive statutory rights").

class counsel to the class' statutory award of fees and costs. Such a rule insures that counsel will not be compensated for all litigation expenses but will be limited to recovering only those costs permitted by statute. A rule limiting counsel's recovery to the class' statutory award works a further disincentive to championing retiree rights as such rule would require "lawyers to work for nothing if they did not succeed, and be paid only for their time, if they did. … It is difficult to envision any lawyer agreeing to such a bad bargain."[20]

Three results arise from a rule limiting a class counsel's recovery to the class' statutory award in the successful prosecution to judgment of class claims under a fee-shifting statute.

(1)    "In statutory fee-shifting cases, the lodestar computation is 'de-coupled from the … recovery.'"[21]  Because a multiplier enhancement is not available in a suit under a fee-shifting statute, a loadstar compensates the successful counsel for her or his time only. Thus, with counsel's recovery being the same in a fee-shifting prosecution whether the lawyer represents only a named plaintiff or hundreds of similarly situated class members, a rule limiting counsel to the class' statutory award disincents the pursuit of claims in a class context.[22]  Such a result is especially ironic since it arises where the Congress has established, by fee-shifting provisions, the public policy that citizen rights are to be championed. "[P]rivate enforcement of statutory rights conferred by Congress serves the

---

[20]    *McClendon v. Continental Group. Inc.*, 872 F. Supp. 142, 146 (D.N.J. 1994) (opinion by Sarokin, Circuit Judge, sitting by designation).

[21]    Walding, *Common Fund Cases:  How and When Should Attorneys Be Paid?*, 27 J. LEGAL PROF. 265, 267–68 (2002 / 2003) (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995)).

[22]    "Class actions require a substantial investment of time and money by the class counsel; therefore, class attorneys must evaluate a case to determine whether the representation will be profitable. Since class actions sometimes take years to resolve, the attorneys need some measure of predictability in fee awards to evaluate the value of the case properly. The uncertainty created by the lodestar method undercuts the expected value of the action to the plaintiffs' attorneys and, hence, reduces counsels' ability and willingness to engage in sustained class litigation." Silber & Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Responses*, 17 Rev. Litig. 525, 530–31 (Summer 1998) (footnotes omitted).

same purpose as the class action device – recognition of individual rights that may otherwise remain unaddressed."[23]

(2)  Even if the litigator were to choose to pursue class actions, she or he would seek to avoid prosecuting the rights of those whose rights are secured by statutes which provide a shifted fee.  "If there were no way to avoid the lower statutory fee, plaintiffs' attorneys might stop bringing hybrid class actions altogether; they would bring class actions only under statutes that lack fee-shifting provisions."[24]

(3)  Worse, a rule limiting counsel to either the class' statutory award or compensation from a settlement's common fund disincents aggressive litigation resulting in full recovery and incents settlements at the class' expense.  Simply put, limiting class counsel to the class' statutory award under "the fee-shifting statutes make settlement more lucrative than winning a large judgment for the class."  Pacold, *Attorneys' Fees in Class Actions Governed by Fee-Shifting Statutes*, 68 U. CHI. L. REV. 1007, 1008 (Summer 2001).

### D.  *Dalesandro* Does Not Compel a Denial of a Common Fund Award

In denying a common fund award in *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109, this Court found that "[t]he case law suggests that fee-shifting cases and common fund cases are different and that the common fund method for awarding attorney's fees applies only when the parties settle the case."[25]  As demonstrated above, such suggestion does not operate to preclude a common fund award to class counsel who successfully litigate to judgment a complex ERISA pension class action rather than settle the class' claims short, *so long as only one fee is awarded to counsel.*

---

[23]  Mykkeltvedt, *Common Benefit and Class Actions:  Eliminating Artificial Barriers to Attorney Fee Awards*, 36 GA. L. REV. 1149, 1173 (Summer 2002).

[24]  Pacold, *Attorneys' Fees in Class Actions Governed by Fee-Shifting Statutes*, 68 U. CHI. L. REV. 1007, 1008 (Summer 2001).

[25]  *Dalesandro* Fee Order at 49 ( citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).

Indeed, the rule reached in *Dalesandro* – that class counsel may not take two fees – was right, and is not contrary to a common fund award in this action. The plaintiffs' counsel in *Dalesandro* repeatedly emphasized their purpose in taking two fees – not only a contingent fee on the class' recovery but also ***all*** the statutory fees paid to the class pursuant to ERISA § 502(g).[26] Even if those counsel had requested only a portion of the class' award, such would operate as a fee-on-a-fee. In any event, that result is ***not*** the result taught by the *Costantino* case ***nor*** is it the result sought in this case.[27]

---

[26]  Plaintiffs' Reply Memorandum in Support of Their Motion for Attorneys Fees, Expenses, Interest and Incentive Awards (filed in *Dalesandro* on Oct. 21, 2003; Doc. No. 53) at 1 ("[T]he Class would then pay to class counsel a percentage of the common fund created by the recovery of benefits ***plus*** the fees and expenses that were paid into the fund by Defendant (if they were shifted under the statute).") (emphasis added); *id.* at 5 ("the Class would then pay its counsel a percentage of the common fund comprising their recovery of damages ***plus*** the shifted fee") (emphasis added); Plaintiffs' Supplemental Motion for Attorney Fees and Expenses (filed in *Dalesandro* on Aug. 20, 2004; Doc. No. 67-1) at 3 ("the payment by the Class to its Class Counsel of a percentage of the common fund created by the recovery of benefits plus interest ***plus*** the fees and expenses that are paid into the fund by Defendant (if they are shifted under the statute)") (emphasis added).

[27]  The Third Circuit's decision in *Brytus v. Spang & Co.*, 203 F.3d 238 (3d Cir. 2000), is not sufficient support to deny a common fund award in this action. *Brytus* "did ***not*** hold that the common fund doctrine may never be applied in a case for which there is a statutory fee provision and which goes to judgment." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 78 (D. Mass. 2005) (internal quotation marks and citation omitted; emphasis added). Rather, in *Brytus* "the District Court did ***not*** make such a determination as a matter of law, but held that 'under the facts and circumstances of this case,' counsel were not entitled to recover fees pursuant to a common fund theory." *Brytus*, 203 F.3d at 241 (emphasis added). Further, Brytus is bad public policy inasmuch as the "interpretation of the boundary between statutory fee-shifting provisions and the common fund doctrine established in *Brytus* skews plaintiffs' attorneys' incentives unacceptably toward settlement rather than trial in hybrid cases." Pacold, *Attorneys' Fees in Class Actions Governed by Fee-Shifting Statutes*, 68 U. CHI. L. REV. 1007, 1034 (Summer 2001).

**E.  The *Costantino* Court Awarded Statutory Fees to the Plaintiff Class
and Reasonable Compensation and Expense Reimbursements to Class Counsel
from the Common Fund**

On remand in *Costantino v. TRW Inc.*, 773 F. Supp. 34 (N.D. Ohio 1991), *aff'd*, 13 F.3d

969 (6th Cir. 1994), the district court began by recognizing the successful outcome class counsel

had achieved, not only on the claim for unpaid benefits but also on the class' claim for statutory

attorney's fees pursuant to ERISA § 502(g):

> The plaintiff class has recovered 100% of the cumulative underpayments of
> pension benefits sought to be recovered in this litigation, in the amount of
> $2,775,412.17.  In addition, the class has recovered $4,608,757.16 in interest on
> the cumulative underpayments, computed at substantial rates and compounded
> quarterly from the dates on which the benefits should have been paid until the
> date, April 21, 1995, on which the defendants deposited the cumulative
> underpayments and interest into the Court's registry.  The class has also recovered
> 100% of its claim for statutory attorneys fees to be paid by the defendants to the
> class pursuant to ERISA § 502(g), in the amount of $724,572.50.[28]

The Court then summarized the procedure it had followed to determine reasonable compensation

to class counsel:

> By Order dated April 21, 1995, the Court approved, for prompt dissemination to
> each member of the class, a Notice To Class Members informing them of their
> right to appear and be heard at a May 5, 1995 fairness hearing on the Motion For
> An Award Of Statutory Attorneys Fees To The Plaintiff Class And For Approval
> Of A Separate Distribution Of Fees And Expenses To Class Counsel ("the fee
> application"), filed February 8, 1995.  The Notice was sent in compliance with the
> Court's April 21, 1995 Order, and the fairness hearing was convened on the
> scheduled date.[29]

---

[28]  Order Directing Distribution of Judgment Proceeds to Class Members, Confirming
Award of Statutory Attorneys Fees to the Plaintiff Class, and Approving Distribution of Fees and
Expenses to Class Counsel, entered May 5, 1995, in *Costantino v. TRW, Inc*., N.D. Oh. No. C86-
3368, at 1.  A copy of this order accompanies the instant motion, as Exhibit 3.

[29]  *Id*. at 2.

Having held the Fairness Hearing, the court approved three separate distributions – an award of statutory attorney's fees to the plaintiff class, reimbursement of litigation expenses to class counsel, and reasonable compensation to class counsel for their services to the class out of the common fund – specifying, however, that "[n]o portion of the [statutory fees] paid by the defendants to the class pursuant to ERISA § 502(g) will be distributed to class counsel."[30]

> Having duly considered the fee application and the comments of class members thereon, the Court finds that the sum of $724,572.50 is a reasonable amount to be paid by the defendants to the plaintiff class as and for statutory attorneys fees pursuant to ERISA § 502(g); the Court further finds that litigation expenses in the sum of $24,906.21 were reasonably incurred by class counsel to date and should be reimbursed from the funds deposited by the defendants into the Court's registry; and the Court further finds that the sum of $2,215,250.79, which is thirty percent of the cumulative underpayments and interest thereon recovered on behalf of the class, is a reasonable amount to be paid to class counsel as and for reasonable compensation for their services to the class to date and should be distributed to class counsel from the funds deposited by the defendants into the Court's registry. ***No portion of the $724,572.50 paid by the defendants to the class pursuant to ERISA § 502(g) will be distributed to class counsel***.[31]

## II. THE COURT SHOULD APPROVE REASONABLE COMPENSATION TO CLASS COUNSEL BASED ON A PERCENTAGE OF THE COMMON FUND

The instant case qualifies for an award of reasonable compensation to class counsel from the common fund, ***after*** notice to Class Members and the holding of a Fairness Hearing at which members of the class may be heard on the matter of counsel's fees. Indeed, all the instant motion requests is a forum at which Class Members may be heard, after which the Court may decide the matter of counsel's fee request. Such a Fairness Hearing appears contemplated by the Notices

---

[30] *Id.*

[31] *Id.*

issued to Class Members in April and May of 2005, which Notices informed Class Members that "the Court may award fees or expenses to class counsel to be paid out of your recovery."[32]

In *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980)*,* the Supreme Court found that a common fund award is appropriate when, as in the instant case, "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf."[33]   Common fund fee awards are appropriate even when no actual fund has been brought into the court. [34]

In *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993), the Sixth Circuit squarely held that a district court, in its discretion, may award a reasonable fee to class counsel based on a percentage of the common fund:

> We are aware of the recent trend towards adoption of a percentage of the fund method in [common fund] cases.  Nonetheless, a number of our sister courts of appeals have recognized that the appropriate method for use in common fund cases depends upon the circumstances of each case.  ***In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances.***

*Rawlings*, 9 F.3d at 516 (emphasis added and citations omitted).

The *Rawlings* court noted that at least two federal circuits require that class counsel's fees be based on a percentage of the common fund.  *See Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C.

---

[32]   Notice of Pendency of Class Action, Class Action Determination, and Attendant Matters [Doc. 91-2] at 4 (approved by Order entered April 21, 2005 [Doc. No. 91-1], and Order entered on May 24, 2005 [Doc. No. 104].)

[33]   Boeing, 444 U.S. at 479.

[34]   *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391–96 (1970); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1194 (6th Cir. 1974), *cert. denied*, 422 U.S. 1048 (1975).

Cir. 1993).   Although the *Rawlings* court declined to follow the Eleventh and District of Columbia Circuits in requiring the percentage of the fund method in all common fund cases, the Sixth Circuit recognized in *Rawlings* that "the percentage of the fund method more accurately reflects the results achieved."  9 F.3d at 516.  *See also In re Revco Sec. Litig.*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,069 ("'[t]he percentage of the fund approach … provides a fair and equitable means of determining attorney's fees'" because "'the size of a common fund is an objective yardstick by which the benefit conferred upon the class can be measured'") (quoting *Mokover v. Neco Enterprises, Inc.*, No. 89-0505B, 1992 WL 41555, slip op. at 5 (D.R.I. Mar. 2, 1992)). Indeed, the principal objection to the percentage of the fund approach has arisen in those cases – clearly distinguishable from the instant case – in which the sheer size of the fund would make a traditional percentage award unreasonable.

In *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000), the court found that:

> The most complete analysis of fee awards in class actions conducted to date was conducted by the National Economic Research Associates, an economics consulting firm.  The data is reported at Frederick C. Dunbar, Todd S. Foster, Vinita M. Juneja, Denise N. Martin, Recent Trends III:   What Explains Settlements in Shareholder Class Actions?  (NERA, June 1995) (hereinafter "NERA Study").  ***This data indicates that regardless of size, attorneys' fees average approximately 32% of the settlement.***

*Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12) (emphasis added).  The court added that "[t]he attorneys' fees information in the NERA Study is consistent with the information found in other studies."  *Shaw*, 91 F. Supp. 2d at 988.

Although the average fee award in the NERA Study was 32%, the average settlement recovered only a small fraction of class members' claimed damages.  For settlements in excess

of $10 million, the average settlement was only 10.64% of the claimed damages, and the median recovery was only 6.6% of claimed damages.  NERA Study at Table 4a.  The figures for all settlements were comparable.  For example, in 1994 (the last full year in the study), the average fee award for all class actions was 33%, but the average recovery was only 9.6% of claimed damages.

Other empirical studies report that, in class actions obtaining recoveries of between thirty to fifty million dollars (into which category the instant action would fall), the common fund awarded fee has averaged 24.8%.[35]

The Court should further note that, under class counsel's fee request in the instant case, the requested percentage would apply *only* to the cumulative underpayments and interest thereon awarded by the Court's final judgment.  Thus, insofar as the Court awards statutory attorney's fees to be paid by defendants to the class pursuant to ERISA § 502(g), the statutory fees paid *to* the class will effectively reduce, dollar for dollar, both the amount and the percentage of the compensation class counsel have requested *from* the class out of the common fund.

Counsel respectfully submit that an award of attorney's fees not to exceed 32% which is the average class action fee award (based on recoveries generally much less than the 100% recovery obtained here) of the damages and interest thereon recovered on behalf of the class, and a reimbursement of counsel's incurred litigation expenses in the amount of $99,502.65, has been well-earned in this case and should be granted.[36]

---

[35]  Logan, *et al.*, Attorney Fee Awards in Common Fund Class Actions, 24 Class Action Reports 167 (2003).

[36]  A chronologic itemization of class counsel's incurred litigation expenses to date is
(continued...)

### III.  THE EXTRAORDINARY SERVICES OF THE CLASS REPRESENTATIVE TO THE CLASS WARRANT A SPECIAL AWARD FROM THE COMMON FUND

After notice to Class Members and an opportunity for members to be heard at a Fairness hearing, the Court should allow reimbursement of the litigation expenses reasonably incurred by the class representative, John West, and a special award to Mr. West on account of his extraordinary service to the class.  As stated in *In re Dun & Bradstreet Credit Services Customer Litigation* (S.D. Ohio 1990), 130 F.R.D. 366:

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litig.*, 666 F. Supp. 750, 752 (D. Md. 1987) (*sub-captioned Troncellitti v. Minolta Corp.*, No. 86-3848)).

Among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members" *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991).  In the instant case, John West satisfies such criteria.

Mr. West has demonstrated to class counsel a truly special interest in, and attention to, the claims of the class and the development and presentation of those claims through the course of the four years of this litigation.  John West has vitally participated in conferring with class

---

[36]  (...continued)
submitted herewith, as Exhibit 4.  The hours of service thus far rendered on behalf of the class is assembled at Exhibits 5A and 5B.  Counsel Declarations attesting to such expenses and hours are submitted as Exhibits 6, 7A and 7B.

counsel in our joint efforts at pursuing the interests of the Armco and AK Steel retirees. In addition to properly preparing for, and diligently attending to, his deposition and assisting in responses to a number of sets of interrogatory responses and document productions, Mr. West has spent a great amount of time in discussions with other Class Members, serving as a point of information dissemination as well as inquiry collection. A portion of the credit for the substantial results obtained on behalf of the retirees in this action rests with Mr. West.

Class counsel are aware that, just as with a common fund award to counsel, "'incentive awards are usually viewed as extensions of the common-fund doctrine, a doctrine that holds that a litigant who recovers a common fund for the benefit of persons other than himself is entitled to recover some of his litigation expenses from the fund as a whole.'"[37] The propriety of a common fund compensation to class counsel has been demonstrated herein above. Such demonstration applies with even greater weight in favor of Mr. West, whose courage in bringing this action in the first place has been matched only by his commitment to its successful resolution.

The instant case qualifies for a special award in the amount of $15,000 to John West, for his extraordinary services on behalf of the class, and a reimbursement of Mr. West's case expenses in the approximate sum of $100, *after* notice to Class Members and a Fairness Hearing at which members of the class may be heard on the matter. Indeed, all the instant motion requests is a forum at which Class Members may be heard on the matter, after which the Court may decide the class representative's entitlement to a special award and expense reimbursement.

---

[37] *Dalesandro* Fee Order at 51 (quoting *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003)).

## IV. CONCLUSION

Class counsel have obtained a full and complete recovery for all Class Members, have successfully fought to protect the substantial interest due Class Members on the principal sum of the judgment, have moved for all statutory attorney's fees to which the class is entitled, and in every instance have had to fully litigate the issues because of defendants' recalcitrant conduct. Given the results achieved in this sophisticated and highly specialized litigation, the compensation requested herein is both reasonable and justified:

- an award of attorney's fees not to exceed 32% which is the average class action fee award (based on recoveries generally much less than the 100% recovery obtained here) of the damages and interest thereon recovered in this action on behalf of the 1,230 Class Members,

- a reimbursement of counsel's incurred litigation expenses in the amount of $99,502.65, and

- a reimbursement of the litigation expenses reasonably incurred by the class representative, John West, and a special award to Mr. West in the amount of $15,000.00 on account of his extraordinary service to the class.

> Respectfully submitted,
>
> s/   Thomas R. Theado
> Plaintiffs' Trial Attorney and Class Counsel
> Thomas R. Theado (0013937)
> GARY, NAEGELE & THEADO, LLC
> 446 Broadway Avenue
> Lorain, Ohio  44052-1797
> Ph:    440-244-4809
> Fx:    440-244-3462

Robert D. Gary (0019610)                  Allen C. Engerman
Jori Bloom Naegele (0019602)             LAW OFFICES OF ALLEN C. ENGERMAN, P.C.
Thomas A. Downie (0033119)               666 Dundee Road–# 1200
GARY, NAEGELE & THEADO, LLC              Northbrook, Illinois  60062
446 Broadway Avenue                      Ph:    847-564-5555
Lorain, Ohio  44052-1797                 Fx:    847-564-4944
Ph:    440-244-4809
Fx:    440-244-3462                      COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A Downie | tdownie@gntlaw.com |
| Allen C Engerman | acelaw@mcn.org |
| Stuart J Evans | sevans@cov.com |
| Robert D Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R Theado | ttheado@gntlaw.com |
| Robert D Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

s/  Thomas R. Theado
Thomas R. Theado (0013937)
Attorney for Plaintiffs
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio 44052-1797
Telephone: (440) 244-4809
Telecopier: (440) 244-3462
E-mail:  TomTheado@aol.com