## Declaration of Robert D. Gary

I, Robert D. Gary, hereby do declare as follows:

1.      I was admitted to the practice of law on October 19, 1966.  I have been admitted to practice in the State of Ohio, the United States Supreme Court, the United States Courts of Appeals for the Sixth and District of Columbia Circuits, the United States District Courts for the Northern District of Ohio and the Eastern District of Kentucky, and the United States Tax Court. I have never been reprimanded, sanctioned or otherwise disciplined with respect to any aspect of my uninterrupted practice of law since October 19, 1966.

2.      I earned a J.D. Degree from Case Western Reserve University in 1966, and was awarded a Master of Laws in Criminal Justice from New York University in 1967.  During the subsequent six years, I served as a trial attorney for the Organized Crime & Racketeering Section of the U.S. Department of Justice, as a Special Assistant U.S. Attorney, as Acting Chief of the Cleveland Strike Force on Organized Crime, and as Special Assistant to the Governor of Ohio. I have been engaged in the private practice of law since 1974.

3.      I am a partner in the law firm of Gary, Naegele & Theado, LLC.  The attorneys of my firm are engaged in a civil litigation practice, primarily on behalf of plaintiffs, handling complex litigation matters in a broad range of substantive fields. A large part of the firm's practice has involved the prosecution of class actions, in the course of which we have come to represent the interests of tens of thousands of injured individuals, in state and federal venues nationwide, on claims arising from various areas of substantive law, including consumer fraud, pension benefit law, environmental injuries and other toxic torts, personal property damage, real estate value diminutions, and contract damages.  In the course of my practice, I have participated in the

representation of the plaintiffs' interests in numerous class and mass actions, including *Elbert v. White Ready Mix Concrete*, N.D. Oh. No. C76-0445; *Rosen v. Fisher Foods, Inc.*, N.D. Oh. No. C80-0079; *Costantino v. TRW, Inc.*. N.D. Oh. No. C86-3368; *Lowe v. Sun Refining & Marketing*, Lucas Cty. [Ohio] C.P. No.88-0630; *DeMarco v. Akron Coca Cola Bottling*, N.D. Oh. No. C88-6702; *DeSario v. Industrial Excess Landfill*, Stark Cty. [Ohio] C.P. No. 89-0570; *Davidson v. U.S. Air, Inc.*, N.D. Oh. No. 1:90CV2071; *Taylor v. Amerifoods Companies*, N.D. Oh. No. 1:92CV1715; *White v. Aztec Catalyst Co.*, Lorain Cty. [Ohio] C.P. No. 93CV111025; *Murdocco v. Marathon Oil Co.* , Summit Cty. [Ohio] No. CV-95-06-2283; *Rybarczyk v. TRW, Inc.*, N.D. Oh. No. 1:95CV21800; *Insalaco v. Ben Venue Laboratories, Inc.*, Cuyahoga Cty. [Ohio] No. CV-01-450549; *Streety v. Garfield Alloys, Inc.*, Cuyahoga Cty. [Ohio] No. CV-04-519385; *In re Silicone Breast Implant Litigation*, M.D.L. No. 926; and *In re Orthopedic Bone Screw Litigation*, M.D.L. No. 1014. In the course of such representations, my services have been compensated by court-approved awards at hourly rates significantly higher than $440 per hour.

4.        I have reviewed the hours submitted on my behalf in the proceedings in *West v. AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001. Such hours are true and correct to the best of my knowledge, and each so recorded service was reasonably necessary and rendered in the course of my participation in the prosecution of the claims of the *West* class. Further, I have not included all of the hours of my service incident to my representation of the class in the *West* action inasmuch as I did not record insignificant or non-productive time and I have sought to avoid recording any excessive or duplicative services. Hours of service rendered after January 12, 2006, have not been included in order to timely present Plaintiffs' fee application.

5.      As a partner in the firm of Gary, Naegele & Theado, LLC, I attest that such firm's

incurred expenses incident to the prosecution of the claims of the class in *West v. AK Steel Corp.*

*(formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001, total

$98,872.85, as is itemized within the materials submitted contemporaneously with this

Declaration.  When the expenses to date of co-counsel Allen Engerman are included, the whole

of class counsel's incurred expenses to date total $99,502.65.

I do solemnly declare that all of the foregoing is true and correct to the best of my

knowledge and belief.

Executed on January 17, 2006, at Longboat Key, Florida.


s/   Robert D. Gary
Robert D. Gary (0019610)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:     440-244-4809
Fx:     440-244-3462

**Declaration of Jori Bloom Naegele**

I, Jori Bloom Naegele, hereby do declare as follows:

1.      I was admitted to the practice of law on May 9, 1980.  I have been admitted to practice in Ohio, Colorado, the United States District Court for the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court. I have never been reprimanded, sanctioned or otherwise disciplined with respect to any aspect of my uninterrupted practice of law since May 9, 1980.

2.      In 1976 I graduated from the University of Cincinnati, *cum laude,* with Honors in Sociology, and in 1979 I earned a J.D. Degree from Case Western Reserve University.  In addition to pursuing a career in the law, I am a current or former member of (and a past president of)  the Lorain County Bar Association, the Ohio Women's Bar Association, Cleveland Employment Lawyers Association, Ohio Employment Lawyers Association, and the  National Employment Lawyers Association.  I have served as a mediator for the Northern District of Ohio, the Equal Employment Opportunity Commission, and the Lorain County Bar Association, and have been a presenter at legal seminars.

3.      I am a partner in the law firm of Gary, Naegele & Theado, LLC.  The attorneys of my firm are engaged in a civil litigation practice, primarily on behalf of plaintiffs, handling complex litigation matters in a broad range of substantive fields. A large part of the firm's practice has involved the prosecution of class actions, in the course of which we have come to represent the interests of tens of thousands of injured individuals, in state and federal venues nationwide,

on claims arising from various areas of substantive law, including consumer fraud, pension

benefit law, environmental injuries and other toxic torts, personal property damage, real estate

value diminutions, and contract damages.  In the course of my practice, I have participated in the

representation of the plaintiffs' interests in numerous class and mass actions, including *Lowe v.*

*Sun Refining & Marketing*, Lucas Cty. [Ohio] C.P. No.88-0630; *DeSario v. Industrial Excess*

*Landfill*, Stark Cty. [Ohio] C.P. No. 89-0570; *Davidson v. U.S. Air, Inc.*, N.D. Oh. No.

1:90CV2071; *Taylor v. Amerifoods Companies*, N.D. Oh. No. 1:92CV1715; *White v. Aztec*

*Catalyst Co.*, Lorain Cty. [Ohio] C.P. No. 93CV111025; *Rybarczyk v. TRW, Inc.*, N.D. Oh. No.

1:95CV21800; *Insalaco v. Ben Venue Laboratories, Inc.*, Cuyahoga Cty. [Ohio] No. CV-01-

450549; *Streety v. Garfield Alloys, Inc.*, Cuyahoga Cty. [Ohio] No. CV-04-519385; *In re*

*Silicone Breast Implant Litigation*, M.D.L. No. 926; *In re Orthopedic Bone Screw Litigation*,

M.D.L. No. 1014.  In the course of such representations, my services have been compensated

by court-approved awards at hourly rates significantly higher than $300 per hour.

4.    I have reviewed the hours submitted on my behalf in the proceedings in *West v.*

*AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-

02-001.  Such hours are true and correct to the best of my knowledge, and each so recorded

service was reasonably necessary and rendered in the course of my participation in the

prosecution of the claims of the *West* class.  Further, I have not included all of the hours of my

service incident to my representation of the class in the *West* action inasmuch as I did not record

insignificant or non-productive time and I have sought to avoid recording any excessive or

duplicative services.  Hours of service rendered after January 12, 2006, have not been included

in order to timely present Plaintiffs' fee application.

5.      As a partner in the firm of Gary, Naegele & Theado, LLC, I attest that such firm's

incurred expenses incident to the prosecution of the claims of the class in *West v. AK Steel Corp.*

*(formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001, total

$98,872.85, as is itemized within the materials submitted contemporaneously with this

Declaration.  When the expenses to date of co-counsel Allen Engerman are included, the whole

of class counsel's incurred expenses to date total $99,502.65.

I do solemnly declare that all of the foregoing is true and correct to the best of my

knowledge and belief.

Executed on January 17, 2006, at Lorain, Ohio.


s/   Jori Bloom Naegele
Jori Bloom Naegele (0019602)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:     440-244-4809
Fx:     440-244-3462

**Declaration of Thomas R. Theado**

I, Thomas R. Theado, hereby do declare as follows:

1.      I was admitted to the practice of law on November 2, 1979.  I have been admitted to practice in Ohio as well as the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court.  I have never been reprimanded, sanctioned or otherwise disciplined with respect to any aspect of my uninterrupted practice of law since November 2, 1979.

2.      I graduated, with Honors in Economics, from Oberlin College in 1974, and in 1979 I earned a J.D. Degree, with honors, from Case Western Reserve University, where I was inducted into the Order of Barristers and the Order of the Coif.  The national publication *Lawyers Weekly* included me in its 1995 series of articles featuring the country's top trial lawyers.  I have contributed to numerous publications and I have been a presenter at many legal seminars throughout the nation.

3.      I am a partner in the law firm of Gary, Naegele & Theado, LLC.  The attorneys of my firm are engaged in a civil litigation practice, primarily on behalf of plaintiffs, handling complex litigation matters in a broad range of substantive fields. A large part of the firm's practice has involved the prosecution of class actions, in the course of which we have come to represent the interests of tens of thousands of injured individuals, in state and federal venues nationwide, on claims arising from various areas of substantive law, including consumer fraud, pension benefit law, environmental injuries and other toxic torts, personal property damage, real estate

-1-

value diminutions, and contract damages.  In the course of my practice, I have participated in the representation of the plaintiffs' interests in numerous class and mass actions, including *Costantino v. TRW, Inc.*. N.D. Oh. No. C86-3368; *Lowe v. Sun Refining & Marketing*, Lucas Cty. [Ohio] C.P. No.88-0630; *DeSario v. Industrial Excess Landfill*, Stark Cty. [Ohio] C.P. No. 89-0570; *Davidson v. U.S. Air, Inc.*, N.D. Oh. No. 1:90CV2071; *Taylor v. Amerifoods Companies*, N.D. Oh. No. 1:92CV1715; *White v. Aztec Catalyst Co.*, Lorain Cty. [Ohio] C.P. No. 93CV111025; *Murdocco v. Marathon Oil Co.* , Summit Cty. [Ohio] No. CV-95-06-2283; *Rybarczyk v. TRW, Inc.*, N.D. Oh. No. 1:95CV21800; *Insalaco v. Ben Venue Laboratories, Inc.*, Cuyahoga Cty. [Ohio] No. CV-01-450549; *Mikulski, et al., v. Centerior Energy Corp.*, Sixth Cir. No. 03-4486; *Satterfield v. Ameritech Mobile Communications, Inc.*, Cuyahoga Cty. [Ohio] No. CV-03-517318; *In re Orthopedic Bone Screw Litigation*, M.D.L. No. 1014.   In the course of such representations, my services have been compensated by court-approved awards at hourly rates significantly higher than $300 per hour.

4.      I have reviewed the hours submitted on my behalf in the proceedings in *West v. AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001.  Such hours are true and correct to the best of my knowledge, and each so recorded service was reasonably necessary and rendered in the course of my participation in the prosecution of the claims of the *West* class.  Further, I have not included all of the hours of my service incident to my representation of the class in the *West* action inasmuch as I did not record insignificant or non-productive time and I have sought to avoid recording any excessive or duplicative services.  Hours of service rendered after January 16, 2006, have not been included in order to timely present Plaintiffs' fee application.

5.      As a partner in the firm of Gary, Naegele & Theado, LLC, I attest that such firm's incurred expenses incident to the prosecution of the claims of the class in *West v. AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001, total $98,872.85, as is itemized within the materials submitted contemporaneously with this Declaration.  When the expenses to date of co-counsel Allen Engerman are included, the whole of class counsel's incurred expenses to date total $99,502.65.

6.      This is also to attest regarding the hours of service rendered by, and herewith submitted for, Mark A. Long, the paralegal of Gary, Naegele & Theado, LLC.  It has been my responsibility and pleasure to supervise Mr. Long in the course of his services in the firm's representation of the class in the *West* case, and in such capacity I state that I have reviewed the hours submitted on Mr. Long's behalf in the proceedings in *West v. AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001.  Such hours are true and correct to the best of my knowledge, and each so recorded service was reasonably necessary and rendered in the course of Mr. Long's participation in the prosecution of the claims of the *West* class.  Further, Mr. Long has not included all of the hours of his service incident to the firm's representation of the class in the *West* action inasmuch as he has not recorded insignificant or non-productive time and he has sought to avoid recording any excessive or duplicative services.  Hours of service rendered by Mr. Long after December 15, 2005, have not been included in order to timely present Plaintiffs' fee application.

-4-

I do solemnly declare that all of the foregoing is true and correct to the best of my

knowledge and belief.

Executed on January 18, 2006, at Lorain, Ohio.

s/   Thomas R. Theado
Thomas R. Theado (0013937)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:     440-244-4809
Fx:     440-244-3462

**Declaration of Thomas A. Downie**

I, Thomas A. Downie, hereby do declare as follows:

1.        I was admitted to the practice of law on November 20, 1978.  I have been admitted to practice in the State Ohio, the United States Courts of Appeals for the Sixth and District of Columbia Circuits, and the United States District Courts for the Northern District of Ohio and the Eastern District of Michigan.  I have never been reprimanded, sanctioned or otherwise disciplined with respect to any aspect of my uninterrupted practice of law since November 20, 1978.

2.        I graduated from the Pennsylvania State University in 1975, and in 1978 I earned a J.D. Degree, *cum laude*, from the Cleveland-Marshall College of Law, where he served as Editor-in-Chief of the Cleveland State Law Review.  In addition to my practice of law, I have had published various legal articles including *Common Fund Awards in Statutory Fee Cases*, 18 Class Action Reports 83 (1995); *Stigma Damages Rulings in DeSario v. Industrial Excess Landfill* (1996); *Class Certification in Professional Negligence Cases* (1996); and *Drug and Medical Device Class Actions* (1998).

3.        I am an employee of the law firm of Gary, Naegele & Theado, LLC.  The attorneys of my firm are engaged in a civil litigation practice, primarily on behalf of plaintiffs, handling complex litigation matters in a broad range of substantive fields. A large part of the firm's practice has involved the prosecution of class actions, in the course of which we have come to represent the interests of tens of thousands of injured individuals, in state and federal venues

nationwide, on claims arising from various areas of substantive law, including consumer fraud, pension benefit law, environmental injuries and other toxic torts, personal property damage, real estate value diminutions, and contract damages.  In the course of my practice, I have participated in the representation of the plaintiffs' interests in numerous class and mass actions, including *Lowe v. Sun Refining & Marketing*, Lucas Cty. [Ohio] C.P. No.88-0630; *DeSario v. Industrial Excess Landfill*, Stark Cty. [Ohio] C.P. No. 89-0570; *White v. Aztec Catalyst Co.*, Lorain Cty. [Ohio] C.P. No. 93CV111025; *Rybarczyk v. TRW, Inc.*, N.D. Oh. No. 1:95CV21800; *Insalaco v. Ben Venue Laboratories, Inc.*, Cuyahoga Cty. [Ohio] No. CV-01-450549; *Mikulski, et al., v. Centerior Energy Corp.*, Sixth Cir. No. 03-4486; *Streety v. Garfield Alloys, Inc.*, Cuyahoga Cty. [Ohio] No. CV-04-519385; *In re Orthopedic Bone Screw Litigation*, M.D.L. No. 1014.  In the course of such representations, my services have been compensated by court-approved awards at hourly rates significantly higher than $300 per hour.

4.      I have reviewed the hours submitted on my behalf in the proceedings in *West v. AK Steel Corp. (formerly ARMCO) Retirement Accumulation Pension Plan*, S. D. Ohio No. C-1-02-001.  Such hours are true and correct to the best of my knowledge, and each so recorded service was reasonably necessary and rendered in the course of my participation in the prosecution of the claims of the *West* class.  Further, I have not included all of the hours of my service incident to my representation of the class in the *West* action inasmuch as I did not record insignificant or non-productive time and I have sought to avoid recording any excessive or duplicative services. Hours of service rendered after December 19, 2005, have not been included in order to timely present Plaintiffs' fee application.

-3-

I do solemnly declare that all of the foregoing is true and correct to the best of my

knowledge and belief.

Executed on January 17, 2006, at Lorain, Ohio.


s/   Thomas A. Downie
Thomas A. Downie (0033119)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:    440-244-4809
Fx:    440-244-3462