UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated, ) ) ) ) Plaintiff, ) ) v. ) ) AK Steel Corporation Retirement Accumulation Pension Plan, et al. ) ) ) ) Defendants. ) ) ) | Case No. 1:02-cv-0001<br><br>Judge: Hon. Sandra S. Beckwith<br><br>Magistrate Judge: Timothy S. Black |

## DEFENDANTS' MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S ATTORNEYS' FEE MOTIONS PENDING APPEAL

On January 18, 2006, plaintiff filed two motions with the Court seeking attorneys' fees and costs in this action. Plaintiff's first motion seeks an award of statutory attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g). (Docket no. 131). Plaintiff's second motion seeks the Court's approval of "reasonable compensation" to plaintiff's counsel, equal to thirty-two percent of the plaintiff class's anticipated recovery, in addition to reimbursement of litigation costs and an incentive payment to class representative John D. West. (Docket no. 132).

Defendants hereby move the Court to enter final judgment in the case prior to ruling on plaintiff's fee motions and to defer consideration of the fee motions until defendants' appeal of the merits of the case has been decided. Federal Rule of Civil Procedure 54(d)(2) permits a district court to defer ruling on a motion for fees, or to deny a fee motion without prejudice, pending appellate review of the underlying judgment upon which the fee petition is

1

based. Here, deferral of plaintiff's fee motions will expedite the conclusion of the merits litigation and promote judicial economy by avoiding duplicative and potentially unnecessary consideration of attorneys' fee issues. For these reasons, the Court should exercise its discretion to defer consideration of the fee motions until the conclusion of the merits appeal.

## LEGAL ARGUMENT

### I. Federal Rule of Civil Procedure 54(d) Permits District Courts to Defer Consideration of Attorneys' Fee Motions Pending Appellate Review of Judgment on the Merits.

Unless directed otherwise by the court, a fee request must be filed "no later than 14 days after the entry of judgment" in a civil action. Fed. R. Civ. P. 54(d)(2)(B). In this case, plaintiff filed his motions for attorneys' fees *prior to* the entry of judgment against defendants. These pending fee requests do not stand as a barrier to the Court's entry of final judgment on the merits of plaintiff's action. Supreme Court precedent and the Advisory Committee notes to the Federal Rules of Civil Procedure both confirm that outstanding attorneys' fee motions neither affect nor preclude the finality of a merits judgment. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202 (1988) ("An unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final."); Fed. R. Civ. P. 54 Advisory Committee Notes (1993 Amendments) ("Filing a motion for fees . . . does not affect the finality or appealability of a judgment.").

Rule 54(d)(2) also grants district courts the discretion to defer consideration of fee petitions pending appellate review of an underlying judgment. See Fed. R. Civ. P. 54 Advisory Committee Notes (1993 Amendments) ("If appeal on the merits of the case is taken, the court may rule on the claim for fees, *may defer its ruling on that motion*, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.") (emphasis added). "[T]he mere pendency of an appeal does provide a

2

sufficient reason for deferring consideration of the attorney's fee question" until final resolution of the appellate process. Ala.-Tombigee Rivers Coalition v. Fish & Wildlife Serv., 1994 WL 160377, at *1 (N.D. Ala. Jan. 28, 1994); see also AstraZeneca AB v. Mut. Pharmaceutical Co., 2003 WL 22794868, at *2 (E.D. Pa. Nov. 12, 2003) ("The Federal Rules of Civil Procedure allow for the deferral of the issue of attorneys' fees until appeals are complete."). Because deferred consideration will benefit both defendants and the class and will promote judicial economy, the Court should exercise its discretion to refrain from resolving plaintiff's motions for attorneys' fees until completion of appellate review.

## II.     The Court Should Exercise Its Discretion To Defer Consideration of Plaintiff's Attorneys' Fee Motions Pending Appeal.

Courts routinely defer consideration of an attorneys' fee motion pending the outcome of an appeal. See, e.g., Art Midwest, Inc. v. Clapper, 2004 WL 743713, at *1 (N.D. Tex. Apr. 5, 2004); Murphy v. Bd. of Educ., 273 F. Supp. 2d 292, 327 n.30 (W.D.N.Y. 2003); Hipp v. Liberty Nat'l Life Ins. Co., 65 F. Supp. 2d 1314, 1323 (M.D. Fla. 1999); Allen v. West Point-Pepperell, Inc., 11 F. Supp. 2d 277, 292 (S.D.N.Y. 1997). In this case, three separate justifications support deferral of plaintiff's fee motions.

First, the Court should defer consideration of plaintiff's fee motions to avoid an extended delay of appellate resolution of the merits of plaintiff's claims. The Court's determination of plaintiff's fee motions will be a complex and time-consuming process. Plaintiff's combined motions contain more than forty pages of argument and hundreds of pages of supporting exhibits, including scores of pages of attorney time entries. Moreover, plaintiff concedes that resolving class counsel's request for an award of 32% of the class recovery will require both "notice to Class Members" and "the holding of a Fairness Hearing at which members of the class may be heard on the matter of counsel's fees." Pl.'s Mot. for Approval of

3

Reasonable Compensation, at 14. Thus, before the Court can decide plaintiff's fee motions, the parties and the Court will have to follow the multi-step notice and fairness process attendant to class action litigation. Id.

Deferring the resolution of plaintiff's fee motions would therefore avoid a substantial delay in the resolution of defendants' appeal of the judgment in this case – to the benefit of both defendants and the plaintiff class. The class will benefit from an earlier decision on appeal because such a decision will enable class members to plan for their retirement with greater certainty about their pension benefits. Earlier appellate review will benefit defendants by providing them with greater clarity about the Plan's funding position and with swifter guidance on how the Plan may be operated and administered in the future.[1]

Second, deferring the fee motions will avoid the prospect that the Court's fee award could be rendered moot or could require revision in light of the decision on appeal. If defendants were to prevail on their appeal on the issue of liability, any order issued on the fee motions would be mooted, and the efforts invested by the Court and the parties in the resolution of those motions will have been wasted.[2] Similarly, if the Sixth Circuit were to modify the award of damages to the class, the modified judgment might require revision of any award of "reasonable compensation" to class counsel. See Rawlings v. Prudential Props., Inc., 3 F.3d 513, 516 (6th Cir. 1993) (recognizing that "the results achieved" by plaintiff's counsel affect the size of a common fund award). Finally, there is always the possibility that the parties could settle this

---

[1] For example, with each passing month, defendants must calculate lump sum payments to new retirees who participated in the cash balance plan.

[2] See Pikulas v. DaimlerChrysler, 397 F. Supp. 2d 883, 893 (E.D. Mich. 2005) ("Courts have interpreted [ERISA Section 502(g)] to allow an award of attorney fees only to a prevailing party.").

4

action while it is pending on appeal, in which case the settlement would likely impact the question of attorneys' fees and costs.

Courts regularly defer consideration of attorneys' fee and cost motions until after the conclusion of an appeal for precisely these reasons. See, e.g., Hipp, 65 F. Supp. 2d at 1323 (deferring consideration where "the outcome of the appeal could affect whether some or all of the Plaintiffs are entitled to an award of costs and attorneys' fees"); Leibovitz v. Paramount Pictures Corp., 1997 WL 542560, at *1 (S.D.N.Y. Sept. 3, 1997) (deferring consideration until "prevailing party" status "is confirmed by the Court of Appeals"); see also Allen, 11 F. Supp. 2d at 292 (stating that it "would be inefficient to spend time calculating the exact amount of attorneys' fees owed" where appeal could eliminate right to fee award). Deferral of the fee motions is particularly appropriate in this case, since a modification of the damages award by the court of appeals would likely require *another* round of class notice and *another* opportunity for class members to be heard on the question of what constitutes "reasonable compensation" of class counsel in light of the results achieved in the court of appeals.

Third, deferred consideration of the fee motions will avoid piecemeal and duplicative consideration of attorneys' fee issues. The pending motions seek only *partial* resolution of plaintiff's fee claims. Plaintiff's counsel estimates that defendants' "threatened appeal," as well as other post-judgment obligations, will require "hundreds of additional hours of service," for which counsel intends to seek fees. Pl.'s Mot. for Statutory Att'ys' Fees, at 18-19; see also Hipp, 65 F. Supp. 2d at 1323. Indeed, plaintiff's counsel expressly requests that the Court "retain jurisdiction over this case to resolve any supplemental fee application by Plaintiffs." Pl.'s Mot. for Statutory Att'ys' Fees, at 19.

The most efficient way to proceed on the fee motions would be to take up the fee question *once* – after the conclusion of an appeal – rather than considering it in piecemeal fashion both before and after appellate proceedings. Courts have deferred consideration of fee motions for this reason as well. See Bowers v. Universal City Dev. Partners, Ltd., 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) ("If the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal resolution of fee disputes."); Hipp, 65 F. Supp. 2d at 1323 (deferring consideration of fee petition where "[r]esponding to [defendants'] appeal will add further" to plaintiffs' fee claim).

## CONCLUSION

For the foregoing reasons, defendants request that the Court enter final judgment on the merits prior to resolution of the fee motions and defer consideration of the fee motions until after the conclusion of the appeal.

Respectfully submitted,

s/ George E. Yund
George E. Yund (0017714)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street,
Cincinnati, OH  45202-4182
(513) 651-6824
gyund@fbtlaw.com

*Trial Attorney for Defendants*

Robert D. Wick
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000
rwick@cov.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2006, I electronically filed the foregoing Motion to Defer Consideration of Plaintiff's Attorneys' Fee Motions Pending Appeal with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed by U.S. Mail to those parties who are not served by via the Court's electronic filing system.

Respectfully submitted,

s/ George E. Yund
George E. Yund (0017714)
Trial Attorney for Defendants
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6838
gyund@fbtlaw.com

CINLibrary 0001590.0528818 1604188v.1