IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf Of Himself and All Other Persons Similarly Situated | Case No.: C-1-02-0001 |
| Plaintiffs, vs. | District Judge Sandra S. Beckwith |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan, et al. | Magistrate Judge Timothy S. Black |
| Defendants. | |

**PLAINTIFFS' RESPONSE
TO DEFENDANTS' MOTION TO DEFER CONSIDERATION
OF PLAINTIFFS' ATTORNEY'S FEES MOTIONS PENDING APPEAL**

Pursuant to the procedure approved in *Costantino v. TRW, Inc.*, N.D. Ohio No. C86-3368,[1] Plaintiffs filed two motions on January 18, 2006 – one seeking an award of statutory fees and costs against Defendants and payable to the class under ERISA § 502(g), 29 U.S.C. § 1132(g),[2] and the other separately requesting distributions from the common fund created in this action: reasonable compensation to class counsel for their services to the class; reimbursement of litigation expenses reasonably incurred by the class representative or by

---

[1] *See* Order Directing Distribution of Judgment Proceeds to Class Members, Confirming Award of Statutory Attorneys Fees to the Plaintiff Class, and Approving Distribution of Fees and Expenses to Class Counsel (entered in *Costantino* May 5, 1995) [Ex. 4 to Doc. No. 131]. *See also* Motion for an Award of Statutory Attorneys Fees to the Plaintiff Class and for Approval of a Separate Distribution of Fees and Expenses to Class Counsel (filed in *Costantino* filed Feb. 8, 1995) [Ex. 3 to Doc. 131].

[2] Motion for an Award of Statutory Attorney's Fees and Costs to the Plaintiff Class (filed Jan. 18, 2006) [Doc. No. 131].

class counsel on his behalf; and a special award to the class representative, John West, in recognition of his extraordinary service to the class.[3] On February 3, 2006, Defendants moved the Court "to defer consideration of the fee motions until defendants' appeal of the merits of the case has been decided."[4] The Court has been informed that "plaintiff does not intend to oppose defendants' motion to defer consideration of plaintiffs' fee petitions."[5] Plaintiffs now timely[6] confirm their position on Defendants' motion.

Plaintiffs' fee motions were not filed precipitously. The Court entered summary judgment in favor of the class on the issue of liability in April 2004, determining that "the manner in which Plaintiffs' lump sum disbursements were calculated under the AK Steel Plan violated ERISA and the I.R.C."[7] In its Orders entered on July 25 and December 15, 2005 [Doc. Nos. 119, 120 and 128], the Court specified or described those whom the Court

---

[3] Motion for Approval of Reasonable Compensation and Expense Reimbursement to Class Counsel and for Approval of Expense Reimbursement and Special Award to the Class Representative (filed Jan. 18, 2006) [Doc. No. 132].

[4] Defendants' Motion to Defer Consideration of Plaintiff's Attorneys' Fee Motions Pending Appeal (filed Feb. 3, 2006) [Doc. No. 135] at 1.

[5] Joint Motion to Continue Briefing on Plaintiff's Attorneys' Fee Motions (filed Feb. 8, 2006) [Doc. No. 136] at 1. The parties agree that Plaintiffs' acquiescence in Defendants' request for a deferment of the Court's consideration of the fee motions is without prejudice to Plaintiffs' "position that defendants have no standing to be heard on plaintiff's motion for a common fund fee and costs award." *Id.*

[6] "Plaintiff shall file a response to Defendant's motion to defer consideration of the fee motions (Doc. No. 135) on or before February 14, 2006." Order (entered Feb. 8, 2006) [Doc. No. 137].

[7] *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F. Supp. 2d 579, 591 (S.D. Ohio 2004).

found to be members of the class, and thus bound by the Court's judgment.[8] By its Order entered on December 19, 2005 [Doc. No. 129], the Court set forth the manner by which the underpayments owed class members are to be calculated, and determined the time from which, and the rate at which, prejudgment interest on those underpayments is to be computed. On January 18, 2006, the parties jointly filed "an agreed roster of the current class members and the amount due to each class member as computed pursuant to the terms of the Court's Order of December 19, 2005."[9] Thus, Plaintiffs' fee motions, due to be submitted "no later than 14 days after the entry of judgment,"[10] were not filed precipitously. Rather, Plaintiffs' motions properly were made in the course of this litigation's final issues in the district court. If the parties could more quickly resolve those final issues and thus speed the appellate court's decision on the merits, then the class would benefit. Therefore, class counsel concur in Defendants' request that the Court postpone its consideration of Plaintiffs' fee motions until after the conclusion of the appeal.[11]

Moreover, an express decision of this Court on the method by which it postpones consideration of Plaintiffs' fee motions would resolve a potential area of uncertainty as to the

---

[8] See Fed. R. Civ. P. 23(c)(3) ("The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class.").

[9] The Parties' Joint Submission of Their Roster of the 1,230 Class Members and the Sum Due Under This Court's Order of December 19, 2005 (filed Jan. 18, 2006) [Doc. No. 130] at 1.

[10] Fed. R. Civ. P. 54(d)(2)(B).

[11] Defense counsel did not solicit class counsel's consent to Defendants' motion to defer. See S.D. Ohio Civ. R. 7.3

nature and timeliness of those motions. Prior to the Supreme Court's *Budinich* decision,[12] the rule in the Sixth Circuit was that "'a judgment is final for purposes of appeal although the amount of attorney fees have not been determined.'"[13] It is unclear whether *Budinich* and its progeny may have affected that blanket Sixth Circuit rule.

Furthermore, a denial of Plaintiffs' fee motions, otherwise than on the merits and without prejudice to refiling, would better serve the interest of the Court and the parties than would a deferment of the pending fee motions. The efforts the parties anticipate during the appellate course of this litigation will generate attorney services and costs far beyond those related in the pending motions. Thus, while a deferral of the motions would require the submission of additional briefing, a denial of the motions, otherwise than on the merits and without prejudice to refiling, would allow the parties to approach the issues without having to relate to filings filed years earlier.

For all the reasons related above, on Defendants' Motion to Defer Consideration of Plaintiff's Attorneys' Fee Motions Pending Appeal [Doc. No. 135] the Court should enter an Order denying Plaintiffs' two fee motions otherwise than on the merits and without prejudice to refiling, and directing under Fed. R. Civ. P. 59(d)(2)(B) that Plaintiffs may have six weeks after the court of appeal's mandate issues pursuant to Fed. R. App. P. 41(b) within which to file such motions in the district court.

---

[12] *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) ("an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final").

[13] *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794 (6th Cir. 1985) (quoting *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980)).

Respectfully submitted,


s/   Thomas R. Theado
Plaintiffs' Trial Attorney and Class Counsel
Thomas R. Theado (0013937)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:    440-244-4809
Fx:    440-244-3462

Robert D. Gary (0019610)
Jori Bloom Naegele (0019602)
Thomas A. Downie (0033119)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:    440-244-4809
Fx:    440-244-3462

Allen C. Engerman
LAW OFFICES OF ALLEN C. ENGERMAN, P.C.
666 Dundee Road–# 1200
Northbrook, Illinois  60062
Ph:    847-564-5555
Fx:    847-564-4944

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

  I hereby certify that on February 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas A. Downie | tdownie@gntlaw.com |
| Allen C. Engerman | acelaw@mcn.org |
| Stuart J. Evans | sevans@cov.com |
| Robert D. Gary | office@gntlaw.com |
| Jori Bloom Naegele | jnaegele@gntlaw.com |
| Thomas R. Theado | ttheado@gntlaw.com |
| Robert D. Wick | rwick@cov.com |
| George Edward Yund | gyund@fbtlaw.com |

           s/  Thomas R. Theado
           Thomas R. Theado (0013937)
           Attorney for Plaintiffs
           GARY, NAEGELE & THEADO, LLC
           446 Broadway Avenue
           Lorain, Ohio  44052-1797
           Telephone: (440) 244-4809
           Telecopier: (440) 244-3462
           E-mail:  TomTheado@aol.com