UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:02-cv-0001 |
| v. ) ) | Judge: Hon. Sandra S. Beckwith |
| AK Steel Corporation Retirement Accumulation Pension Plan, and ) ) ) ) | Magistrate Judge: Timothy S. Black |
| AK Steel Corporation Benefit Plans Administrative Committee ) ) ) ) | |
| Defendants. ) ) | |

## DEFENDANTS' RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT

Defendants hereby move under Federal Rule of Civil Procedure 59(e) for an order correcting what may have been an inadvertent aspect of the Court's final judgment: the final judgment awards pre-judgment interest running from April 16, 2001 to the date of final judgment to 559 class members whose lump sum payments *were not yet due* on April 16, 2001. Providing pre-judgment interest during a time period when a participant's benefit payment was not yet due is contrary to settled precedent and to the principles set forth in this Court's Order of December 19, 2005. For these reasons, as more fully set forth below, relief under Rule 59(e) should be granted.

DC: 2060760-2

## ARGUMENT

On February 24, 2006, the Court entered final judgment for the class in this action. (Dkt. no. 140). Pursuant to the parties' agreed roster of the additional lump sum payments due to each class member under the Court's prior orders, the Court awarded each class member a principal award equal to the amount set forth for that class member on the agreed roster. The total of the principal awards to class members was $37,638,442.79.

The Court also awarded pre-judgment interest on the entire sum of $37,638,442.79 running from April 16, 2001 to the date of final judgment. By defendants' count, however, 559 of the 1,230 class members received their lump sum payments *after* April 16, 2001. (Dkt. No. 134) (filed under seal). The final judgment thus awards these individuals pre-judgment interest running from a date *before* their lump sum payment was due. Such an award provides these class members with double interest: they received interest on their account balances up to the date that they received their lump sum payments (interest that was further compounded by the whipsaw calculation), and the final judgment likewise awards them pre-judgment interest for the time period before their lump sum payment was made. Defendants respectfully submit that such an award is contrary to settled precedent and to the principles set forth in this Court's Order of December 19, 2005. (Dkt. no. 129).

That Order holds that ERISA pre-judgment interest "is not awarded for punitive purposes, but to compensate for the lost time value of money." *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 2005 U.S. Dist. LEXIS 37863, at *20 (S.D. Ohio Dec. 19, 2005). For this reason, pre-judgment interest properly accrues beginning on the date that a benefit is "wrongly withheld" by the plan administrator. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620 (6th Cir. 1998) ("[P]rejudgment interest awards under ERISA serve as compensation to a

plaintiff for the lost use of money wrongly withheld; such awards may not penalize the defendant."); *see also Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224 (1st Cir. 1996) ("[Pre-judgment interest] serves ERISA's remedial objectives by making a participant whole for the period during which the fiduciary withholds money legally due."). "When a plaintiff is not yet entitled to the benefit . . . there is no lost opportunity to use or invest the benefit payment." *Ford*, 154 F.3d at 620.

Consistent with this rule, the 559 members of the plaintiff class who received their lump sum payments *after* April 16, 2001 are not entitled to pre-judgment interest during the period before they received their lump sum payments.[1] *See Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 821 (S.D. Ill. 2002) (awarding pre-judgment interest "beginning on the date of the withholding of the Class members' respective benefits") *aff'd in relevant part*, 338 F.3d 755 (7th Cir. 2003). Awarding pre-judgment interest during that period would provide these class members with hundreds of thousands of dollars in unearned pre-judgment interest, contrary to the requirement that pre-judgment interest must be compensatory. *See Ford*, 154 F.3d at 620 (denying pre-judgment interest where "[t]he awarding of interest on the present value of future benefits would overcompensate the plaintiffs . . . in violation of ERISA's purely compensatory remedial scheme").

For these reasons, defendants respectfully request that the Court alter or amend its February 24, 2006 final judgment to award pre-judgment interest running from the later of (a)

---

[1] The Court previously held that class members may not receive pre-judgment interest prior to April 16, 2001, the date that named plaintiff John D. West's benefit claim accrued. *West*, 2005 U.S. Dist. LEXIS 37863, at *20-23. The Court explained that "awarding pre-judgment interest back to the date of each Class Member's prior distribution . . . would be inequitable and punitive under all the circumstances presented by this case." *Id.* at *23.

3

April 16, 2001, or (b) the date that a class member received his or her lump sum payment.[2] In defendants' view, it is not necessary for the Court to set forth an itemized pre-judgment interest calculation for each of the 559 class members; rather, it would be sufficient to enter an amended final judgment awarding such class members a principal sum "plus pre-judgment at the statutory rate as described in the judgment of February 24, 2006" during the appropriate time period. If the Court prefers itemized calculations, however, defendants will promptly provide such calculations, and will run the calculations through any ending date for the pre-judgment interest period that the Court selects.

Respectfully submitted,

s/George E. Yund
George E. Yund (0017714)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street,
Cincinnati, OH 45202-4182
(513) 651-6824
gyund@fbtlaw.com

*Trial Attorney for Defendants*

Robert D. Wick
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000
rwick@cov.com

*Attorney for Defendants*

---

[2] Defendants reserve their right to contend on appeal that no pre-judgment interest should have been awarded at all. Since the Court has previously rejected that argument, defendants do not reiterate it here.

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2006, I electronically filed the foregoing Rule 59(e) Motion to Alter or Amend the Judgment with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed by U.S. Mail to those parties who are not served by via the Court's electronic filing system.

                                                Respectfully submitted,

                                                s/ George E. Yund
                                                George E. Yund (0017714)
                                                Trial Attorney for Defendants
                                                FROST BROWN TODD LLC
                                                2200 PNC Center
                                                201 East Fifth Street
                                                Cincinnati, OH  45202
                                                (513) 651-6838
                                                gyund@fbtlaw.com

CINLibrary 0001590.0528818  1613095v.1