IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated | ⋮ | Case No.: C-1-02-0001 |
| | ⋮ | |
| Plaintiffs, | ⋮ | |
| vs. | ⋮ | District Judge Sandra S. Beckwith |
| | ⋮ | |
| AK Steel Corporation (formerly ARMCO) Retirement Accumulation Pension Plan, et al. | ⋮ | Magistrate Judge Timothy S. Black |
| | ⋮ | |
| Defendants. | ⋮ | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT**

### INTRODUCTION

In its Order entered on December 19, 2005, the Court confirmed an aggregate award in favor of the Class with pre-judgment interest accruing thereon from April 16, 2001.[1]  In early March 2006, Defendants moved to alter or amend the judgment.[2]  Defendants' Motion, premised on the rule that pre-judgment interest should be awarded "'beginning on the date of the withholding of the Class Members' respective benefit,'"[3] requests the Court to alter the judgment "to award pre-judgment interest running from the later of April 16, 2001, or the date that a class member received his or her lump sum payment."[4]

---

[1]    Order (entered December 19, 2005) [Doc. No. 129] at 17–18.

[2]    Defendants' Rule 59(e) Motion to Alter or Amend the Judgment (filed March 3, 2006) [Doc. No. 141] ("Defendants' Motion").

[3]    Defendants' Motion at 3 (quoting *Berger v. Xerox Retirement Income Guarantee Plan*, 231 F. Supp. 2d 804, 821 (S.D. Ill. 2002), aff'd in relevant part, 338 F.3d 755 (7th Cir. 2003)).

[4]    *Id*. at 3–4 (underlining, parentheticals, and footnote omitted).

Defendants' Motion, contrary to the intent of Rule 23, invites the Court to treat Class Members in a highly individualized manner—an approach insisted upon by Defendants throughout this case but properly rejected by the Court. Moreover, Defendants' Motion presents an obvious but unresolved conflict. On the one hand, Defendants want pre-judgment interest to be computed "'beginning on the date of the withholding of the Class Members' respective benefit,'"[5] but, on the other hand, they want the pre-judgment interest to accrue no earlier than April 16, 2001. Therefore, Defendants' Motion should be denied.

## DEFENDANTS WOULD HAVE THIS COURT REQUIRE CLASS-MEMBER-BY-CLASS-MEMBER ANALYSES, CONTRARY TO RULE 23 AND ALREADY REJECTED BY THE COURT

Defendants' Motion challenges a fundamental decision this Court made years ago in granting class certification[6]—that "a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a ***collective nature*** to the challenged conduct."[7] For this reason, Defendants' Motion is contrary to the intent of Rule 23. The Rule provides for class litigation, in which "a class member can step into the shoes of a class representative who is successful in proving his claim."[8]

---

[5]    *Id*. at 3 (quoting *Berger v. Xerox Retirement Income Guarantee Plan*, 231 F. Supp. 2d 804, 821 (S.D. Ill. 2002), aff'd in relevant part, 338 F.3d 755 (7th Cir. 2003)).

[6]    *See* Order (entered March 9, 2004) [Doc. No. 55].

[7]    *In re American Medical Systems, Inc*., 75 F.3d 1069, 1082 (6th Cir. 1996) (emphasis added).

[8]    *Dickerson v. United States Steel Corp.*, 582 F.2d 827, 830 (3d Cir. 1978). *See Iosello v. Lawrence*, 2005 U.S. Dist. Lexis 17545 at *15 (N.D. Ill. Aug. 18, 2005) (quoting *Calkins v. Fidelity Bond & Mortg. Co.*, 1998 U.S. Dist. Lexis 16144 at *2 (N.D. Ill. Oct. 8, 1998)) ("A plaintiff's claims are not typical if 'proving them does not necessarily prove all the proposed class members' claims.'"); *Bracamonte v. Eskanos & Adler*, 2004 U.S. Dist. Lexis 8520 at *12 (N.D. Cal. May 7, 2004) (citing 4 NEWBERG ON CLASS ACTIONS § 18.08 (3d ed. 1992)) ("The plaintiff whose claim is typical will ordinarily establish the defendants' liability to the entire class by proving his or her

Defendants' attempt to forestall class treatment in this case began with Defendants' Motion for Entry of Judgment That Plaintiff's Claim Is Time-Barred, in which Defendants asserted that they were "entitled to judgment as a matter of law because plaintiff failed to comply with the deadline set forth in the Plan for disputing the amount of his one-time, lump sum pension payment."[9] Defendants then used this timeliness issue in their memorandum opposing class certification, asserting that John West's claim was "fatally time-barred by the express terms of the Plan."[10] Class treatment was prohibited, Defendants argued, by the "need to conduct an individualized inquiry as to the timeliness of the claim of each putative class member."[11] Defendants insisted on a class-member-by-class-member inquiry that would have asked "first whether an administrative claim was filed within 90 days [of the member's underpayment] and, if not, whether there [were] extenuating circumstances for the delay."[12] Defendants thus argued that the facts of this action failed to demonstrate a cognizable class, *qua* class, in whose favor a class award could be entered.[13]

---

individual claim.").

[9]    Defendants' Motion for Entry of Judgment That Plaintiff's Claim Is Time-Barred (filed July 22, 2002) [Doc. No. 20] at 1.

[10]    Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification (filed July 24, 2002) [Doc. No. 22] at 9.

[11]    *Id.* at 16.

[12]    *Id*. (internal quotation marks omitted).

[13]    *See Mahoney v. National Organization for Women*, 681 F. Supp. 129, 134–35 (D. Conn. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 748 (10th Cir. 1980), cert. denied, 454 U.S. 833 (1981)) (discussing claims of a purported class under 42 U.S.C. § 1985(3)) ("[t]o be cognizable … a class must at least be a class *qua* class").

The Court rejected Defendants' argument, first by denying Defendants' motion[14] to dismiss Mr. West's personal claim,[15] and later by granting class certification over Defendants' objection "that individual class issues of timeliness … will overshadow the whipsaw calculation issue."[16] Having decided that this action could properly proceed on behalf of a class *qua* class, the Court entered further decisions that recognized the representative role a named plaintiff plays in relation to the class of similarly situated individuals he represents under Rule 23. For example, having ruled that Mr. West's claim was timely, the Court found it was unnecessary to make a separate determination as to the timeliness of the Class's claims, and thus "Defendants' argument regarding timeliness is moot in light of the Court's ruling on Defendants' dismissal motion."[17]

Rule 23's treatment of the Class as an entity, rather than as a collection of individuals, carried over into the damages issues. Where, as here, the named plaintiff's "claims and defenses are the same as those of the other class members"[18] and involve only "a rote calculation of damages"[19] employing "adequate procedures … to oversee the calculation of damages on a class-wide basis,"[20]

---

[14]    Defendants' Motion for Entry of Judgment That Plaintiff's Claim Is Time-Barred (filed July 22, 2002) [Doc. No. 20].

[15]    Order (entered on December 3, 2003) [Doc. No. 51]. *See* Order (entered March 9, 2004) [Doc. No. 55] at 8 ("Defendant argues that Plaintiff West cannot adequately represent the class because his claims are time-barred. Defendants' time-bar argument was addressed in this Court's ruling on Defendants' separately filed motion to dismiss. (Doc. No. 51). The Court concluded that Plaintiff West's claims were not timebarred, and therefore, Defendants' argument that the class cannot be certified on this basis is moot.").

[16]    Order (entered March 9, 2004) [Doc. No. 55] at 9.

[17]    *Id*. at 8.

[18]    *Id*. at 7.

[19]    *Id*. at 9.

[20]    *Id*.

"[i]t is the common practice to award an aggregate verdict for the class as a whole."[21]  Accordingly, this Court entered a lump-sum judgment for the Class, *qua* class,[22] rather than entering individual judgments on the personal claims of the 1,230 Class Members.[23]

Similarly, in deciding "that pre-judgment interest should accrue from April 16, 2001" on the total of the underpayments due the Class,[24] the Court properly looked no further than "Mr. West's claim [which] was administratively rejected on April 16, 2001."[25]  Such decisions—looking to a named plaintiff's circumstances in determining the accrual date for pre-judgment interest on a class award—have been entered in the past by this Court[26] and others.[27]

---

[21]  *In re Blech Sec. Litig.*, 2003 U.S. Dist. Lexis 4650 at *71 (S.D. N.Y. March 27, 2003) (citing *In re Melridge, Inc. Sec. Litig.*, 837 F. Supp. 1076 (D. Or. 1993)).

[22]  Order (entered December 19, 2005) [Doc. No. 129] at 2 (determining the manner of calculating "the amount of additional benefits to be awarded to Plaintiffs under the Court's prior order"); Final Judgment (entered February 24, 2006) [Doc. No. 140] at 2 ("the Court awards Plaintiffs $37,638,442.79 in damages").

[23]  Pursuant to the Court's Order entered December 19, 2005 [Doc. No. 129], the parties filed under seal on January 18, 2006, The Parties' Roster of the 1,230 Class Members and the Sum Due Under This Court's Order of December 19, 2005 [Doc. No. 134].  That Roster lists each Class Member's portion of the $37,638,442.79 in damages the Court awarded the Class.

[24]  Order (entered December 19, 2005) [Doc. No. 129] at 17.

[25]  *Id.* ("pre-judgment interest in an ERISA case accrues from the date the plan administrator denies the participant's claim for benefits").

[26]  *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109 (Final Judgment, entered July 8, 2005) at 2–3 (citing *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 223 (1st Cir. 1996).  A copy of the Final Judgment in *Dalesandro* is submitted as Exhibit 1 to the instant response.

[27]  *E.g.*, *Laurenzano v. Blue Cross & Blue Shield of Mass. Ret. Income Trust*, 191 F. Supp. 2d 223, 235 (D. Mass. 2002) (pre-judgment interest on a class' award accrued from the date the named plaintiff filed his complaint).

Defendants' Motion invites the Court to return to the days before class certification, and to alter or amend the judgment in this suit to accommodate the highly individualized treatment of Class Members on which Defendants have always insisted.  Defendants go so far as to offer to provide "itemized calculations." The Court should decline Defendants' invitation, and deny Defendants' Motion.

### THE OBVIOUS BUT UNRESOLVED CONFLICT BETWEEN THE PRINCIPLE UNDERLYING DEFENDANTS' MOTION AND THE RELIEF SOUGHT BY THE MOTION FURTHER DICTATES A DENIAL OF DEFENDANTS' MOTION

Defendants' Motion presents an irreconcilable conflict.  On the one hand, Defendants want pre-judgment interest to be computed from "the date of the withholding of the Class Members' respective benefit.'"[28]  On the other hand, Defendants do not want any pre-judgment interest to accrue before April 16, 2001.  Defendants' have-their-cake-and-eat-it-too argument is internally inconsistent and indefensible.  Thus, the relief sought by Defendants' Motion belies its premise, and on that basis Defendants' Motion should be denied.

If the Court were to entertain Defendants' request to re-open the pre-judgment interest formula, the result should be the adoption of a single rule—endorsed by Defendants themselves—that pre-judgment interest should be calculated at 4.7% "'beginning on the date of the withholding of the Class Members' respective benefit,'"[29] for all 1,230 Class Members, not just those whose benefits were shorted after April 16, 2001.

Further, if the Court were to re-open this suit's judgment, the Court should not only adopt for pre-judgment interest the rate provided by 28 U.S.C. § 1961(a) but also the method for

---

[28]    Defendants' Motion at 3 (quoting *Berger v. Xerox Retirement Income Guarantee Plan*, 231 F. Supp. 2d 804, 821 (S.D. Ill. 2002), aff'd in relevant part, 338 F.3d 755 (7th Cir. 2003)).

[29]    *Id.*

calculating such rate pursuant to 28 U.S.C. § 1961(b)—"computed daily to the date of payment"and "compounded annually."

## ALTHOUGH NOT A GROUND FOR DENYING DEFENDANTS' MOTION, THE MOTION'S UNTIMELINESS MAY ENTER INTO THE COURT'S CONSIDERATION

The Court may not deny Defendants' Motion solely for the reason that it was filed after the 10-day time limitation imposed by Rule 59(e) because, even if late under 59(e), the motion may be considered under Rule 60(b).[30]    Nevertheless, the Court in its discretion[31] may include the untimeliness of Defendants' Motion – "untimely in the sense that there was 'undue delay'"[32] – in the Court's considerations.[33]

"Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[34]  The "judgment" Defendants' Motion seeks to alter or amend was, according to Defendants,[35] entered on February 24, 2006 – the date on which the Clerk entered the Court's entry dated February 22, 2006 in the civil docket under Fed. R. Civ. P. 79(a).[36]  However, "'a decision

---

[30]    E.g., *Lommen v. McIntyre*, 125 Fed.Appx. 655, 658-659, 2005 U.S. App. Lexis 4094 at *9-*10 (6th Cir. 2005); *Peake v. First National Bank & Trust Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983).

[31]    "[A] motion for reconsideration is committed to the sound discretion of the trial court." *Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 326 (6th Cir. 1990) (citing *Huff v. Metropolitan Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982)).

[32]    *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

[33]    For example, "[a] party who allows itself to become out of time to invoke the regular remedies for correction of error normally offers some kind of explanation or excuse …," *Steinhoff v. Harris*, 698 F.2d 270, 273 (6th Cir. 1983), and Defendants have offered no excuse for their belated motion for reconsideration.

[34]    Fed. R. Civ. P. 59(e).

[35]    Defendants' Motion at 2 and 3.

[36]    *See* Fed. R. App. P. 4(a)(7)(A) (defining the day on which "the judgment or order appealed from is entered").

"final" within the meaning of [28 U.S.C.] §1291 does not necessarily mean the last order possible to be made in a case.'"[37]  A final judgment is entered "where the determination of specific amounts would be 'mechanical and uncontroversial,' such that 'only a "ministerial" task remains for the district court to perform.'"[38]  The final, appealable judgment in the instant case was entered on January 18, 2006, upon the parties' concurrence[39] in all of the ministerial tasks for calculating the Class' damages.[40]

The *Costantino* case[41] is an exemplar of a pension case where, as here, a final, appealable judgment is entered prior to the parties' expectations.  The district court in *Costantino* determined liability and ordered the pension plan to pay class members the underpayments due them "with interest," but did not set forth the rate at which, and the date(s) from which, such interest was to be computed.  TRW appealed, and the plaintiff-class moved to dismiss the appeal on the ground that the district court's decisions were insufficiently specific to constitute a final, appealable order.  The Sixth Circuit denied the plaintiff-class' motion to dismiss:

> Generally, an order that determines liability but leaves open the assessment of damages is not a final, appealable order.  However, where the calculations which remain are only ministerial tasks, the judgment may be considered final.

---

[37]  *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 158 (6th Cir. 1983) (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964)).

[38]  *Dieser v. Continental Cas. Co.*, 2006 U.S. App. Lexis 5280 at *8 n.3 (8th Cir. March 2, 2006) (quoting *St. Mary's Health Ctr. v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) (quoting *Parks v. Pavkovic*, 753 F.2d 1397, 1404 (7th Cir. 1985))).

[39]  The Parties' Joint Submission of Their Roster of the 1,230 Class Members (filed January 18, 2006) [Doc. No. 130].

[40]  *Woosley v. Avco Corp.*, 944 F.2d 313, 316-317 (6th Cir. 1991) (citing *Durkin v. Mason & Dixon Lines*, 202 F.2d 425 (6th Cir. 1953)) ("a judgment is final if only ministerial tasks in determining damages remain").

[41]  *Costantino v. TRW, Inc*., N.D. Ohio No. C86-3368.

*Costantino v. TRW, Inc.*, 6th Cir. No. 91-3768/3769 (Nov. 29, 1991) at 2.[42]

In *Costantino*, as in the instant action, a final judgment was rendered before "'the last order possible to be made in a case'"[43] when "only ministerial tasks in determining damages remain[ed]."[44] On the other hand the last order in a case may indeed signal the finality of the judgment, such as was the case in *Dalesandro*[45] where the suit's "Final Judgment" resolved previously undecided questions, such as the date from which, and the rate at which, pre-judgment interest was to accrue.[46] In the instant action, those questions were answered in the Court's Order of December 19, 2005.[47]

This Court's judgment on liability and damages was entered well prior to the February 24, 2006 date on which Defendants rely. Indeed, the Court's entry dated February 22, 2006 recites the series of decisions constituting the Court's judgment:

> On April 8, 2004, the Court granted partial summary judgment to Plaintiff, finding that the method Defendants used to calculate Plaintiff's lump sum retirement payments violated certain provisions of ERISA. (Doc. 56) The Court subsequently

---

[42]    Copies of the plaintiff-class' motion to dismiss TRW's appeal, TRW's response, and the Sixth Circuit's decision denying dismissal, appear as Exhibit 2 to the instant response.

[43]    *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 158 (6th Cir. 1983) (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964)).

[44]    *Woosley v. Avco Corp.*, 944 F.2d 313, 316-317 (6th Cir. 1991) (citing *Durkin v. Mason & Dixon Lines*, 202 F.2d 425 (6th Cir. 1953)).

[45]    *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109.

[46]    *Dalesandro v. International Paper Co.*, S.D. Ohio No. 1:02-CV-109 (Final Judgment, entered July 8, 2005) at 2-3 (citing *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 223 (1st Cir. 1996). A copy of the Final Judgment in *Dalesandro* is submitted as Exhibit 1 to the instant response.

[47]    Order (entered December 19, 2005) [Doc. No. 129] at 16, 17-18 ("[T]he appropriate rate is that provided by 28 U.S.C. §1961(a), the one-year Treasury rate for the calendar week preceding the entry of a final judgment in this case … accru[ing] from April 16, 2001 to the date of entry of final judgment.").

ordered that 92 individuals included in the original class certification were excluded
from the class, based upon their execution of releases in connection with a reduction
in force. (Doc. 119)  The Court also ordered that certain individuals who had initially
chosen to opt out of the class were to be included in the certified class. (Doc. 128)
On December 19, 2005, the Court determined the manner by which to calculate the
amounts due each class member, and determined the rate and time from which
prejudgment interest should be computed. (Doc. 129)[48]

### CONCLUSION

For the reasons demonstrated above, the alteration sought by Defendants would require a

series of highly individualized, class-member-by-class-member calculations of pre- and post-

judgment interest, inimical to the intent of Rule 23.  Further, the principle on which Defendants'

Motion rests belies the alteration the Motion seeks.  Thus, Defendants' Motion should be denied.

If the Court were to re-open this suit's judgment, the Court should adopt the principle

endorsed by Defendants and award pre-judgment interest at 4.7% from the date of each Class

Member's prior distribution, *i.e.*, "'beginning on the date of the withholding of the Class Members'

---

[48]   Final Judgment (entered February 24, 2006) [Doc. No. 140] at 1-2.  This recitation by the
Court of the sequential elements of this suit's judgment could come as no surprise inasmuch as it
was presaged by Plaintiffs' earlier, nearly verbatim recitation of the entries leading to the Court's
judgment:

> The Court entered summary judgment in favor of the class on the issue of liability in April
> 2004, determining that "the manner in which Plaintiffs' lump sum disbursements were
> calculated under the AK Steel Plan violated ERISA and the I.R.C."  In its Orders entered on
> July 25 and December 15, 2005, the Court specified or described those whom the Court
> found to be members of the class, and thus bound by the Court's judgment.  By its Order
> entered on December 19, 2005, the Court set forth the manner by which the underpayments
> owed class members are to be calculated, and determined the time from which, and the rate
> at which, prejudgment interest on those underpayments is to be computed.  On January 18,
> 2006, the parties jointly filed "an agreed roster of the current class members and the amount
> due to each class member as computed pursuant to the terms of the Court's Order of
> December 19, 2005."

Plaintiffs' Response to Defendants' Motion to Defer Consideration of Plaintiffs' Attorney's Fees
Motions Pending Appeal (filed Feb. 14, 2006) [Doc. No. 138] at 2-3 (footnotes and bracketed
portions omitted).

respective benefit.'"[49]  Further, if the Court were to re-open this suit's judgment, the Court should not only adopt for pre-judgment interest the rate provided by 28 U.S.C. § 1961(a) but also the method for calculating such rate pursuant to 28 U.S.C. § 1961(b)—"computed daily to the date of payment" and "compounded annually."

But there is no reason to re-open the judgment.  In rendering the Class' judgment collectively, and in determining pre-judgment interest collectively in favor of the Class, *qua* class, the Court properly exercised its "broad discretion to award prejudgment interest" in an ERISA case.[50]  Therefore, Defendants' Motion ought be denied.

Respectfully submitted,

s/   Thomas R. Theado
Plaintiffs' Trial Attorney and Class Counsel
Thomas R. Theado (0013937)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:    440-244-4809
Fx:    440-244-3462

Robert D. Gary (0019610)
Jori Bloom Naegele (0019602)
Thomas A. Downie (0033119)
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio  44052-1797
Ph:    440-244-4809
Fx:    440-244-3462

---

[49]   Defendants' Motion at 3 (quoting *Berger v. Xerox Retirement Income Guarantee Plan*, 231 F. Supp. 2d 804, 821 (S.D. Ill. 2002), aff'd in relevant part, 338 F.3d 755 (7th Cir. 2003)).

[50]   *Wells v. United States Steel*, 76 F.3d 731, 737 (6th Cir. 1996).

Allen C. Engerman
LAW OFFICES OF ALLEN C. ENGERMAN, P.C.
666 Dundee Road–# 1200
Northbrook, Illinois 60062
Ph: 847-564-5555
Fx: 847-564-4944

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas A. Downie            tdownie@gntlaw.com
Allen C. Engerman           acelaw@mcn.org
Stuart J. Evans             sevans@cov.com
Robert D. Gary              office@gntlaw.com
Jori Bloom Naegele          jnaegele@gntlaw.com
Thomas R. Theado            ttheado@gntlaw.com
Robert D. Wick              rwick@cov.com
George Edward Yund          gyund@fbtlaw.com

s/   Thomas R. Theado
Thomas R. Theado (0013937)
Attorney for Plaintiffs
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio 44052-1797
Telephone: (440) 244-4809
Telecopier: (440) 244-3462
E-mail: TomTheado@aol.com