IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Dalesandro, )
et al., )
 )
         Plaintiffs, ) Case No. 1:01-CV-109
 )
  vs. )
 )
International Paper )
Company, )
 )
         Defendant. )


FINAL JUDGMENT

On March 20, 2003, the Court entered an order (Doc. No. 39) granting Plaintiffs' motion for class certification and motion for judgment. The Court certified a class consisting of:

> All participants under Severance Policy #828 who were employed by International Paper Company at the Hamilton B Street Mill and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill to Smart Paper, and who were denied severance benefits under Severance Policy #828.

Doc. No. 39, at 28-29. On June 30, 2005, the parties filed under seal a stipulation (Doc. No. 94) regarding the severance benefits due each participant assuming the Court's judgment is affirmed on appeal. The parties have stipulated that the amount of severance benefits due to the class is $4,203,760.32. See id. The Court enters contemporaneously herewith an order awarding Plaintiffs $323,531.80 in attorney's fees and $6,334.77 in costs as the prevailing parties. In addition to these awards, Plaintiffs move the Court to include certain other findings or judgments in the

final judgment. See Doc. No. 92, at 9-10. However, as the Court briefly explains below, these additional findings are subsumed explicitly or implicitly in previous orders of the Court. Consequently, the Court does not believe that those findings or judgments need to be repeated here.

### A. Pre and Postjudgment Interest

The district court in its discretion may award a prevailing plaintiff prejudgment interest. Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002). It is generally appropriate to award an ERISA plaintiff prejudgment interest in order to compensate him or her for the loss of use of money on benefits wrongfully withheld. Ford v. Uniroyal Pension Plan, 154 F.3d 613, 620 (6th Cir. 1998). The trial court may award prejudgment interest in an ERISA case at the weekly average one year constant maturity Treasury yield pursuant to 28 U.S.C. § 1961(a), using the rate from the week preceding the entry of judgment. Caffey, 302 F.3d at 585 n.3; 28 U.S.C. § 1961(a). Here, Plaintiffs should be awarded prejudgment interest in order to make them whole for the loss of use of the funds wrongfully withheld by the plan administrator.

Plaintiffs contend that prejudgment interest should accrue eight days from their termination date because the plan provides that payment date for benefits. Plaintiffs also contend that the Court should use the rate prevailing at the time that benefits were payable to calculate prejudgment interest. The Court disagrees with both contentions. Prejudgment interest

accrues from the date the plan administrator denies the participant's claim for benefits.  Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223 (1st Cir. 1996).  In this case, the plan administrator, Robert Florio, issued his interpretation of the plan and decision denying Plaintiffs' claim for benefits on March 12, 2001.  Doc. No. 39, at 7-9.  Although the plan administrator's decision was not affirmed on appeal until December 7, 2001, prejudgment interest should accrue from March 12, 2001 because that is the date Plaintiffs would have been entitled to severance benefits had the plan administrator interpreted the plan correctly.  Finally, although the Court is not bound to apply the formula in § 1961(a) when calculating prejudgment interest, see EEOC v. Wooster Brush Co. Emp. Relief Ass'n, 727 F.2d 566, 579 (6th Cir. 1984), the opinions in Wooster Brush, Caffey, and Ford indicate that the statutory formula is a presumptively reasonable method to employ.  However, the rate proposed by Plaintiffs, 4.72%, paid over the duration of this lawsuit, would result in a windfall to them because interest rates have fallen substantially since early 2001.  Consequently, as the cases invite trial courts to do, this Court will use the interest rate provided by § 1961(a) to calculate prejudgment interest.

      Accordingly, Plaintiffs' are entitled to prejudgment interest as follows:

| Amount of Judgment | Rate[1] | Days/365 | Interest Due |
|---|---|---|---|
| $4,203,760.32 | x  3.46% | 1,578/365[2] = | $628,822.65 |

      The district court is required, however, to award a prevailing plaintiff postjudgment interest.  Caffey, 302 F.3d at 586.  Moreover, the district court is required to base its award of postjudgment interest on the total judgment inclusive of prejudgment interest.  Id.  Postjudgment interest also accrues on the district court's award of attorney's fees and costs.  Id. at 590-91.  Postjudgment interest accrues from the date of final judgment at the rate provided by § 1961(a) as well.  Scotts Co. v. Central Garden & Pet Co., 403 F.3d 781, 792 (6th Cir. 2005).  Accordingly, postjudgment interest shall accrue at a rate of 3.46% per annum on the total judgment until the date the judgment is paid in full by International Paper.

### B. Flex Six Benefits

      Plaintiffs ask the Court to enter a finding regarding the Class members eligible for a Flex Six enhancement to their pension agreement.  The parties are now in agreement with regard to the identity of those class members.  See Doc. No. 94.  Therefore, there is no case or controversy on that issue and

---

[1]    According to the Federal Reserve's website, http://www.federalreserve.gov/releases/h15/Current/ (visited July 8, 2005).

[2]    Interest accrued as follows in the preceding years: 2001 – 294 days; 2002 – 365 days; 2003 – 365 days; 2004 – 365 days; 2005 – 189 days.

4

consequently no need for the Court to include such a finding its judgment.

### C. Notice to the Class

As indicated by the fact that counsel was unable to provide notice to only one member of the 149 member class, see Doc. No. 68, at 2, the Court finds that the form, manner, and dissemination of notice to the Class was the best notice practicable under the circumstances and complied with the provisions of Fed. R. Civ. P. 23.

### D. Miscellaneous

1. Plaintiffs ask that the judgment contain the class definition. The Court already defined the class in its order granting class certification. Doc. No. 39.

2. Plaintiffs ask that the judgment find that International Paper wrongfully denied the class members severance benefits payable under the policy. That finding is subsumed in the Court's order granting Plaintiffs' motion for judgment and denying International Paper's motion for judgment on the administrative record. Doc. No. 39.

4. Plaintiffs ask the Court to find that payment of attorney's fees by International Paper is appropriate pursuant to 29 U.S.C. § 1132(g)(1). That finding is incorporated in the Court's order awarding Plaintiffs attorney's fees. The Court also addressed in that order the issues of a fee multiplier, an award of expenses, payment of a contingent fee to class counsel, and incentive awards for the class representatives.

Conclusion

In conclusion, in accordance with the Court's previous orders, the Court awards Plaintiffs $4,203,760.32 in damages, $628,822.65 in prejudgment interest, $6,334.77 in expenses, and $323,531.80 in attorney's fees.  Postjudgment interest shall accrue on the sum of these awards ($5,162,449.54) at a rate of 3.46% per annum.  The Court shall retain jurisdiction over this case to resolve any supplemental fee application by Plaintiffs. Jankovich v. Bowen, 868 F.2d 867, 871 (6th Cir. 1989)(district courts generally retain jurisdiction to consider postjudgment motion for attorney's fees).  Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, International Paper shall pay the court costs of this litigation.

**IT IS SO ORDERED**

Date July 8, 2005               s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court