CASE NO. 91-3768

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APPEAL FROM THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO  (EASTERN DIVISION)
CASE NO. C86-3368

MICHAEL A. CONSTANTINO, et al.,
on behalf of the Class of Plaintiffs

Plaintiffs-Appellees Cross-Appellants

v.

TRW, INC.; JAKE SCHOEPLER, Secretary,
Board of Administrators TRW Salaried Pension Plan

Defendants-Appellants Cross-Appellees

PLAINTIFFS-APPELLEES' MOTION TO DISMISS
AND
MEMORANDUM OF LAW IN SUPPORT

| FOR THE PLAINTIFFS-APPELLEES: | FOR THE DEFENDANTS-APPELLANTS: |
|---|---|
| Robert D. Gary, Esq.<br>446 Broadway<br>Lorain, Ohio 44052-1797<br>(216) 244-4809 | Joseph M. David, Esq.<br>Jones, Day, Reavis & Pogue<br>Metropolitan Square<br>1450G Street, N.W.<br>Washington, D.C. 2005-2088<br>(202) 879-7686 |
| Leonard F. Carr, Esq.<br>1302 SOM Center Road<br>Mayfield Heights, Ohio 44124<br>(216) 473-2277 | Kim F. Bixenstine, Esq.<br>Jones, Day, Reavis & Pogue<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio   44114<br>(216) 586-7128 |
| Judith A. Lehnowsky, Esq.<br>100 Plaza West<br>20220 Center Ridge Road<br>Rocky River, Ohio 44116<br>(216) 356-1219T | William F. Powderly, III, Esq.<br>Jones, Day, Reavis & Pogue<br>One Mellon Bank Center<br>500 Grant Street<br>Pittsburgh, Pa.   15219<br>(412) 394-7921 |
| | William F. Sollee, Esq.<br>Ivins, Phillips & Barker<br>1700 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>(202)   393-7600 |

MOTION

The Plaintiffs-Appellees, by and through their undersigned counsel, respectfully move this Honorable Court, pursuant to U.S. Ct. of App. 6 Cir. Rule 8(a)(1) and Fed. R. App. P. 27, for an Order dismissing this appeal in that the order from which the Defendants-Appellants seek to appeal is not a final decision as required by 28 USCA Section 1291.

Respectfully submitted,

Robert D. Gary, Esq.
446 Broadway
Lorain, Ohio 44052-1797
(216) 244-4809

Leonard F. Carr, Esq.
Carr, Feneli & Carbone, L.P.A.
1302 SOM Center Road
Mayfield Heights, Ohio 44124
(216) 473-2277

Judith A. Lehnowsky, Esq.
100 Plaza West
20220 Center Ridge Road
Rocky River, Ohio 44116
(216) 356-1219

1

**MEMORANDUM OF LAW**

On July 25, 1991, the Honorable Ann Aldrich (Northern District of Ohio) granted in part and denied in part the Plaintiffs-Appellees' Motion for Summary Judgment and granted and denied in part the Defendants-Appellants' Motion for Summary Judgment. Judge Aldrich's decision stated in pertinent part:

> . . . TRW's motion for summary judgment is granted in part and denied in part, and the retirees' motion for summary judgment is granted in part and denied in part. In according with this opinion, this Court orders TRW to amend its plan to provide for the calculation of lump sum distributions from January 1, 1985 to October 22, 1986 in the following manner:
>
> (1) The lump sum benefit shall be the present value of the monthly single life annuity, <u>including</u> any early retirement subsidy; and
>
> (2) The present value shall be calculated by using an interest rate that is one hundred and twenty percent (120%) of the PBGC rate in effect at the time the distribution occurred, for lump sum amounts in excess of $25,000 (using the PBGC rate).
>
> TRW is further ordered to re-calculate the retirees' lump sum distributions in the above manner, and provide them with any cumulative underpayment, with interest that may result.

On August 20, 1991, TRW, Jake Schoeppler, Secretary of the Board of Administrators of TRW; Salaried Employees Pension Plan, filed their Notice of Appeal. On September 17, 1991, Defendants-Appellants served upon Plaintiffs-Appellees an "Application

2

for Stay Pending Appeal." One of the grounds set forth in the Application for Stay is that ". . . none of the relief that plaintiffs could receive under the July 25 Order would include a monetary award from the named defendants, . . . [and] [t]he Order . . . does not provide for any specific monetary award."

Title 28 USCA Section 1291 provides as follows: "The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts. . . ." Defendants-Appellants' own statements demonstrate that the decision of Judge Aldrich is not final within the meaning of Section 1291, supra.

In Liberty Mutual Insurance Company v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202 (1976), the respondents received a favorable ruling on liability but no ruling on the request for an injunction, damages or attorney fees prayed for in the complaint. Id., at 1205. The United States Supreme Court stated ". . . judgments . . . where assessment of damages or awarding of other relief remains to be resolved have never been considered 'final' within the meaning of 28 USC Section 1291." Id. at 744, 96 S.Ct. at 1206; see also, Rudd Construction Equipment Co., Inc., v. Home Insurance Co., 711 F.2d 54 (6th Cir. 1987).

Although Judge Aldrich has ordered the Defendants-Appellants to provide the Plaintiffs-Appellees with the cumulative underpayment due them, no sum certain has been determined. Rather, the court has ordered the Defendants-Appellants to

3

recalculate the distribution in the manner provided by the court. As the Court noted in In Re Goldblatt Bros., Inc., 758 F.2d 1248, (7th Cir. 1985), "the general rule that an order determining the rights and liabilities of the parties and remanding for an accounting is interlocutory." Id. at 1256. Similarly in S.E.C. v. Independence Drilling Corp., 595 F.2d 1006 (5th Cir. 1979), the trial court ordered the S.E.C. to pay certain fees and expenses. Id., at 1007. The Court of Appeals found that the order of the trial court was insufficiently definite, id. at 1008, to constitute a final decision. Judge Aldrich's order is clearly not specific as to the amount, even though, as in S.E.C. v. Independence Drilling Co., id., the trial court ordered the defendants-appellants to compensate the plaintiffs-appellees.

As the court recognized in In Re Goldblatt Bros., Inc., supra, at 1250, citing Shearson Loeb Rhoades Inc. v. Much, 754 F.2d 773 at 776-77 (7th Cir. 1985) an exception exists to the general rule where the accounting is mechanical or ministerial. The Plaintiffs-Appellees submit that the accounting in this instance is more than mechanical or ministerial and that issues as to the method of calculation may be in dispute. For example, although Judge Aldrich's order provides that the cumulative underpayment is to be paid "with interest," no rate of interest is set forth. Additionally, it is anticipated that there may be

4

challenges to the methodology utilized by the Defendants-Appellants in calculating the cumulative underpayment, plus interest. At the time of the filing of the Defendants-Appellants' Notice of Appeal, the plaintiffs were engaging in discovery to allow them to make their own, independent calculations regarding the correct reimbursement. Thus the order of Judge Aldrich is not a final order in that it neither terminates the litigation nor leaves the court with anything to do except execute its judgment, as the case law requires.

It is even conceivable that there may be additional appeals as to the manner of the calculation of the payout. This is particularly true in that this case arises out of an allegation of prior improper calculations by the Defendants-Appellants and Judge Aldrich's ruling does not dispose of the entire case. Further, there is nothing to prevent Defendants-Appellants from appealing these issues at a later date. As this court noted in <u>Schrader v. C.I.R.</u>, 916 F.2d 361 (6th Cir. 1990), the factors relevant to appealability are whether the order would be reviewable later should the immediate appeal be refused and whether the ruling disposal of the entire case to be considered in determining appealability "under the final judgment rule embodied in 28 U.S.C. Section 1291", <u>id.</u> at 362, 363.

5

Further the Notice of Appeal of the Defendants-Appellants specifically sets out that they are appealing "from the order <u>denying</u> in part defendants' Motion for Summary Judgment." (underlining added). It is well established that a District Court's denial of a motion for summary judgment is not ordinarily a final decision and is not usually reviewable on appeal. See, <u>Duran v. City of Douglas</u>, 904 F.2d 1732 (9th Cir. 1990).

Wherefore, the Defendants-Appellants' appeal should be dismissed and this case should be remanded for a determination of the amount of money to be reimbursed the class members pursuant to the Order of Judge Aldrich.

         Respectfully submitted,

         _____
         Robert D. Gary, Esq.
         446 Broadway
         Lorain, Ohio 44052-1797
         (216) 244-4809

         Leonard F. Carr, Esq.
         Carr, Feneli & Carbone, L.P.A.
         1302 SOM Center Road
         Mayfield Heights, Ohio 44124
         (216) 473-2277

         Judith A. Lehnowsky, Esq.
         100 Plaza West
         20220 Center Ridge Road
         Rocky River, Ohio 44116
         (216) 356-1219

PROOF OF SERVICE

    I hereby certify that true and exact photocopies of the foregoing were sent by regular U.S. Mail, proper postage pre-paid, addressed as follows, this 24 day of September, 1991.

        Joseph M. David, Esq.
        Jones, Day, Reavis & Pogue
        Metropolitan Square
        1450G Street, N.W.
        Washington, D.C. 2005-2088

        Kim F. Bixenstine, Esq.
        Jones, Day, Reavis & Pogue
        North Point
        901 Lakeside Avenue
        Cleveland, Ohio    44114

    William F. Powderly, III, Esq.
        Jones, Day, Reavis & Pogue
        One Mellon Bank Center
        500 Grant Street
        Pittsburgh, Pa.  15219

        William F. Sollee, Esq.
        Ivins, Phillips & Barker
    1700 Pennsylvania Avenue, N.W.
        Washington, D.C. 20006

        _____
        Robert D. Gary, Esq.
        An Attorney for the Plaintiffs

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL A. COSTANTINO, et al., on behalf of the Class of Plaintiffs | ) ) ) ) | |
| Plaintiffs-Appellees | ) ) | Case No. 91-3768 |
| v. | ) ) ) | |
| TRW, INC.; JAKE SCHOEPLER, Secretary, Board of Administrators TRW Salaried Pension Plan | ) ) ) ) | |
| Defendants-Appellants | ) ) | |
| MICHAEL A. COSTANTINO, et al., on behalf of the Class of Plaintiffs | ) ) ) ) | |
| Plaintiffs-Appellees Cross-Appellants | ) ) ) ) | Case No. 91-3769 |
| v. | ) ) ) | |
| TRW, INC.; JAKE SCHOEPLER, Secretary, Board of Administrators TRW Salaried Pension Plan | ) ) ) ) | |
| Defendants-Appellants Cross-Appellees | ) ) | |

DEFENDANTS' MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS

-2-

| FOR THE PLAINTIFFS-APPELLEES: | FOR THE DEFENDANTS-APPELLANTS: |
|---|---|
| Robert D. Gary, Esq.<br>446 Broadway<br>Lorain, Ohio 44052-1797<br>(216) 244-4809 | Joseph M. David, Esq.<br>Jones, Day, Reavis & Pogue<br>Metropolitan Square<br>1450G Street, N.W.<br>Washington, D.C. 20005-2088<br>(202) 879-7686 |
| Leonard F. Carr, Esq.<br>1302 SOM Center Road<br>Mayfield Heights, Ohio 44124<br>(216) 473-2277 | Kim F. Bixenstine, Esq.<br>Jones, Day, Reavis & Pogue<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>(216) 586-7128 |
| Judith A. Lehnowsky, Esq.<br>100 Plaza West<br>20220 Center Ridge Road<br>Rocky River, Ohio 44116 | William F. Powderly, III, Esq.<br>Jones, Day, Reavis & Pogue<br>One Mellon Bank Center<br>500 Grant Street<br>Pittsburgh, PA 15219<br>(412) 394-7921 |
| | William F. Sollee, Esq.<br>Ivins, Phillips & Barker<br>1700 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>(202) 393-7600 |

PRELIMINARY STATEMENT

The plaintiffs have filed a motion to dismiss this appeal on the grounds that the District Court's order of July 25, 1991 granting in part and denying in part cross-motions for summary judgment is not a final, appealable order. Defendants disagree. This case is properly before the Court of Appeals.

ARGUMENT

The parties filed cross-motions for summary judgment. There are no factual issues in dispute. The District Court ruled on all the legal issues presented to it in the cross-motions. There are no unresolved issues pending before the District Court involving any of the named parties. A judgment is final for purposes of appeal when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined. Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir., 1970).

> 1. All the relief sought by plaintiffs has been awarded or denied.

The District Court's July 25th Order applies to all the relief requested by plaintiffs. The Court disposed of all of plaintiffs' claims either by granting them or denying them in its rulings on the cross-motions for summary judgment. The

-3-

July 25th Order further specifies the factors to be used in calculating benefits. Unlike the case of <u>Liberty Mutual Ins. Co. v. Wetzel</u>, 424 U.S. 737 (1976), upon which plaintiffs rely, there is no further relief that has been requested in this action that remains to be resolved in either a pre-trial or trial proceeding.

In its "Application for Stay on Appeal", defendants did state that none of the relief that plaintiffs could receive under the July 25th Order would include a monetary award <u>from the named defendants</u>. (Emphasis added). This should not be construed as a failure on the part of the District Court to provide the relief the plaintiffs requested. In context, the statement in the Application related to the fact that, under IRS regulations, neither TRW nor the Secretary to the Board of Administrators of the Salaried Pension Plan, the only named defendants in this action, can directly pay retirement benefits. Rather the retirement plan itself, which is a separate entity, must make the distributions, if any are due after the recalculations. Section 502(d)(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(d)(1). The retirement plan in this case is not a named defendant, however.

> 2. The calculations to determine the amount of relief awarded are mechanical and not indefinite.

Despite plaintiffs' contention that the July 25th Order failed to provide for relief in a sum certain, the calculation of the dollar amount of the relief is arithmetical:

-4-

the amount of the accrued benefit discounted by 120% of the PBGC rate. There is no choice of methodology to make the calculations because the factors for the calculations are specifically provided for in the July 25th Order. To the extent that the accounting is merely mechanical or ministerial, the order is deemed final, not interlocutory. Durkin v. Mason & Dixon Lines, 202 F.2d 425 (6th Cir., 1953). In re Saco Local Development Corp., 711 F.2d 441 at 446 (5th Cir., 1983).

Plaintiffs' suggestion that there may be a challenge to the methodology of calculation is at best speculative. However, even if there were grounds for the District Court to make future rulings on the nature or scope of defendants compliance with the July 25th Order, the finality rule of 28 U.S.C.A. § 1291 can still be applicable to that Order. A "final" decision does not necessarily mean the last possible order to be made in a case. Gillespie v. United States Steel Corp., 379 U.S. 148, 153 (1964); Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co., 706 F.2d 155, 158 (6th Cir., 1983); and see, Bradley v. Richmond School Board, 416 U.S. 696, 722-723 at n.28 (1974). The plaintiffs pose only potential housekeeping problems in support of their motion, and those issues will not reduce or alter the extent of the District Court's Order in ruling on the merits of all of the claims presented to it.

> 3. The issue of the interest provided in the District Court's Order supports defendants' position on this motion.

It is odd that the plaintiffs would raise a question on the uncertainty of the interest award in the context of a motion to dismiss this appeal. Defendants believe the District Court has no jurisdiction to order interest payments. It is one of the issues presented on appeal. The Court of Appeals cannot resolve the issue unless it hears the appeal. It is unclear to defendants how the plaintiffs would expect the issue to be resolved if their motion to dismiss the appeal were granted.

    4. The District Court's Order resolved all issues between the parties.

Plaintiffs' argument that the District Court's denial of a motion for summary judgment is not appealable is merely an exercise in semantics. This Order resolved <u>all</u> the issues raised in the Cross-Motions for Summary Judgment. To the extent a part of defendants' motion was denied, the counterpart in plaintiffs' motion necessarily was granted.

    5. Defendants would be precluded from appealing the July 25th Order at a later time.

Plaintiffs state that there is nothing to prevent defendants from appealing at a later date. However, Rule 4(a) of the Federal Rules of Appellate Procedure mandates that an appeal, if one is to be taken, must be commenced within 30 days after the date of entry of the order appealed from. If defendants sleep on their rights, they will foresake them.

CONCLUSION

The District Court's Order of July 25, 1991, is a final order and therefore is appealable under 28 USCA § 1291. Plaintiffs' motion to dismiss the appeal should be denied.

Respectfully submitted,

*Joseph M. David*

Joseph M. David, Esq.
Jones, Day, Reavis & Pogue
Metropolitan Square
1450 G Street, N.W.
Washington, D.C. 20005-2088
(202) 879-7686

Kim F. Bixenstine, Esq.
Jones, Day, Reavis & Pogue
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7128

William F. Powderly, III, Esq.
Jones, Day, Reavis & Pogue
One Mellon Bank Center
500 Grant Street
Pittsburgh, PA 15219
(412) 394-7921

William F. Sollee, Esq.
Ivins, Phillips & Barker
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 393-7600

CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs-Appellees' Motion to Dismiss was mailed on October 4, 1991 to the parties at the following addresses: Mr. Robert D. Gary, 446 Broadway, Lorain, Ohio 44052; Ms. Judith A. Lehnowsky, 100 Plaza West, 20220 Center Ridge Road, Rocky River, Ohio 44116; and Leonard F. Carr of Carr, Feneli & Carbone, L.P.A., 1392 SOM Center Road, Mayfield Heights, Ohio 44124.

*Judith Hawkens*
Judith Hawkins, Esq.

Nos. 91-3768/3769

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

NOV 29 1991

LEONARD GREEN, Clerk

MICHAEL A. COSTANTINO, et al. on )
behalf of the Class of Plaintiffs, )
)
    Plaintiffs - Appellees )
    Cross Appellants, )
)
v. )    O R D E R
)
)
TRW, INC.; JAKE SCHOEPLER, )
 Secretary, Board of Administrators )
 TRW Salaried Pension Plan, )
)
    Defendants - Appellants )
    Cross Appellees. )

BEFORE: KENNEDY and BOGGS, Circuit Judges; and LIVELY, Senior Circuit Judge.

    The defendants appeal and the plaintiffs cross-appeal the district court's order granting in part and denying in part cross motions for summary judgment in this action under the Employment Retirement Income Security Act of 1974 (ERISA). The plaintiffs move for dismissal of the defendants' appeal on grounds that the order is not final and appealable under 28 U.S.C. § 1291. The defendants respond in opposition.

    The district court dismissed all of the plaintiffs' claims except one brought under ERISA. With respect to that claim, the district court concluded that the defendants had not properly calculated lump sum distributions of certain retirement benefits. The district court ordered such

Nos. 91-3768/3769
-2-

calculations to be remade. The order further provides that if the recalculation results in increased benefits, TRW shall distribute the underpayments.

Generally, an order that determines liability but leaves open the assessment of damages is not a final, appealable order. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976). However, where the calculations which remain are only ministerial tasks, the judgment may be considered final. Woosley v. Avco Corp., 944 F.2d 313 (6th Cir. 1991). Upon review, we conclude that this court has jurisdiction in the appeal.

It therefore is **ORDERED** that the plaintiffs' motion to dismiss the appeal is denied.

ENTERED BY ORDER OF THE COURT

*Leonard Green, Jr.*
Clerk