IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN D. WEST, on Behalf of Himself and All Other Persons Similarly Situated, | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | Case 1:02-cv-0001 |
| AK STEEL CORPORATION RETIREMENT ACCUMULATION PENSION PLAN, et al. | : : : : | |
| Defendant. | : | |

### AMENDED FINAL JUDGMENT

On March 9, 2004, the Court entered an order granting Plaintiffs' motion for class certification. (Doc. 55) The Court certified a class defined as:

> All vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995 and received their pension benefits under the Plan in the lump sum form of payment.

On April 8, 2004, the Court granted partial summary judgment to Plaintiff, finding that the method Defendants used to calculate Plaintiff's lump sum retirement payments violated certain provisions of ERISA. (Doc. 56) The Court subsequently ordered that 92 individuals included in the original class certification were excluded from the class, based upon their execution of releases in connection with a reduction in force. (Doc. 119) The Court also ordered that certain individuals who

had initially chosen to opt out of the class were to be included in the certified class. (Doc. 128)  On December 19, 2005, the Court determined the manner by which to calculate the amounts due each class member, and determined the rate and time from which prejudgment interest should be computed. (Doc. 129)

On January 18, 2006, pursuant to the Court's order, the parties jointly filed under seal an agreed roster of the current class members and the amount due to each member, calculated under the terms of the Court's December 19, 2005 Order. (Doc. 134) Pursuant to that roster, the total amount of damages to be awarded to the Class is $37,638,442.79.

In accordance with the Court's previous order concerning prejudgment interest, the Court finds that prejudgment interest accrues from April 16, 2001 at the weekly average one year constant maturity Treasury yield, pursuant to 28 U.S.C. §1961(a), using the rate from the week preceding the entry of judgment. That rate for the week ending February 17, 2006 according to the Federal Reserve's website, is 4.70%.[1]  Therefore, the Court awards prejudgment interest to each class member at the rate of 4.7%, accruing from the **later** of (1) April 16, 2001 or (2) the date on which that class member received his or her lump sum distribution.

The Court is required to award a prevailing plaintiff postjudgment interest, at the rate defined by 28 U.S.C. §1961(a),

---

[1] http://www.federalreserve.gov/releases/h15/current/ accessed on February 21, 2006.

on the total judgment inclusive of prejudgment interest.  <u>Caffey v. UNUM Life Ins. Co.</u>, 302 F.3d 576, 585 (6th Cir. 2002). Accordingly, postjudgment interest shall accrue at the rate of 4.70% per annum on the total judgment until the date the judgment is paid in full by Defendants.

Therefore, in accordance with the Court's previous orders, the Court awards Plaintiffs $37,638,442.79 in damages, plus pre-judgment interest according to the formula set forth above. Postjudgment interest shall accrue on the total amount of the judgment at the rate of 4.70% per annum until paid.  Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Defendants shall pay the court costs of this litigation.

IT IS SO ORDERED.

DATED: March 29, 2006                       /s/
                                   Sandra S. Beckwith, Chief Judge
                                   United States District Court