# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| John D. West, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AK Steel Corporation Retirement Accumulation Pension Plan, et al.<br><br>Defendants. | Case No. 1:02-cv-0001<br><br>Judge: Hon. Sandra S. Beckwith<br><br>Magistrate Judge: Timothy S. Black |

## DECLARATION OF FREDERICK G. SANDSTROM

I, Frederick G. Sandstrom, hereby declare as follows:

1. I am an associate in the Washington, DC office of the law firm of Covington & Burling LLP. I am admitted to practice law in the District of Columbia and the State of Illinois. I am familiar with the *West v. AK Steel Corp. Retirement Accumulation Pension Plan* litigation, in which Covington & Burling LLP represents the defendants. I provide this declaration to verify certain exhibits attached to defendants' Unopposed Motion to Stay Execution of Judgment Pending Appeal Without Posting of Supersedeas Bond.

2. Attached as Exhibit 1 to this Declaration is a true and correct copy of an opinion letter prepared for defendants by the firm of Keightly & Ashner LLP. This letter includes attachments lettered "A" through "F".

3. Attached as Exhibit 2 to this Declaration is a true and correct copy of a letter agreement signed by counsel for the parties to the *West v. AK Steel Corp. Retirement Accumulation Pension Plan* litigation.

4. Attached as Exhibit 3 to this Declaration is a true and correct copy of an Order of the United States District Court for the Southern District of Illinois, granting a stay of execution without bond in *Berger v. Xerox Ret. Income Guaranty Plan*, No. 00-CV-0584-DRH (S.D. Ill. Dec. 18, 2002).

Pursuant to 17 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Date: July 28, 2006

Frederick G. Sandstrom

# EXHIBIT 1
# to SANDSTROM
# DECLARATION

## Opinion Letter From Keightley & Ashner LLP

## FILED UNDER SEAL

# EXHIBIT 2
# to SANDSTROM
# DECLARATION

# LETTER AGREEMENT BETWEEN THE PARTIES

# FILED UNDER SEAL

# EXHIBIT 3
# to SANDSTROM
# DECLARATION

*Berger v. Xerox Ret. Income Guaranty Plan,*
Case No. 00-CV-0584-DRH
(S.D. Ill. Dec. 18, 2002)

ORDER GRANTING STAY
WITHOUT BOND

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID BERGER, et al.,**

    **Plaintiffs,**

vs.

**XEROX RETIREMENT INCOME
GUARANTY PLAN, et al.,**

    **Defendants.**

NO. 00-CV-0584-DRH

FILED
DEC 1 8 2002
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is Defendant Xerox Retirement Guaranty Plan's ("Xerox") motion to stay the Court's Order directing it to pay additional benefits to the Plaintiff Class ("Plaintiffs") (Doc. 181). On September 30, 2002, the Court entered summary judgment in favor of Plaintiffs and against Xerox as to damages and summary judgment in favor Defendant Conkright and against Plaintiffs (Doc. 178). The Court entered judgment, and on October 9, 2002, Xerox filed a notice of appeal and its motion to stay the Court's Order (Doc. 180, 181).

Xerox argues that the Court should stay execution of its September 30, 2002 Order and Judgment, without posting a bond, while an appeal is pending in the Seventh Circuit. The Court agrees. In determining whether to stay execution of an order or judgment, courts consider several factors, including (1) whether the appellant has made a strong showing that it is likely to prevail on the merits on

1

appeal, (2) whether the appellant has shown that unless a stay is granted, it will suffer irreparable injury, (3) whether a stay would substantially harm other parties to the litigation, and (4) where the public interest lies. *Adams v. Walker*, **488 F.2d 1064, 1065 (7th Cir. 1973)**.

The Court finds that Xerox has made the required showing. Xerox contends that enforcement of the Order and Judgment could inflict irreparable injury on it because it would be virtually impossible to recover any payments made to the thousands of Class members if Xerox prevails on appeal. Xerox also asserts that a stay would not harm Plaintiffs and that Xerox has more than enough assets to pay the members of the Class the amount it ultimately might be required to pay them. Xerox further argues that the public interest will not be adversely affected by a stay and that Xerox believes that it may prevail on the merits on appeal. Plaintiffs have not filed a response to Xerox's motion. Accordingly, the Court **GRANTS** Xerox's motion to stay execution of the Court's Order and Judgment directing it to pay additional benefits without posting a bond pending appeal (Doc. 181).

**IT IS SO ORDERED.**

Signed this 18th day of December, 2002.

_____
**DAVID R. HERNDON**
**United States District Judge**